# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **COMMODITY FUTURES TRADING COMMISSION,** | |
| **Plaintiff,** | Case No.: 22-cv-3822 |
| v. | Judge Caproni |
| **EDDY ALEXANDRE and EMINIFX, INC.** | |
| **Defendants.** | |

**[PROPOSED] CONSENT ORDER FOR PRELIMINARY INJUNCTION AGAINST DEFENDANTS EDDY ALEXANDRE AND EMINIFX, INC.**

1.      On May 11, 2022, Plaintiff, Commodity Futures Trading Commission ("Commission" or "CFTC") filed a Complaint for Injunctive Relief, Civil Monetary Penalties, and Other Equitable Relief ("Complaint") (Dkt. 5) under seal against defendants Eddy Alexandre ("Alexandre") and EminiFX, Inc. ("EminiFX") (collectively, "Defendants") seeking injunctive and other equitable relief for violations of anti-fraud provisions of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 6b(a)(1)-(2), 6*o*(1)(A) and (B), 9(1) and 17 C.F.R. §§ 5.2(b) 180.1(a)(1)-(3), and for violations of registration provisions of the Act, 7 U.S.C. §§ 2(c)(2)(C)(iii)(I)(cc), 6k(2), 6m(1), and 17 C.F.R. § 5.3(a)(2)(i) and (ii) (2021).

2.      Contemporaneously with the filing of the Complaint, Plaintiff moved the Court on an emergency *ex parte* basis, for an order, pursuant to Section 6c(a) of the Act, and in accordance with Federal of Civil Procedure 65, that:  (1) freezes the assets of Defendants; (2) grants the CFTC immediate access to the books, records, and other documents of Defendants and the authority to inspect and copy such records; (3) appoints a temporary receiver; and

(4) grants Plaintiff's motion for expedited discovery in advance of a preliminary injunction hearing. (Dkt. 6 and 10).

3.        On May 11, 2022, after reviewing the CFTC's Motion for an *ex parte* Statutory Restraining Order ("SRO") and Preliminary Injunction (Dkt. 6), the Court entered the SRO. (Dkt. 9). The SRO froze Defendants' assets, prohibits them from destroying books and records and denying the Commission access to their books and records absent a valid assertion of Alexandre's rights against self-incrimination under the Fifth Amendment, and appointed a Temporary Receiver, David Castleman of Raines Feldman LLP ("Temporary Receiver"). By separate order, the Court granted the CFTC's motion for expedited discovery in advance of a preliminary injunction hearing. (Dkt. 12). The SRO also set a hearing on the Plaintiff's Motion for a Preliminary Injunction ("Motion") for May 24, 2022 and directed that the SRO remain in full force and effect until that date unless extended further by order of Court pursuant to Fed. R. Civ. P. 65(b)(2). (Dkt. 9).

4.        On May 12, 2022, the CFTC properly served Defendants. (Dkt. 16-17, 24-25).

5.        By orders dated May 23, 2022 and June 2, 2022, the Court adjourned the hearing on the Motion to June 17, 2022. (Dkt. 31, 43).

6.        Defendants, without admitting or denying the allegations of the Complaint for purposes of this Consent Order for Preliminary Injunction Against Defendants Alexandre and EminiFX ("Order" or "Consent Order"), except as to jurisdiction over the parties and over the subject matter of this action under 28 U.S.C. §§ 1331 and 1345 and venue, which Defendants admit, hereby consent to the entry of this Order.

7.        Defendants state that their consent is entered into voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent, or representative

thereof to induce them to consent to this Order.  Further, Defendant Alexandre has no objection to the Receiver entering into a Consent Order on behalf of Defendant EminiFX as long as such Consent Order is without admitting or denying liability.

8.    In consideration of the foregoing, and based on the entire record in this case, the Court finds that there is good cause to believe that a preliminary injunction is proper in this case to preserve the *status quo*, including continuing the asset freeze and preservation of books and records put in place by the SRO, and to enable the Plaintiff to fulfill its statutory duties in this civil enforcement action.

