UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
COMMODITY FUTURES TRADING  
COMMISSION,

                *Plaintiff*,

       -v-                             22 Civ. 3822 (VEC)

EDDY ALEXANDRE and
EMINIFX, INC.,

                *Defendants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# THE GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO INTERVENE AND FOR A STAY OF DISCOVERY

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for the United States of America*

Nicholas Folly
Jared Lenow
Assistant United States Attorneys
   *- Of Counsel -*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

BACKGROUND .................................................................................................................... 2

    I. Procedural History ......................................................................................................... 2

    II. The Overlapping Allegations in the Criminal and Civil Cases ........................................... 3

ARGUMENT ........................................................................................................................... 4

    I. The Government Should Be Granted Permission to Intervene ........................................... 4

    II. A Complete Stay of the Civil Case is Warranted ............................................................. 5

        A.    Applicable Law ...................................................................................................... 5

        B.    Discussion ............................................................................................................. 6

            1.    The Extent of Overlap ........................................................................................ 7

            2.    The Status of the Criminal Case ......................................................................... 7

            3.    The Plaintiff's Interests ....................................................................................... 8

            4.    The Defendant's Interests ................................................................................... 8

            5.    The Court's Interests ......................................................................................... 10

            6.    The Public Interest ............................................................................................ 11

CONCLUSION .................................................................................................................... 13

## PRELIMNARY STATEMENT

The United States of America, by and through the United States Attorney for the Southern District of New York ("the Government"), respectfully submits this memorandum in support of its motion (i) to intervene in this case (the "Civil Case"), pursuant to Rule 24 of the Federal Rules of Civil Procedure, and (ii) to stay discovery in this matter in its entirety until the completion of the trial or other disposition in the parallel criminal case, *United States* v. *Eddy Alexandre*, 22 Cr. 326 (JPC) (the "Criminal Case"), with the understanding that the receiver appointed by this Court (the "Receiver") will continue his oversight and administrative functions (such as securing assets and records, establishing a claims process for victims, and providing updates to the Court). The Receiver and the Commodity Futures Trading Commission ("CFTC") do not oppose the Government's motions. Defendant Eddy Alexandre opposes the motion for a complete stay of discovery, but consents to the motion to intervene.

The Criminal Case arises from the same set of facts and circumstances that underlie the Civil Case. As a result, a full stay of discovery is appropriate because any exchange of discovery would be asymmetrical and would allow the overlapping defendant in the Criminal Case and Civil Case, Eddy Alexandre, to circumvent the criminal discovery rules and improperly tailor his defense in the Criminal Case. In similar situations, courts in this Circuit and others have entered a complete stay of civil enforcement proceedings when there is a parallel criminal prosecution with overlapping defendants and facts, including over a defendant's objection. *See, e.g.*, *SEC v. Carroll*, 19 Civ. 7199 (AT), 2020 WL 1272287, at *3–4 (S.D.N.Y. Mar. 17, 2020); *SEC v. Abraaj Inv. Mgmt. Ltd.*, 19 Civ. 3244 (AJN), 2019 WL 6498282, at *1 (S.D.N.Y. Dec. 3, 2019); *SEC* v. *Shkreli*, 2016 WL 1122029, at *1 (E.D.N.Y. Mar. 22, 2016); *Harris* v. *Nassau County*, 2014 U.S. Dist. LEXIS 94554, at *10 (E.D.N.Y. 2014); *SEC* v. *Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D.

Cal. 2008). The same result is appropriate here.

## BACKGROUND

**I. Procedural History**

On or about May 11, 2022, the CFTC filed a sealed and *ex parte* complaint against Alexandre and EminiFX, Inc. ("EminiFX") in the Civil Case alleging that Alexandre was operating EminiFX as a fraudulent enterprise and misappropriating EminiFX investor funds. Civil Case, Dkt. 5. Also on May 11, the CFTC moved for this Court to issue a statutory restraining order, *inter alia*, freezing the assets of EminiFX and Alexandre, and appointing the Receiver to take control of EminiFX, relief which this Court granted the same day. Civil Case, Dkt. 9.

On May 12, 2022, a criminal complaint (the "Criminal Complaint") against Alexandre was unsealed in this District, and Alexandre was arrested and presented that same day.[1] Criminal Case, Dkt. 1. The Criminal Complaint charged Alexandre with one count of commodities fraud, in violation of Title 7, United States Code, Sections 9(1) and 13(a)(5), Title 17, Code of Federal Regulations, Section 180.1, and Title 18, United States Code, Section 2, and one count of wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2. Also on May 12, filings in the Civil Case were unsealed.

