```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/12/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
COMMODITY FUTURE TRADING COMMISSION,    :
                                        :
                            Plaintiff,  :    22-CV-3822 (VEC)
                                        :
            -against-                   :    ORDER
                                        :
EDDY ALEXANDRE, EMINIFX, INC.,          :
                                        :
                            Defendants. :
-------------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS the Court approved the Receiver's motion for $990,777.86 in fees and $5,660.42 in expenses on August 5, 2022, Dkt. 92; and

WHEREAS the Court has received several pro-se letters from non-party EminiFX investors requesting the Court to reconsider its decision to grant the Receiver's motion.

IT IS HEREBY ORDERED that the Clerk of Court is respectfully directed to strike the investors' letters filed at Dkt. 93–104. If the investors wish to intervene in this matter, they must refile their letters with a Motion to Intervene stating the grounds on which they wish to intervene. The Court notes, however, that the proper method for the investors to air their grievances with the Receiver's actions is through the direct methods of communication that were specifically created for EminiFX investors to communicate with the Receiver, as outlined in the Receiver's Letter Application to Approve Supplemental Procedures. *See* Letter, Dkt. 77 at 2–3.

Even if applicants' requests were proper, they fail to meet the "strict" standard under which motions for reconsideration are analyzed. *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A party may obtain relief on a motion for reconsideration "only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need

to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation omitted). Although the Receiver's request for $990,777.86 in fees and $5,660.42 in expenses may appear high, the Court granted the Receiver's motion because the Court found that the fee request was reasonable in light of the Court's experience with the work that was done during the period covered by the fee application.

**SO ORDERED.**

Date:  **August 12, 2022**
       **New York, NY**

                              **VALERIE CAPRONI**
                              **United States District Judge**