USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:____09/02/2022____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
COMMODITY FUTURES TRADING          :
COMMISSION,                        :
                                   :
                      Plaintiff,   :
                                   :               22-CV-3822 (VEC)
           -against-               :
                                   :                  ORDER
                                   :
EDDY ALEXANDRE and EMINIFX INC.,   :
                                   :
                      Defendants.  X
-------------------------------------------------------------- 

VALERIE CAPRONI, United States District Judge:

        WHEREAS on June 15, 2022, the Court entered a Consent Order for a Preliminary

Injunction that prohibits all persons, including nonparties who have notice of the injunction, from

initiating legal action, including arbitration proceedings, that have an impact on the assets within the

Receiver's custody without first seeking leave from the Court, *see* Dkt. 56 at 18; *see also Sec. and

Exch. Comm'n v. Byers*, 2014 WL 12799633, at *5 (S.D.N.Y. Feb. 21, 2014) (Chin, J., by

designation); *U. S. Sec. and Exch. Comm'n v. Ahmed*, 2019 WL 11824929, at *3 (D. Conn. July 28,

2020); *Sec. and Exch. Comm'n v. Byers*, 609 F.3d 87, 91 (2d Cir. 2010) (quoting *Sec. and Exch.

Comm'n v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980));

        WHEREAS on August 5, 2022, without first seeking leave of the Court, Christopher Beil,

and Maureen Beil ("the Beils") filed an arbitration demand on Defendant Eddy Alexandre seeking

liquidated damages for an alleged breach of a contract, Dkts. 60, 148, despite the fact that they had

notice of the preliminary injunction, *see* Dkt. 49 (Beils' objection to the preliminary injunction);

        WHEREAS on August 23, 2022, the Court ordered the Receiver to inform the Court

whether he objected to lifting the stay to allow the Beils' to arbitrate their claim, Dkt. 154, and on

August 25, 2022, the Receiver objected to lifting the stay, Dkt. 156;

WHEREAS the Court further ordered the Beils to show cause why they should not be held in contempt of court for violating the Court's preliminary injunction, Dkt. 154, and the Beils responded to the Court's order in a letter filed on August 31, 2022, Dkt. 158;

IT IS HEREBY ORDERED that the Beils' arbitration action is hereby enjoined from proceeding.  The Beils only seek arbitration to fix the amount of liquidated damages purportedly due to them from Eddy Alexandre's alleged breach of contract; they will be able to raise their claim in the claims process to be established by the Receiver.  *See* Beils' Letter, Ex. A., Dkt. 158. Enforcing the litigation stay effectively preserves the status quo.  The Receivership has only recently been established.  While the Court is not unsympathetic to the situation that the Beils find themselves in, they need to give the Receiver time to establish a claim process so that he can effectively administer the assets under his control.  *See Wencke*, 742 F.2d at 1231–32 (cited with approval in *Byers*, 609 F.3d at 91)); *see also U.S. Sec. and Exch. Comm'n v. Ahmed*, 2019 WL 11824929, at *2.

IT IS FURTHER ORDERED that the Court will not hold the Beils in contempt of Court, but the Beils are admonished to follow the Court's orders more carefully in the future.


**SO ORDERED.**

**Date:  September 2, 2022**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**