

| | 230 Park Avenue<br>New York, NY 10169<br>otterbourg.com<br>212 661 9100 | David A. Castleman<br>Member of the Firm<br>DCastleman@otterbourg.com |
|---|---|---|

**MEMO ENDORSED**

July 31, 2023

**VIA ECF**

Hon. Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/10/2023

   Re: *CFTC* v. *Alexandre and EminiFX, Inc.*, No. 22 Civ. 3822 (VEC)
      Application for Payment of Fees and Expenses – Second Quarter 2023

Dear Judge Caproni:

  Pursuant to this Court's Order dated June 10, 2022 concerning applications for professional fees and expenses [Dkt. 47], as amended on February 2, 2023 [Dkt. 187] (the "**Employment Order**"), David Castleman, the court-appointed receiver (the "**Receiver**") over Defendant EminiFX, Inc. ("**EminiFX**") and certain assets of Defendant Eddy Alexandre ("**Alexandre**"), respectfully submits this application (the "**Application**") for the payment of professional fees and expenses for the period of April 1, 2023 through June 30, 2023 (the "**Application Period**"). The Receiver requests approval of payment of fees and expenses to the Receiver and the following firms: Otterbourg P.C. ("**Otterbourg**"), J.S. Held LLC ("**JS Held**"), Forchelli Deegan Terrana LLP ("**FDT**"), Stretto, Inc., ("**Stretto**"), and Raines Feldman LLP[1] ("**Raines Feldman**") (collectively, the "**Professional Firms**").

  The Receiver and each of the Professional Firms have agreed to a public-service accommodation of a reduction to their fees given the circumstances of the receivership.

  During the Application Period, the general receivership estate had total cash inflows of over $21.4 million, comprised of over $1 million in interest on its high-yield accounts and over $20.3 million from the Receiver's completion of the sale of the digital assets (also known as cryptocurrency) (the "**Digital Assets**") in accordance with the Court-approved Digital Asset Management Protocol [Dkt. 184] (the "**Protocol**"). The total cash outflows were $599,716.36, comprised almost exclusively of approved fees and expenses for the Receiver and his professionals, reflecting the Receiver and the Professional Firms' respective public-service accommodations.

  For this Application Period, the Receiver requests fees of $48,807.00; Otterbourg requests

---

[1] The request for Raines Feldman's fees and expenses is for work performed during January 2023. As noted in the Receiver's prior application, at the time of that filing, the Receiver did not have an affidavit executed by an attorney attesting to Raines Feldman's fees. The Receiver stated upon receipt of the affidavit, he would file Raines Feldman's application in the next regular fee application. In May 2023, after the application had been approved by the CFTC and filed, the Receiver received an affidavit backdated to April 28, 2023.


Page 2

fees of $136,665.12; JS Held requests fees of $409,500.00 and expenses of $8,359.10; FDT requests fees of $439.44; and Stretto requests fees of $58,296.00. Additionally, by this Application, Raines Feldman requests fees of $18,886.15 and expenses of $22.73 for work performed in January 2023. The total administrative expenses for the Application Period ($662,066.66, plus the $18,908.88 for Raines Feldman's fees and expenses) are reasonable given the significant complexity and substantial work completed, as set forth in detail in Part III, infra, and are far less than the recoveries into the general receivership estate and the interest earned during the same period ($1,070,636.33), allowing the turned over cash and asset liquidation proceeds to remain unused for administrative expenses.[2] And, as with previous applications, these requested fees reflect the Receiver and Professional Firms' respective public-service accommodations.

The Receiver and his professionals have maintained and presented their time and expense charges as set forth in the Billing Instructions for Receivers in Civil Actions Commenced by the Commodity Futures Trading Commission ("**CFTC**") (the "**CFTC Billing Instructions**"), as required by the Employment Order. These detailed time entries have been approved by the CFTC, which consents to this request, and those time entries will be submitted to the Court separately under seal pursuant to the Employment Order. Attached as Exhibits 1-7 are declarations setting forth narrative explanations of the services provided.

This Application will be posted on the homepage of the Receiver's website at www.eminifxreceivership.com. Any EminiFX members who have any questions regarding this Application may send an email to the Receiver's team at EminiFXInquiries@Stretto.com, as directed by this Court in its order dated August 12, 2022 [Dkt. 106]. Unless a party has made a motion to intervene, and that motion has been granted by the Court, parties should **not** send any inquiries directly to the Court [Dkts. 174, 176].

I.     Authority for Requested Relief

A receiver appointed by a court "who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred. The amount of the compensation is to be determined by the court in the exercise of its reasonable discretion." *SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008). "This presumption of reasonable compensation extends to a receiver's counsel and professionals." *SEC v. Morgan*, 504 F. Supp. 3d 221, 223 (W.D.N.Y. 2020) (quoting *SEC v. Platinum Mgmt. (NY) LLC*, No. 16-CV-6848 (BMC), 2018 WL 4623012, at *4 (E.D.N.Y. Sept. 26, 2018)). "The Court considers several factors

---

[2] The Receiver notes this for informational purposes only; administrative expenses are to be paid solely by the general estate, regardless the source, pursuant to the Consent Order. The segregated Alexandre Assets account also earned an additional $72,787.49 in interest. All fees and expense are paid from the general receivership estate.



