UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>EDDY ALEXANDRE and<br>EMINIFX, INC.,<br><br>Defendants. | 22 Civ. 3822 (VEC) |

**RESPONSE OF THE RECEIVER TO EMINIFX
INVESTORS' MOTION TO INTERVENE**

OTTERBOURG P.C.
230 Park Avenue
New York, NY 10169
(212) 661-9100

*Attorneys for David A. Castleman, as Receiver*

Pursuant to this Court's Consent Order for Preliminary Injunction [Dkt. 56], David A. Castleman, the Court-appointed receiver (the "**Receiver**") for Defendant EminiFX, Inc. ("**EminiFX**") and certain assets of Defendant Eddy Alexandre, through his counsel, respectfully submits this Response to the Motion to Intervene (the "**Motion**") filed by certain investors of EminiFX (the "**Movants**").[1] Dkt. 246.

The Receiver does not take a position on whether the Movants have properly moved before the Court or whether the relief requested should be granted. The Receiver files this Response solely to provide the Court with additional information that may be relevant to the Court's consideration of the Motion and, in particular, the Movants' assertion that the existing parties to the case cannot protect the interests of investors under Fed. R. Civ. P. 24(a)(2).

First, the Receiver was appointed as an estate fiduciary. In that role, with every decision that is made, he seeks to protect estate assets, maximize recoveries for all estate beneficiaries (whether or not they have intervened in the case), and efficiently and fairly ascertain claims and propose a plan of distribution to claimants. The Receiver is currently in the process of determining and completing the record of deposits and withdrawals made by users to and from EminiFX so that he can then determine each user's claim amount. Although the Movants may not agree with every decision of the Receiver,[2] the Receiver's responsibility, as set forth in the orders appointing him, is to act prudently for all estate beneficiaries and not to invest or gamble with estate assets. The more prudent and less risky approach taken by the Receiver was approved by this Court when

---

[1]  Mr. Pierre Acluche, an investor in EminiFX, filed the Motion *pro se* on behalf of himself and twenty-nine (29) other individuals purporting to be investors in EminiFX. It is unclear from the limited information provided regarding the other signatories to the Motion (solely their names) how many have or may have claims against the EminiFX receivership estate. The Receiver will serve a copy of this Response on Mr. Acluche via overnight delivery to the address provided in the Motion and via e-mail.

[2]  The Movants assert that the Receiver "prematurely liquidated" the Bitcoin that the Receiver recovered. *See* Motion at 6.

it approved the Digital Asset Management Protocol, which provided a mechanism and timetable for liquidating the Bitcoin assets and holding the proceeds in money market accounts. The Court, while sympathetic to the concerns of investors, noted the high volatility of digital assets as opposed to high-yield money market accounts, which are "significantly safer and a more appropriate investment vehicle for the assets of the Estate during the pendency of the Receivership." Dkt. 184 at 2.

 Second, all interested parties have the ability to weigh in on any substantive motion filed in this case. In connection with the Court's approval of the Request for Digital Asset Management Protocol Briefing Schedule, the Court directed the Receiver to "instruct members of the service list **not** to direct any comments to the Court, including by copying the Court on comments sent to the Receiver, unless the member has made a motion to intervene that has been granted." Dkt. 176. In accordance with that directive, the Receiver advised investors[3] that they may submit any feedback to the proposed Digital Asset Management Protocol by sending an email to an email account set up for such purpose by the Receiver's claim agent. *See* Dkt. 180 at 2. The Receiver further advised investors not to send any such feedback to the Court directly, or copy the Court on any response, unless they have made a motion to intervene, and such motion has been granted. *Id.* In fact, these procedures worked as directed and the Receiver received over a thousand emails from 930 unique email addresses. The Receiver personally reviewed each email, and his team ensured that each email received a response. The Receiver then collated the responses received, categorizing the nature of the response, and submitted the compendium of responses to the Court for its consideration as the "Investor Feedback." Dkt. 181 This user feedback protocol ensured

---

[3] The Receiver served the application to approve the proposed Digital Asset Protocol on the EminiFX service list, consisting of over 62,0000 email addresses from the EminiFX user database, over 2,900 additional email addresses from the CoinPayments production, additional email addresses from other sources, and eleven non-investor parties who were served by regular mail. *See* Dkt. 181.

that all interested parties were able to provide feedback, and to do so on equal footing with all other users.

The Receiver expects to follow the user feedback protocol utilized for the Digital Asset Management Protocol for future motions materially affecting the substantive rights of all EminiFX users, most notably for a future motion to approve distribution procedures. The Receiver expects that such a motion will be widely served similar to how the Digital Asset Management Protocol was served on interested parties. Accordingly, if the concern of the Movants is that they will not be able to weigh in or express their views on motions affecting their substantive rights, such as a future motion seeking approval of a distribution plan, those concerns can be allayed by the procedures implemented by the Receiver at the direction of the Court.

Third, *all* investors have multiple resources providing important information, including how to reach out to the Receiver. The Receiver has established a website that has pertinent information (in English, French and Haitian Creole), including answers to frequently asked questions. The Receiver has also held informational "town hall" sessions that are aired on the Receiver's YouTube channel and posted and transcribed on the Receiver's website, and has also conducted interviews on Haitian media. The Receiver also has a toll-free number and email address monitored by the Receiver's claims agent for anybody to reach out with questions or comments. For the benefit of interested parties, the toll-free number is 855-228-3721, the international telephone number is 949-407-5078 and the e-mail address is EminiFX@stretto.com (formerly EminiFX.Inquiries@Stretto.com). The Receiver has and continues to encourage all EminiFX users to use these available methods of communication, which are available to all users whether or not they choose to intervene.

\*   \*   \*

The Receiver respectfully defers to the decision of the Court on the Motion and is available to provide any additional information for the Court's benefit.

Dated: New York, New York
January 26, 2024

        **OTTERBOURG P.C.**

        By: */s/ Jennifer S. Feeney*
        Jennifer S. Feeney
        William M. Moran

        230 Park Avenue
        New York, New York 10169
        Tel.: (212) 661-9100
        Fax: (212) 682-6104
        jfeeney@otterbourg.com
        wmoran@otterbourg.com

        *Attorneys for David A. Castleman, as Receiver*

## CERTIFICATE OF SERVICE

      I, Jennifer S. Feeney, pursuant to 28 U.S.C. § 1746, hereby certify that on January 26, 2024, I caused a true and correct copy of the Response of the Receiver to EminiFX Investors' Motion to Intervene to be filed and served electronically via the Court's ECF system and served on the Movant listed below by electronic mail and by overnight delivery to the address listed in the Motion.

- Mr. Pierre Acluche (at the address provided at Dkt. 246)

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
January 26, 2024

By: */s/ Jennifer S. Feeney*
Jennifer S. Feeney