9.    The Court enters this Consent Order on the terms and conditions to which Plaintiff and Defendants have stipulated, as set forth below.

## I.    DEFINITIONS

For the purposes of this Consent Order, the following definitions apply:

10.    The term "assets" encompasses any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, directly or indirectly controlled, and wherever located, including but not limited to:  chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including spot, futures, options, or swaps contracts), insurance policies, and all funds, wherever located, whether in the United States or outside the United States.

11.    The term "records" encompasses "documents" and "electronically stored information" as those terms are used in Fed. R. Civ. P. 34(a), and includes, but is not limited to, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or

other data compilations—stored in any medium from which information can be obtained or translated, if necessary, into reasonable usable form. The term "records" also includes all electronic communications and data, and includes, but is not limited to, all emails, online chats, online messaging, or electronic communications of any kind. The term "records" also refers to each and every such item in Defendants' actual or constructive possession, including but not limited to: (i) all such items within the custody or control of any agents, employers, employees, or partners of the Defendants; and (ii) all items which Defendants have a legal or equitable right to obtain from another person. A draft or non-identical copy is a separate item within the meaning of the term. A record also includes the file and folder tabs associated with each original and copy.

12.     The term "Receiver" refers to David Castleman, previously appointed by the Court as Temporary Receiver pursuant to the SRO.

13.     "Defendants" refers to defendants Eddy Alexandre and EminiFX, Inc., and all persons insofar as they are acting in the capacity of Alexandre's and/or EminiFX's agents, servants, successors, affiliates, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Alexandre and/or EminiFX to operate EminiFX, to conceal assets, to impede the Receiver's investigation and/or administration, or otherwise violate or evade the terms of this Consent Order, who receive actual notice of this Consent Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express.

14.     The term "EminiFX Receivership Defendants" refers to Defendant EminiFX, Inc. and its affiliates or subsidiaries owned or controlled by EminiFX.

4

15.    The term "Alexandre Assets" refers to any and all assets of or in the name of Eddy Alexandre and his affiliates that the Receiver has a reasonable good-faith belief are traceable to EminiFX customers, including but not limited to Alexandre Estate LLC.

16.    The term "Receivership Property" refers to (1) the EminiFX Receivership Defendants, as defined above in paragraph 14, including any and all assets of or in the names of the EminiFX Receivership Defendants, and (2) the Alexandre Assets, as defined above in paragraph 15.

## II.    RELIEF GRANTED

**THE PARTIES AGREE AND IT IS HEREBY ORDERED that:**

**A.    Jurisdiction and Venue**

17.    The Defendants have been properly served with a Summons and a copy of the Complaint and Defendants have consented to the entry of this Order.

18.    This Court is authorized to enter a preliminary injunction and ancillary equitable relief against Defendants pursuant to 7 U.S.C. §§ 13a-1 and 13a-2.

19.    This Court has jurisdiction over Defendants and the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1345 (district courts have original jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress).

20.    7 U.S.C. § 13a-1(a) authorizes the CFTC to seek injunctive and other relief against any person whenever it appears to the CFTC that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, or regulation promulgated thereunder.

5

21.     Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), because Defendants transacted business in this District, and certain of the acts and practices that the CFTC alleges violate the Act and CFTC Regulations have occurred within this District, among other places.

22.     Defendants waive the entry of findings of fact and conclusions of law for purposes of this Consent Order pursuant to Fed. R. Civ. P. 52(a)(2) and the Court accepts that waiver.