On June 9, 2022, an Indictment, captioned *United States* v. *Eddy Alexandre*, 22 Cr. 326 (JPC), was returned by a grand jury in this District.[2] Criminal Case, Dkt. 15. The Indictment charged Alexandre with the same offenses as the Criminal Complaint.

On June 15, 2022, this Court entered a preliminary injunction with the consent of all parties in the Civil Case appointing the Receiver on a permanent basis, continuing the existing asset

---

[1] A copy of the Criminal Complaint is attached hereto as Exhibit A.
[2] A copy of the Indictment is attached hereto as Exhibit B.

freeze, and establishing a process for Alexandre to seek funds for living and legal expenses. Civil Case, Dkt. 56.

**II. The Overlapping Allegations in the Criminal and Civil Cases**

The Civil Case and the parallel Criminal Case arise out of the same underlying events. As alleged in complaints in both the Criminal Case and the Civil Case, from in or about September 2021, up to and including in or about May 2022, Alexandre operated EminiFX, a purported investment platform that Alexandre founded, and for which he solicited more than $59 million in investments from hundreds of individual investors. Alexandre marketed EminiFX as an investment platform through which investors would earn passive income through automated investments in cryptocurrency and foreign exchange ("FOREX") trading. Alexandre offered his investors "guaranteed" high investment returns using new technology that he claimed was secret. Specifically, Alexandre falsely represented to investors that they would double their money within five months of investing by earning a 5% weekly return on their investment using a "Robo-Advisor Assisted account" to conduct trading. Alexandre referred to this technology as his "trade secret" and refused to tell investors what the technology was. Each week EminiFX's website falsely represented to investors that they had earned at least 5% on their investment, which they could withdraw or re-invest.

The complaints in both the Criminal Case and the Civil Case further allege that, in truth and in fact, and as Alexandre well knew, EminiFX did not earn 5% weekly returns for its investors. Alexandre did not even invest the vast majority of investor funds entrusted to him, and Alexandre sustained over $6 million in losses on the limited portion of funds that he did invest, which he did not disclose to his investors. Instead of using investors' funds as he had promised, Alexandre misdirected at least approximately $14,700,000 to his personal bank account and failed to invest

the vast majority of the investors' funds. For example, Alexandre used $155,000 in investor funds to purchase a BMW car for himself and spent an additional $13,000 of investor funds on car payments, including to Mercedes Benz.

## ARGUMENT

The Government's requests to intervene and for a complete stay of discovery in the Civil Case should be granted. If discovery in this case were to proceed, there would be a risk of significant interference with the Criminal Case. A complete stay would cause very little, if any, prejudice to the parties to the Civil Case; would prevent the circumvention of important statutory limitations on criminal discovery and avoid asymmetrical discovery; and would preserve the Court's resources because many of the issues presented by the Civil Case will be resolved in the Criminal Case.

**I. The Government Should Be Granted Permission to Intervene**

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, anyone may intervene as of right in an action when the applicant "claims an interest relating to the property or transaction which is the subject of the action" and the applicant is so situated that "disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests." Alternatively, Rule 24(b)(2) provides for permissive intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact." The Government respectfully submits that its application satisfies both of these provisions given the effect the Civil Case would have on the Criminal Case and the similarity of claims and facts between the parallel proceedings.

As a general rule, courts "have allowed the government to intervene in civil actions — especially when the government wishes to do so for the limited purpose of moving to stay discovery." *Twenty First Century Corp.* v. *LaBianca*, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992);

*see also SEC* v. *Credit Bancorp.*, 297 F.3d 127, 130 (2d Cir. 2002). The Government has a "discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *SEC* v. *Chestman*, 861 F.2d 49, 50 (2d Cir. 1988). Indeed, "[i]t is well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is . . . already underway that involves common questions of law or fact." *SEC* v. *Downe*, 1993 WL 22126, at *11 (S.D.N.Y. June 26, 1993); *see also First Merchs. Enter.,* v. *Shannon*, 1989 WL 25214 (S.D.N.Y. Mar. 16, 1989) (allowing intervention); *Governor of the Fed'l Reserve Sys.* v. *Pharaon*, 140 F.R.D. 634, 638 (S.D.N.Y. 1991) (same).

Intervention is warranted because the Government's interests in upholding the public interest in enforcement of the criminal laws cannot be protected adequately by the existing parties in this civil litigation, none of whom represent the Government's interests with respect to the investigation and enforcement of federal criminal statutes. *See Bureerong* v. *Uvawas*, 167 F.R.D. 83 (C.D. Cal. 1996) ("the Government's prosecutorial and investigative interest is not adequately protected by any of the civil parties . . . . Clearly neither the plaintiff or the defendants have this identical interest.").