Page 3

in determining a reasonable fee, including '(1) the complexity of problems faced, (2) the benefits to the receivership estate, (3) the quality of the work performed, and (4) the time records presented.'" *Id*. (quotations omitted). The Court may also consider "the reasonableness of the hourly rate charged and the reasonableness of the number of hours billed." *SEC* v. *Amerindo Inv. Advisors Inc.*, No. 05 Civ. 5231 (RJS), 2015 WL 13678841, at *1 (S.D.N.Y. Sept. 14, 2015) (citations omitted). "In addition, in a securities receivership, opposition or acquiescence by the [regulatory agency] to the fee application will be given great weight." *Byers*, 590 F. Supp. 2d at 644 (quotation marks and alteration omitted).

**II.     Procedural History**

On May 11, 2022, the CFTC filed a complaint and motion for an *ex parte* statutory restraining order ("**SRO**") [Dkt. 5-6]. The Court granted the CFTC's motion and entered the SRO the same day [Dkt. 9]. On June 15, 2022, the Court entered the Consent Order for Preliminary Injunction, appointing the Receiver as permanent Receiver [Dkt. 56] ("**Consent Order**"). Additional procedural history is set forth in the Receiver's various status reports filed in this case, including the Receiver's Second Quarter 2023 Status Report filed on July 28, 2023 [Dkt. 218], and prior fee applications [Dkts. 88, 164, 178, 188, 196].

On May 1, 2023, the Receiver filed an application for fees and expenses for January through March 2023 [Dkt. 196], and the associated CFTC-approved time entries under seal [Dkt. 197]. That application was granted on May 11, 2023 [Dkt. 198]. Prior fee applications had been granted on August 5, 2022 [Dkt. 92], October 25, 2022 [Dkt. 167], and February 13, 2023 [Dkt. No. 191]. Additionally, on June 29, 2023, the Receiver filed an application to retain Deloitte Tax LLP as special tax advisor [Dkt. 208], which was granted on June 30, 2023 [Dkt. 209].

On May 16, 2023, the Receiver and his team filed the Receiver's Financial Condition Report of EminiFX (the "**Financial Condition Report**") [Dkt. 199], which detailed the financial condition of EminiFX based upon the financial records the Receiver was able to recover from EminiFX and from third parties.

On April 25, 2023, a putative class action on behalf of EminiFX users (the "**Florida Plaintiffs**") was filed against, among others, EminiFX and Alexandre, in the Southern District of Florida titled *Joseph et al.* v. *GCC of 7th Day Adventist et al.*, 1:23- cv-21552-RNS (S.D. Fla.) (the "**Florida Action**"). After independently discovering the existence of the action, the Receiver promptly addressed the situation in light of the stay imposed by the Consent Order, including publishing a statement on the Receivership website and coordinating with counsel for Alexandre. On June 14, 2023, the Florida Plaintiffs filed a Motion to Intervene and to Lift the Anti-Litigation Injunction [Dkt. 203], which the Receiver opposed on June 28, 2023 [Dkts. 206-207]. The plaintiffs in the Florida Action thereafter withdrew their motion and voluntarily dismissed Alexandre and EminiFX as defendants in the Florida Action.



Page 4

On July 18, 2023, Mr. Alexandre was sentenced in the parallel criminal action *United States* v. *Alexandre,* No. 22 Cr. 326 (S.D.N.Y.) (the "**Criminal Action**") [Dkt. 193]. Mr. Alexandre was sentenced to nine years of imprisonment, with certain restitution matters reserved.

### III.     Summary of Services During the Application Period

**Securing, Recovering, and Liquidating Assets**.  During the Application Period, the Receiver completed the sale of the Digital Assets pursuant to the Protocol by closely implementing and monitoring sales and ensuring that proceeds were timely transferred to interest-bearing accounts.  The sale of Digital Assets resulted in over $90 million in net proceeds for the receivership estate, of which over $20.3 million was received during the Application Period.

**Investigation into EminiFX's Financial Condition**.  The Receiver, working closely with his forensics team at JS Held and his legal team at Otterbourg, continued his investigation into EminiFX's financial condition.  The Receiver's forensics team at JS Held continued to analyze the financial data recovered from various EminiFX sources, and completed a general ledger that enabled the Receiver to obtain a complete and accurate understanding of EminiFX's finances. As noted above, the Receiver and his team at JS Held completed the Financial Condition Report, which was filed on May 16, 2023.

**Communications with EminiFX Investors**.  The Receiver and his team at Stretto spent time communicating with investors that emailed and called with questions, and the Receiver used paraprofessional assistance with such communications where possible.  The Receiver and Stretto also maintained the receivership website.  The bulk of the communications during the Application Period consisted of reviewing and responding to investor general and claim inquiries.  Stretto also assisted the Receiver in creating a claims process, including analyzing various options with respect to the administration of claims and building a claims portal.