**B.    Prohibitions from Violating the Act, Regulations and From Engaging in Commodity-Related Activities**

23.     Defendants are preliminarily restrained and enjoined from:

a.     directly or indirectly:  (a) cheating or defrauding or attempting to cheat or defraud any other person; or (c) willfully deceiving or attempting to deceive any other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contract for such other person, in or in connection with any order to make, or the making of, any contract of sale of any commodity in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of any person, or otherwise violating Section 4b(a)(1)(A) and (C) of the Act, 7 U.S.C. § 6b(a)(1)(A), (C);

b.     directly or indirectly:  (a) cheating or defrauding or attempting to cheat or defraud any other person; or (c) willfully deceiving or attempting to deceive any other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract or the disposition or execution of any order or contract, in regard to any act of agency performed, with respect to any order or contract for such other person, in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery that is made, or to be made, other than on or subject to the rules of a designated contract market, for or on behalf of any person, or otherwise violating Section 4b(a)(2)(A) and (C), 7 U.S.C. § 6b(a)(2)(A) and (C) and Regulation 5.2(b)(1) and (3), 17 C.F.R. § 5.2(b)(1), (3) (2021);

c.     while acting as a commodity pool operator ("CPO") or as an associated person ("AP") of a CPO, through the use of the mails or other means or instrumentality of interstate commerce such as the internet, electronic mail and electronic trading, employing a device, scheme or artifice to defraud clients and prospective clients and engage in a transaction, practice or course of business which operates as a

fraud upon the CPO's clients and prospective clients, or otherwise violating Section 4$o$(1)(a)(A) and (B) of the Act, 7 U.S.C. § 6$o$(1)(A), (B);

d.      directly or indirectly, using or employing, or attempting to use or employ, in connection with any swap or contract of sale of any commodity in interstate commerce, or for future delivery on or subject to the rules of any registered entity, any manipulative or deceptive device or contrivance, including by intentionally or recklessly: (1) using or employing, or attempting to use or employ, any manipulative device, scheme, or artifice to defraud; (2) making, or attempting to make, any untrue or misleading statement of a material fact or to omit to state a material fact necessary in order to make the statements made not untrue or misleading; or (3) engaging, or attempting to engage, in any act, practice, or course of business, which operates or would operate as a fraud or deceit upon any person or otherwise violating Section 6(c)(1) of the Act and Regulation 180.1(a)(1)-(3), 7 U.S.C. § 9(1) and 17 C.F.R. § 180.1(a)(1)-(3) (2021).

24.     Defendants are further preliminarily restrained and enjoined from:

a.      operating or soliciting funds, securities, or property for any pooled investment vehicle from individuals that are not eligible contract participants in connection with agreements, contracts, or transactions in any commodity in interstate commerce or for future delivery or to associate with a CPO as a partner, officer, employee, consultant or agent in any capacity that involves (i) the solicitation of funds, securities, or property for a participation in a commodity pool or (ii) the supervision of any person or persons so engaged unless registered as an AP of the CPO, or otherwise violating Section 2(c)(2)(C)(iii)(I)(cc), and 4k(2) of the Act and Regulation 5.3(a)(2)(ii), 7 U.S.C. §§ 2(c)(2)(C)(iii)(I)(cc) and 6k(2) and 17 C.F.R § 5.3(a)(2)(ii).

25.     Defendants are further preliminarily restrained and enjoined from:

a.      operating or soliciting funds, securities, or property for any pooled investment vehicle from individuals that are not eligible contract participants in connection with agreements, contracts, or transactions in any commodity in interstate commerce or for future delivery or engaging in a business that is of the nature of a commodity pool, investment trust, syndicate or similar form of enterprise and in connection therewith soliciting, accepting, or receiving from others funds, securities, or property for the purpose of trading in commodity interests unless registered as a CPO, or otherwise violating Section 2(c)(2)(C)(iii)(I)(cc), and 4m(1) of the Act and Regulation 5.3(a)(2)(i), 7 U.S.C. §§ 2(c)(2)(C)(iii)(I)(cc) and 6m(1) and 17 C.F.R § 5.3(a)(2)(i).