All parties consent to the Government's motion to intervene.

## II. A Complete Stay of the Civil Case is Warranted

### A. Applicable Law

This Court has the inherent power to stay a civil proceeding in the interests of justice pending the completion of the parallel criminal trial. *See Kashi* v. *Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal citations and quotations omitted).

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Louis Vuitton Malletier S.A.* v. *LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis* v. *N. Am. Co.*, 299 U.S. 248, 254 (1936)). In evaluating whether to grant such a stay, courts in this Circuit consider:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the court; and (6) the public interest.

*SEC* v. *Treadway*, 2005 WL 713826, at *2-*3 (S.D.N.Y. Mar. 30, 2005) (quoting *In re Worldcom, Inc. Secs. Litig.*, 2002 WL 31729501, at *4 (S.D.N.Y. Dec. 5, 2002)); *see also SEC* v. *Tuzman*, 15 Civ. 7057 (AJN), at 2 (S.D.N.Y. Mar. 1, 2016); *Volmar Distrib., Inc.* v. *New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). "Balancing these factors is a case-by-case determination." *Volmar Distrib.*, 152 F.R.D. at 39. But the factors "can do no more than act as a rough guide for the district court as it exercises its discretion" and do not replace the Court's "studied judgment as to whether the civil action should be stayed based on the particular facts before it and the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public or the court." *Louis Vuitton*, 676 F.3d at 99. The Court's "decision ultimately requires and must rest upon a particularized inquiry into the circumstances of, and the competing interests in, the case." *Id.* (quotation marks omitted).

    **B.   Discussion**

Application of each of the relevant factors here weighs in favor of the stay sought by the Government.

1.     **The Extent of Overlap**

The Criminal Case and the Civil Case involve the same fraudulent schemes, and identical facts, witnesses, and issues. "The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." *Volmar Distrib.*, 152 F.R.D. at 39 (citing Judge Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y. 1989)); *see also Parker* v. *Dawson*, 2007 WL 2462677, at *4 (E.D.N.Y. Aug. 27, 2007) (same); *United States* v. *One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("Where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter.").

The identical facts and issues at play in both cases weigh heavily in favor of a stay. *See, e.g.*, *Shkreli*, 2016 WL 1122029, at *4; *Tuzman*, 15 Civ. 7057 (AJN), at 3.

2.     **The Status of the Criminal Case**

The return of an indictment in the Criminal Case is also a factor that weighs in favor of a stay. *See Shkreli*, 2016 WL 1122029, *4 ("[T]he strongest argument for granting a stay is where a party is under criminal indictment."); *In re Par Pharm., Inc. Secs. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990) ("Indeed, "[t]he weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment"). As the court explained in *Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al.* v. *Transworld Mechanical, Inc.*:

> A stay of a civil case is most appropriate when a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the

- 7 -

criminal case will likely be quickly resolved.

886 F. Supp. 1134, 1139 (S.D.N.Y. 1995); *see also Tuzman*, No. 15 Civ. 7057 (AJN), at 3 (an indictment normally weighs heavily in favor of a stay absent particular facts indicating that the criminal case may not be resolved expeditiously).

Alexandre has been indicted. Thus, this factor also militates in favor of a stay.

### 3. The Plaintiff's Interests

The CFTC has indicated that it does not object to the request for a stay. In light of the fact that the CFTC does not oppose the requested order to stay this case, there is no basis to believe that there would be prejudice to the plaintiff by staying this action. *See Shkreli*, 2016 WL 1122029, at *5 (citing cases).

### 4. The Defendant's Interests

There is very little, if any, prejudice to Alexandre in the Civil Case that would result from the stay sought by the Government. Defendants in parallel criminal cases typically have an interest in not being deposed because, if they assert their Fifth Amendment privilege, an adverse inference may be drawn against them in the civil case. *See Baxter* v. *Palmigiano*, 425 U.S. 308, 318 (1976) (Fifth Amendment does not forbid adverse inferences against parties to civil actions). But as one district court has noted, "[t]he specter of parties and witnesses invoking their Fifth Amendment rights would render discovery largely one-sided; the [civil plaintiff] would produce scores of documents and witness testimony only to be precluded from gathering reciprocal discovery from the defendants." *Nicholas*, 569 F. Supp. 2d. at 1070.