**Administration of the Estate and Case**.  The Receiver supervised the administration of the estate, including monitoring bank accounts, redirecting and opening mail, and other tasks incidental to the management of the estate.  Otterbourg assisted the Receiver in drafting the response to the Florida Plaintiffs' Motion to Intervene and to Lift the Anti-Litigation Injunction. Otterbourg and the Receiver will continue to monitor the Florida Action.  Additionally, the Receiver worked with his counsel at Otterbourg to address tax strategy and other matters that the Receiver in his business judgment believes to be vital to the most successful conclusion of this estate possible.

**EminiFX User Portal and Claims Procedures.** The Receiver and his teams at Otterbourg, JS Held and Stretto continued developing the user transaction verification and claims process. During the Application Period, Stretto, with input from the Receiver and his professionals, created an EminiFX User Portal to show how EminiFX users would be able to view and verify their



Page 5

contributions and withdrawals. Otterbourg began preparing a motion for approval of an investor verification and claims process, which the Receiver expects to file in early August 2023. The Receiver and his team are taking the time necessary to ensure as seamless an experience for all users and claimants as is possible given the complexities of the situation.

IV.     **Summary of Fees and Expenses Requested**

The Receiver includes herewith declarations from himself and the lead from each of the Professional Firms. Pursuant to the Employment Order, detailed time entries are filed separately under seal. The fees reflect accommodations made by each firm for the public service nature of the work each firm has been performing. The Receiver and the Professional Firms have reasonably and diligently exercised their duties during the Application Period, and the Receiver respectfully submits that they are entitled to be fairly compensated for services rendered.

**The Receiver**. As set forth above, the Receiver spent substantial time administering all aspects of the receivership. The Receiver respectfully requests the Court approve payment of $48,807.00 in fees to the Receiver. The Castleman Declaration attached as Exhibit 1 includes additional detail on his billing, as well as his supervision of the various Professional Firms.

**Otterbourg.** As set forth above, Otterbourg spent substantial time assisting the Receiver in administering the receivership. Otterbourg provided the Receiver legal advice in all areas throughout the receivership and in connection with the Criminal Action and Florida Action. The Receiver respectfully requests the Court approve payment of $136,665.12 in fees to Otterbourg. The Weinick Declaration, attached as Exhibit 2, describes in more detail the work performed, including hours billed by each professional and the public service accommodation applied to the total fee request.

**JS Held**. In addition to valuable financial advice, JS Held provided substantial forensic services to the estate, including its analysis of EminiFX's pre-receivership transactions. Such financial analysis was crucial to the preparation of the Receiver's Financial Condition Report and necessary for preparation of the claims process as it relates to tens of thousands of EminiFX users. The Receiver respectfully requests the Court approve payment of $409,500.00 in fees and $8,359.10 in expenses to JS Held. The O'Malley Declaration attached as Exhibit 3 describes in more detail the work performed, including hours billed by each professional at the Court-approved accommodation rates.

**FDT**. FDT continued assisting the Receiver in unwinding the EminiFX real estate portfolio, including communicating with the Receiver regarding potential litigation issues related to the EminiFX real estate portfolio. The Receiver respectfully requests the Court approve payment of $439.44 in fees to FDT. The Luckman Declaration attached as Exhibit 4 describes in



Page 6

more detail the work performed, including hours billed by each professional at the court-approved accommodation rates.

**Crowe**. Crowe LLP, the Receiver's initial tax advisor, did not incur fees or expenses during the Application Period, and Exhibit 5 is therefore reserved as a placeholder.

**Stretto**. Due to the substantial number of EminiFX users, it was critical for the estate to engage an experienced provider such as Stretto to assist with user communications and to prepare to assist with the complex claims process. The Receiver respectfully requests the Court approve payment of $58,296.00 in fees to Stretto. The Karpuk Declaration attached as Exhibit 6 describes in more detail the work performed, including hours billed by each professional at the court-approved accommodation rates.

**Raines Feldman**. During January 2023, Raines Feldman assisted the Receiver with services related to administering the estate. *See supra* n.1. The Receiver respectfully requests the Court approve payment of fees of $18,886.15 and expenses of $22.73 to Raines Feldman. The McPhaul Affidavit attached as Exhibit 7 describes in more detail the work performed, including the hours billed by each professional at the court-approved accommodation rates.

## V.   Conclusion

The Receiver respectfully requests that the Court approve the fee and expense requests as set forth in this Application.

Application GRANTED.

SO ORDERED.

*[signature: Valerie Caproni]*
08/10/2023
HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

*[signature]*

David A. Castleman
OTTERBOURG, P.C.
230 Park Avenue
New York, NY 10169
(212) 661-9100
dcastleman@otterbourg.com
*Receiver*

Attachments

cc:     Counsel of Record (*via ECF*)