26.     Pending further order of the court, Defendants are restrained and enjoined from:

a.      Trading on or subject to the rules of any registered entity (as that term is defined by Section 1a(40) of the Act, 7 U.S.C. § 1a(40));

b.    Entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3, 17 C.F.R. § 1.3 (2021)) for accounts held in the name of Alexandre or EminiFX or for accounts in which Alexandre or EminiFX has a direct or indirect interest;

c.    Having any commodity interests traded on Defendants' behalf;

d.    Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

e.    Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

f.    Applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2021); and

g.    Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2021)), agent, or any other officer or employee of any person registered, exempted from registration, or required to be registered with the CFTC, except as provided for in 17 C.F.R. § 4.14(a)(9).

**C.    Asset Freeze Order Prohibiting the Withdrawal, Transfer, Removal, Dissipation, and Disposal of Assets**

27.    The injunctive provisions of this Order shall be binding upon Defendants, and upon any person who receives actual notice of this Order by personal service or otherwise insofar as he or she has received or has possession, custody, or control of any funds, assets or other property of Defendants.

28.    Defendants are immediately restrained and enjoined, except as otherwise ordered by this Court, from directly or indirectly withdrawing, transferring, removing, dissipating or otherwise disposing of any funds, assets, or property, wherever located, including but not limited to Defendants' funds, assets, or property as well as any funds, assets, or property held in the Defendants' names or Alexandre Estate LLC, or other funds, assets, or property held outside the United States, in accordance with the Court's SRO and this Order.

8

29.     At the request of the Receiver, Defendants and any other person who has possession, custody, or control of any of Defendants' funds, assets, or other property shall, absent a valid assertion by such person of his or her own right against self-incrimination under the Fifth Amendment, transfer possession of all funds, assets, or other property subject to this Order to the Receiver in accordance with the SRO and this Order.

30.     The funds, assets, or other property affected by this Order shall include both existing funds, assets or other property, and funds, assets, or other property acquired after the effective date of this Order, except as described in Sections II.H and II.I of this Order.

**D.      Maintenance of and Access to All Records Relating to the Business Activities and Business and Personal Finances**

31.     Defendants are restrained from directly or indirectly destroying, altering, or disposing of, in any manner any records that relate or refer to the business activities or business or personal finances of any Defendant in accordance with the Court's SRO and this Order.

32.     Representatives of the CFTC shall, with 24 hours' notice, be allowed access to inspect the records that relate or refer to the business activities and business and personal finances of Defendants, including, but not limited to, both hard-copy documents and electronically stored information, wherever they may be situated and whether they are in the possession of the Defendants or others; provided, however, that nothing in this Order shall be interpreted to allow Plaintiff or the Receiver access to communications, records or documents that are subject to a valid claim of privilege or a valid assertion of the right against self-incrimination under the Fifth Amendment.  To ensure preservation and facilitate meaningful inspection and review of records, Defendant Alexandre shall allow representatives of the Commission to make copies of said documents and electronically stored information, and if on-site copying of documents and electronically stored information is not practicable,

representatives may make such copies off-site.  After any such off-site copying, Plaintiff shall

promptly return the original documents and devices upon which electronic information is stored.

33.     To further facilitate meaningful inspection and review, Defendants shall, absent a

valid assertion by Mr. Alexandre of the right against self-incrimination under the Fifth

Amendment with respect to any request directed to Mr. Alexandre, and to the extent it is in their

possession, custody and control, and not previously provided to or seized by the Commission, or

the Receiver, promptly provide Commission staff with:

    a.    the location of all records relating or referring to the business activities and business and personal finances of Defendants;

    b.    all identification numbers, account names, passwords, and other identifying information such as usernames, passwords, and wallet numbers or private keys for websites, cloud storage services, email and smartphone accounts, servers, all accounts at any bank, financial institution, cryptocurrency exchange, or brokerage firm (including any introducing broker or futures commission merchant), and any cryptocurrency wallet owned, controlled or operated by Defendants, or to which the Defendants have access; and

    c.    all account names and passwords to, and the location, make and model of, all computers and/or mobile electronic devices owned and/or used by Defendants in connection with their business activities and business and personal finances.