As a result, in this instance, granting a stay of the Civil Case to permit the Criminal Case to proceed to its conclusion would actually benefit Alexandre, because such a stay obviates forcing him to make the choice between being prejudiced in the Civil Case if he asserts his Fifth

Amendment rights or being prejudiced in the Criminal Case if he waives those rights. *See Abraaj Inv. Mgmt. Ltd.*, 2019 WL 6498282, at *2 ("[The defendant] could potentially benefit from a stay. If discovery proceeds immediately he might be forced to invoke his right against self-incrimination in a deposition—something that could be used to impeach his testimony in this action.").

Moreover, any potential concerns about the loss of evidence that might occur during the pendency of a stay, *see Trustees of Plumbers*, 886 F. Supp. at 1140, are inapposite because witnesses and document custodians have already gathered and produced to the Government and the CFTC a significant volume of relevant documents, ensuring that those materials would be available for future discovery in this action. Furthermore, the substantial overlap in witnesses mitigates any potential concerns about memories fading because interview notes and trial testimony in the Criminal Case will preserve the memories of the witnesses in this action. *See Tuzman*, 2016 WL 1122029, at *6. Alexandre can also issue subpoenas in the Criminal Case to the extent he can satisfy the applicable legal requirements.

Alexandre may assert that he is prejudiced by his inability during the pendency of the stay to challenge this Court's order freezing his assets. However, Alexandre already had an opportunity to challenge that order, and instead consented to a preliminary injunction containing a freeze order that is currently in place. Civil Case, Dkt. 56. Further, were that freeze order not in place, the Government would be entitled to pursue similar relief in the Criminal Case to preserve investor assets pending trial, leaving Alexandre in substantially the same position. *See United States v. Monsanto*, 491 U.S. 600, 602, 614, 616 (1989) (Government may obtain pretrial order freezing assets in a defendant's possession that are traceable to criminal activity, even where the defendant seeks to use those assets to pay an attorney). Thus, a stay of the Civil Case would not further prejudice Alexandre with respect to the current freeze of his assets.

Alexandre may propose a more limited stay pending resolution of the criminal case. However, this would still result in delaying any ultimate resolution of the civil case until the criminal case is completed. *See Abraaj Inv. Mgmt. Ltd.*, 2019 WL 6498282, at *2 ("The defendant] suggests that his deposition may need to be stayed until after the criminal case is concluded. However, if the Court were to adopt this course, then resolution of this case would be delayed regardless of whether the Court grants a full stay.").

The requested stay also would not prejudice EminiFX, Alexandre's co-defendant in the Civil Case. Alexandre was the sole owner of EminiFX and oversaw its operations at all relevant times until the appointment of the Receiver. The Receiver, who now legally stands in the shoes of EminiFX, will be able to discharge his oversight and administrative duties despite the proposed stay, and as a consequence the Receiver does not object to the stay.

### 5. The Court's Interests

Considerations of judicial economy also weigh in favor of granting a stay. Issues common to both cases can be resolved in the criminal proceeding, thereby simplifying the CFTC Action. *See SEC* v. *Contorinis*, 2012 WL 512626, at *2 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding."); *SEC* v. *One or More Unknown Purchasers of Secs. of Global Indus.*, 2012 U.S. Dist. LEXIS 162772, at *12 (S.D.N.Y. Nov. 9, 2012) ("[T]he Civil Case is likely to benefit to some extent from the Criminal Case no matter its outcome."); *Twenty First Century Corp.* v. *LaBianca*, 801 F. Supp. at 1010-11 (recognizing judicial economy as a factor to be considered). Because the Criminal Case's outcome will undoubtedly affect the conduct, scope, and result of the Civil Case, thereby streamlining issues in this matter and avoiding duplication of effort and judicial resources, this

factor favors the Government's application.

### 6. The Public Interest

The Government and the public have an important interest in ensuring that civil discovery is not used to circumvent the restrictions that pertain to criminal discovery — restrictions that, *inter alia*, preserve the truth-seeking functions of the criminal process by restraining the ability of criminal defendants to tailor testimony, suborn perjury, manufacture evidence, or intimidate witnesses. *See United States* v. *Percevault*, 490 F.2d 126, 129 (2d Cir. 1974) (noting that the Jencks Act, 18 U.S.C. § 3500, "represents a legislative determination that access to a witness' statements could be useful in impeaching a witness but was not intended to be utilized in preparation for trial"); *United States* v. *McCarthy*, 292 F. Supp. 937, 942 (2d Cir. 1968) ("The claimed need to see such statements in advance in order to prepare to rebut them is little more than open notice of an intention to tailor testimony to fit the statement."); *Nicholas*, 569 F. Supp. 2d at 1070 (the criminal rules were "purposefully limited so as to prevent perjury and manufactured evidence, to protect potential witnesses from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment").