34.     When inspecting records that are subject to this Order, including those contained

on computer(s) and/or other electronic device(s), the Commission shall undertake reasonable

measures to prevent review of privileged communications and privileged documents by the

Commission's attorneys and other staff who are part of the litigation team in this matter.

Moreover, Defendants (or their counsel) shall promptly contact Plaintiff's counsel to assert any

claims of privilege or other legal objection relating to the contents of any records that are subject

to this Order and promptly cooperate with Plaintiff's counsel to develop reasonable protocols to

isolate and prevent disclosure of claimed privileged materials to the Commission's attorneys and

other staff who are part of the litigation team in this matter.  However, except with respect to

claims of privilege and under the self-incrimination clause under the Fifth Amendment, nothing herein shall excuse Defendants from full and immediate compliance with this Court's Order permitting Plaintiff to inspect the books and records which relate to Defendants' business activities and their business and personal finances.

35.    Nothing herein shall preclude Plaintiff from providing materials obtained from Defendants to any other government agency pursuant to a lawful access request by such agency.

36.    Furthermore, any financial or brokerage institution, business entity, or person that receives actual notice of this Order and holds, controls, or maintains custody of any account or asset titled in the name of, held for the benefit of, or otherwise under the control of any Defendant, or has held, controlled, or maintained custody of any such account or asset of any Defendant at any time since September 20, 2021, shall, absent a valid assertion by such person of his or her own right against self-incrimination under the Fifth Amendment, not deny a request by the Commission to inspect all records pertaining to every account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.  As an alternative to allowing inspection of records, a financial or brokerage institution, business entity or other person may provide copies of records requested by the Commission.

**E.    Appointment of Receiver**

37.    David Castleman, previously appointed by the Court as Temporary Receiver pursuant to the SRO, is appointed Receiver with the full powers of an equity receiver, subject to the procedures and limitations set forth herein, for (1) the EminiFX Receivership Defendants, (2) all records, and all funds, properties, premises, accounts, income, now or hereafter due or

owing to the Defendants, and (3) other assets directly or indirectly owned, beneficially or otherwise, by the Defendants. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers, managing members, and general and limited partners of the Defendants under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 & 1692, and Fed R. Civ. P. 66; and all specific powers as set forth in Paragraph 31 of the SRO.

38.    The Alexandre Assets shall upon the request of the Receiver, and notice to Mr. Alexandre regarding the basis for the Receiver's reasonable good-faith belief that the assets are traceable to EminiFX customers, be turned over to the Receiver. The Receiver is authorized to administer the Alexandre Assets pursuant to the terms of this Order. The Alexandre Assets and the proceeds thereof shall be maintained and preserved by the Receiver in a segregated manner. The assets and property of the EminiFX Receivership Defendants shall be maintained separately and shall constitute what is hereinafter referred to as the "General Receivership Estate." The Alexandre Assets shall not be used to fund the administration of the Receiver or disbursed by the Receiver until further order of the Court. The Alexandre Assets shall be turned over to General Receivership Estate only after a finding by this Court, or a stipulation among the parties subject to Court approval, that the Alexandre Assets are traceable to EminiFX customers. Upon a finding by this Court, or a stipulation among the parties subject to Court approval, that any Alexandre Assets or the proceeds thereof are not traceable to EminiFX customers, the Receiver shall turn over such assets or the proceeds thereof to Defendant Alexandre and such assets will no longer be subject to the terms of this Order.

39.     The Receiver shall further have the power to take control of the EminiFX.com website and domain, to manage that website and domain, and to sell that domain, and any entity that receives notice of this Order in any manner (including by email to any email address, including but not limited to courtdisputes@godaddy.com) is required to (i) provide the Receiver with the Account Number and all log-in credentials (all usernames and passwords) within 24 hours of receipt of this Order; (ii) immediately ensure that no other users are allowed access to the account EminiFX.com unless expressly authorized by the Receiver or his authorized agents; (iii) take all acts necessary to ensure that the Receiver may gain complete and exclusive control over the EminiFX.com website and to cooperate with the Receiver fully in such endeavor; (iv) turn over to the Receiver all files, data, emails, server logs, or other electronic communications or data (including any metadata and encryption/decryption keys), in native format and preserving native folder structure, associated with the EminiFX.com domain, without the need for further service of a subpoena, within seven days of receipt of this Order; and (v) provide the Receiver with a complete access log of all accounts that accessed the account associated with the EminiFX.com domain, including but not limited to the date, time, username, password, and IP Address associated with such log in, and a complete list of any files that were accessed or modified while such user was logged in.