Rule 16 of the Federal Rules of Criminal Procedure expressly limits the documents that are subject to discovery in a criminal case and further states that it does not "authorize the discovery . . . of statements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. § 3500." Fed. R. Crim. P. 16(a)(2). Title 18, United States Code, Section 3500 provides that in criminal cases, the statements of Government witnesses — such as witness statements made to the CFTC — shall not be "the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."

The public policy against premature disclosure of the Government's criminal case is so strong that courts are without power to order early production of witness statements. *See United States* v. *Coppa (In re United States)*, 267 F.3d 132, 145 (2d Cir. 2001) (noting that "[w]e have previously held that the Jencks Act prohibits a District Court from ordering the pretrial disclosure of witness statements," and granting petition for a writ of mandamus to reverse district court's order for early disclosure of 3500 material); *In re United States*, 834 F.2d 283, 286-87 (2d Cir. 1987) (granting mandamus to vacate order requiring pretrial production of witness statements); *Percevault*, 490 F.2d at 129, 131 (noting that "the prosecution cannot be compelled to disclose statements of the witness before he has testified on direct examination," and reversing order suppressing witnesses' testimony on the grounds that the Government did not produce witness statements in advance of trial despite being ordered to do so).

Moreover, except under "exceptional circumstances" and pursuant to court order, the criminal rules do not provide for depositions as a means of discovery. *See In re Ahead By A Length, Inc.*, 78 B.R. 708, 711 (S.D.N.Y. 1987); Fed. R. Crim. P. 15.

Courts repeatedly have recognized that a civil litigant should not be allowed to use civil discovery to avoid the restrictions that would otherwise pertain in criminal discovery to a criminal defendant. *See SEC* v. *Beacon Hill Asset Mgmt. LLC*, 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (in context of request for civil stay of discovery due to pending criminal investigation, "[t]he principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases"); *Phillip Morris Inc.* v. *Heinrich*, 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (without a stay, defendants "may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules"); *Governor of the Fed'l Reserve Sys.* v. *Pharaon*, 140 F.R.D. at 639 ("A

litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial") (quoting *Campbell* v. *Eastland*, 307 F.2d 478, 487 (5th Cir. 1952)); *In re Ivan F. Boesky Secs. Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("the public interest in the criminal case is entitled to precedence over the civil litigant").

Here, Alexandre has already sought to use the civil discovery process in ways that appear designed to obtain materials for use in the Criminal Case. For example, Alexandre has issued a document request to the CFTC for all communications between the CFTC and the U.S. Department of Justice relating to Alexandre or EminiFX. That Government is not aware of any criminal discovery rule that would allow for the discovery of such materials in this case. As another example, Alexandre has also issued a request to the CFTC for all documents relating to witness interviews in this case, which are classic Jencks Act materials. These requests present textbook examples of a defendant seeking to "abuse civil discovery to circumvent limitations on discovery in criminal cases." *Beacon Hill Asset Mgmt. LLC*, 2003 WL 554618, at *1.

*       *       *

In sum, because there is virtually complete overlap between the parallel proceedings; Alexandre has already been indicted in the Criminal Case; there is a strong public interest in preventing the civil discovery rules from being used to improperly circumvent criminal discovery rules; any discovery would be improperly asymmetrical; and a resolution of the Criminal Case will preserve judicial resources and streamline this action, the balance of factors overwhelmingly favors the requested discovery stay. These considerations outweigh any interest on the part of Alexandre to proceed with discovery in the Civil Case. *See Carroll*, 2020 WL 1272287, at *3–4 (public's interest in effective enforcement of the criminal law overrides defendants' desire to

"move the [civil] case[] forward as quickly as practicable in order to clear his good name"); *Abraaj Inv. Mgmt. Ltd.*, 2019 WL 6498282, at *2 ("[The defendant] principally argues that a stay prejudices him by preventing him from expeditiously clearing his name.  But this prejudice flows from the pending criminal charges as well.").

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that its application to intervene and for a complete stay of discovery be granted, with the understanding that the Receiver will continue his oversight and administrative functions (such as securing assets and records, establishing a claims process for victims, and providing updates to the Court).

Dated: New York, New York
July 25, 2022

                                                    Respectfully submitted,

                                                   DAMIAN WILLIAMS
                                                   United States Attorney

                              By:     /s/ Jared Lenow
                                                 Nicholas Folly
                                                 Jared Lenow
                                                 Assistant United States Attorneys
                                                 United States Attorney's Office
                                                 One Saint Andrew's Plaza
                                                 New York, New York 10007
                                                 (212) 637-1060 / 1068