40.     The Receiver shall be the agent of this Court in acting as Receiver under this Order.

41.     The directions, authorizations, duties, and powers of the Temporary Receiver under the SRO are granted in full to the Receiver, David Castleman, and incorporated in full herein as part of the Order, including Section III of the SRO (Notice to Financial Institutions and Others that Hold or Control Assets or Records), Section V of the SRO (Accounting and Transfer

of Funds and Records to the Temporary Receiver), Section IX of the SRO (Compensation for

Temporary Receiver and Personnel Hired by the Temporary Receiver), and Section XII of the

SRO (Service of Order and Assistance of United States Marshals Service and/or Other Law

Enforcement Personnel).

**F.     Cooperation with the Receiver**

42.     Defendants and all other persons or entities served with a copy of this Order shall

cooperate fully with and assist the Receiver.  This cooperation and assistance shall, absent a

valid assertion by such person of his or her own right against self-incrimination under the Fifth

Amendment, include, but not be limited to, providing any information to the Receiver that the

Receiver deems necessary to exercising the authority as provided in this Order; providing any

password required to access any computer or electronic files in any medium; discharging the

responsibilities of the Receiver under this Order; and advising all persons who owe money to the

Defendants that all debts should be paid directly to the Receiver; provided, however, that

Alexandre and other persons bound by this Order are not required to waive the right against self-

incrimination under the Fifth Amendment or provide the Receiver with privileged

communications or documents, and the Receiver shall take reasonable measures to ensure

privileged communications or documents are not taken from the Defendants or otherwise

reviewed.

**G.     Turning Over Property to the Receiver**

43.     Upon service of this Order, and to the extent the Defendants have not done so

pursuant to the SRO, Defendants (except when a Defendant makes a valid assertion of privilege

or a valid claim under the self-incrimination clause of the Fifth Amendment), and any other

person or entity served with a copy of this Order, shall, subject to the notice procedure in

paragraph 38, immediately or within such time as permitted by the Receiver in writing, deliver

over to the Receiver:

    a.    Possession and custody of all funds, assets, property, and all other assets, owned beneficially or otherwise, wherever situated, by the EminiFX Receivership Defendants;

    b.    The Alexandre Assets;

    c.    Possession and custody of records of the Defendants in connection with their business activities and business and personal finances, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, cancelled checks, records of wire transfers, and check registers), client lists, title documents and other records of the Defendants;

    d.    Possession and custody of all funds and other assets belonging to members of the public now held by the Defendants;

    e.    All keys, computer or cloud computing passwords, entry codes, combinations to locks, cryptocurrency addresses, and private keys necessary to gain or to secure access to any of the assets or records of the Defendants, including but not limited to, access to the Defendants' business premises, means of communication, accounts, computer systems, mobile electronic devices, cryptocurrency wallets, or other property; and

    f.    Information identifying the accounts, employees, properties or other assets or obligations of the Defendants.

**H.    Reasonable and Necessary Living Expenses for Defendant Alexandre**

44.    If he seeks a carve out of restrained assets in order to pay for living expenses and

attorneys' fees, Defendant Alexandre, through his attorneys, shall provide to Plaintiff and the

Receiver a written request for approval of living expenses and attorneys' fees, with sufficient

information to ascertain his financial condition.  This written request for approval of living

expenses shall be made within ten days of the entry of this Order.  In order for Alexandre's

request for approval of living expenses to be granted, Alexandre must permit the Receiver to

determine Defendant Alexandre's financial condition, including but not limited to funds, assets,

and other tangible or real property, his compliance with the asset freeze order in the SRO and

this Order, and his reasonable and necessary living expenses.  Alexandre may disclose his financial condition by asset deposition or otherwise.  Alexandre is not precluded from petitioning the Court to decide whether he has fully disclosed his financial condition and established compliance with the asset freeze order in the SRO and this Order as well as his reasonable and necessary living expenses and attorneys' fees.

45.    Within five business days of receiving the information about Alexandre's financial condition, the parties will negotiate in good faith for a carve-out for reasonable and necessary living expenses and attorneys' fees—on a monthly basis—to be generated solely from assets of Mr. Alexandre other than the Alexandre Assets and any prospective earnings, bonuses, and/or other after-acquired income from new employment as described in Section II.I, *infra.*

46.    The Court will entertain an application for reasonable and necessary living expenses and attorneys' fees upon proper written submission by Defendant Alexandre and any other individual whose assets are restrained by operation of this Consent Order.  A proper submission requires that Defendant Alexandre, or his representative, file such application under oath with the Court and set forth in detail, fully substantiated by all relevant financial documentation, the amount of funds necessary to pay reasonable and necessary living expenses, a description of the expenses for which those funds are to be applied, a description of the assets sought to be used to pay such expenses, and a description of the derivation of such assets. Defendant Alexandre is not precluded from petitioning the Court to decide that an under-oath application is unnecessary to the determination as to his reasonable and necessary living expenses and attorneys' fees.

**I.    Restricted Business Activities and Employment for Defendant Alexandre**

47.    Defendant Alexandre wishes to seek gainful employment to cover his reasonable and necessary living expenses and attorneys' fees.

48.     In addition to assets belonging to Defendant Alexandre that are not Alexandre Assets, as defined herein, only specific prospective earnings, bonuses, and/or other after-acquired income, salary, wages, commissions, dividends, draws, or other forms of compensation or passive income from any newfound employment or activity ("New Income") will be excluded from the restraints imposed by the Order for the limited purpose of covering Defendant Alexandre's reasonable living expenses and attorneys' fees pursuant to the process described in Section II.H, *supra,* and subject to the restrictions in this Section.

49.     Defendant Alexandre agrees that he will not engage in any activity related to securities, commodities, or derivatives, including, but not limited to soliciting, receiving, or accepting any funds from any person or entity for the purpose of purchasing, selling, or otherwise investing in precious metals, securities, commodities, derivatives, virtual currency, binary options, or foreign currency or receive any income, salary, wages, commissions, dividends, draws, or other forms of compensation or passive income from any person or entity engaged in said activities.

50.     Within two days of securing any New Income, Defendant Alexandre shall provide the name and address of the employer, person, or entity, as well as the name of a contact person and telephone number from its personnel office to Plaintiff and the Receiver.

51.     Within ten days of this Order, Defendant Alexandre shall open a single new bank account in his name to deposit any New Income and any assets of Defendant Alexandre that are not part of the Alexandre Assets, as defined herein, and to withdraw such funds for reasonable and necessary living expenses as ordered by the Court.  The Receiver shall be co-owner and have unfettered access to this new account.  Within twenty-four (24) hours of opening such a new bank account, Defendant Alexandre shall provide complete information to the Receiver and

Plaintiff about the account, including the name of the bank, address, telephone number, and account number.

52.     Any and all other bank accounts in the name of either Defendant shall remain subject to terms of the Order that prohibit Defendants from transferring, removing, dissipating, or otherwise disposing of any asset.

53.     All dispositions of funds from the new bank account authorized by this Order, until further order of the Court, shall also be subject to monitoring by the Receiver.  The Receiver is authorized to obtain copies of any and all bank statements.

**J.     Persons Bound by This Order**

54.     This Order is binding the Defendants, as well as on any person who receives actual notice of this Order by personal service or otherwise and is acting in the capacity of an officer, agent, servant, employee, or attorney of Defendants.

**K.     Stay on Actions Against the Defendants**

55.     Except by leave of the Court, during the pendency of the receivership ordered herein, Defendants, and all other persons and entities are stayed from taking any action (other than the present action by the Plaintiff) to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of, the Defendants, the Receiver, the Receivership Property, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

    a.     Petitioning, or assisting in the filing of a petition that would cause the Defendants to be placed in bankruptcy;

    b.     Commencing, prosecuting, litigating or enforcing any suit or proceeding against any of the Defendants, or any of their subsidiaries or affiliates, except that such actions may be filed to toll any applicable statute of limitations;

c.      Commencing, prosecuting, continuing or entering any suit or proceeding in the name or on behalf of any of the Defendants, or any of their subsidiaries or affiliates;

d.      Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the Defendants, or any of their subsidiaries or affiliates, or any property claimed by any of them, or attempting to foreclose, forfeit, alter or terminate any of the Defendants' interests in property, including without limitation, the establishment, granting, or perfection of any security interest, whether such acts are part of a judicial proceeding or otherwise;

e.      Using self-help or executing or issuing, or causing the execution or issuance of, any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the Defendants, or any of their subsidiaries or affiliates, or the Receiver, or any agent of the Receiver; and

f.      Doing any act or thing whatsoever to interfere with the Receiver taking control, possession or management of the property subject to the receivership, or to in any way interfere with the Receiver or to harass or interfere with the duties of the Receiver; or to interfere in any manner with the exclusive jurisdiction of this Court over the property and assets of the Receivership Defendants, or their subsidiaries or affiliates.

56.     Provided, however, that nothing in this section shall prohibit any federal or state law enforcement or regulatory authority from commencing or prosecuting an action against the Defendants.  This Court shall retain jurisdiction over any action filed against the Receiver or his retained professionals based upon acts or omissions committed in their representative capacities.

**L.      Bond Not Required of Plaintiff Commission or the Receiver**

57.     As Plaintiff, Commission has made a proper showing under 7 U.S.C. § 13a-1(b) that it is not required to post any bond in connection with this Order.  The Receiver is similarly not required to post bond.

**M.    Authority of Receiver to Execute Order**

58.    The Receiver is hereby authorized to execute this Order on behalf of Defendant EminiFX and undersigned counsel for Alexandre has no objection to the Receiver entering into this Order on behalf of Defendant EminiFX.

**N.    Force and Effect**

59.    This Order shall remain in full force and effect until the final trial of this case, or until further order of this Court, and this Court retains jurisdiction of this matter for all purposes.

**O.    Modifications to this Order**

60.    Nothing in this Order shall be construed as a waiver of Defendants' right to file motions with the Court seeking modification of the assets included in the General Receivership Estate.

**IT SO ORDERED**, in New York, New York on this _____ day of June, 2022, at _____ __.m.

_____
Hon. Valerie E. Caproni
UNITED STATES DISTRICT JUDGE

CONSENTED TO AND APPROVED BY DEFENDANTS:

__/s/ Eddy Alexandre_____          Dated:_6/14/2022_____
Eddy Alexandre

__/s/ Emil Bove_____          Dated:_6/14/2022_____
Emil Bove, Esq.
*Counsel for Defendant Alexandre*


__/s/ David Castleman_____          Dated:_6/14/2022_____
EminiFX, Inc.
By:   David Castleman
*Temporary Receiver on behalf of Defendant EminiFX*


CONSENTED TO AND APPROVED BY PLAINTIFF, CFTC

Dated: June 14, 2022

                              /s/ Douglas Snodgrass_____

                              Elizabeth Streit
                              Douglas Snodgrass
                              U.S. Commodity Futures Trading Commission
                              Division of Enforcement
                              77 W Jackson Blvd, Suite 800
                              Chicago, Illinois 60604
                              (312) 596-0537 (Streit)
                              (312) 596-0663 (Snodgrass)
                              estreit@cftc.gov
                              dsnodgrass@cftc.gov