USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/14/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
:
COMMODITY FUTURES TRADING :
COMMISSION, :
: 22-CV-3822 (VEC)
:
Plaintiff, :
: ORDER
-against- :
:
:
EDDY ALEXANDRE and EMINIFX, INC., :
:
Defendants. :
:
-------------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on May 11, 2022, the Commodity Futures Trading Commission (the "CFTC") filed this action against Eddy Alexandre ("Alexandre") and EminiFX, Inc. ("EminiFX") (together, "Defendants"), alleging violations of anti-fraud and registration provisions of the Commodity Exchange Act in connection with a Ponzi-like investment scheme, *see* Compl., Dkt. 5;

WHEREAS on May 11, 2022, upon the CFTC's motion, the Court froze Defendants' assets and appointed a temporary receiver (the "Receiver") to take control of and preserve Defendants' assets, investigate customer claims, determine unlawful proceeds retained by Defendants, and distribute funds under the Court's supervision, *see* Order, Dkt. 9;

WHEREAS on June 15, 2022, upon the CFTC's motion, the Court entered a consent order which, in relevant part, permanently appointed the Receiver and created a procedure for the Receiver to secure and segregate Defendants' assets for distribution, *see* Order, Dkt. 56;

1

WHEREAS on July 20, 2022, the Receiver reported that he had begun the process of recovering cryptocurrency (primarily "Bitcoin" or "BTC") valued between $66 and $93 million on behalf of the receivership estate (the "Estate"), *see* Status Update, Dkt. 71, at 31–32; Status Update, Dkt. 163, at 10–11;

WHEREAS on November 21, 2022, the Court approved the Receiver's proposed schedule pursuant to which he would move for approval of a Digital Asset Management Protocol (the "DAM Protocol") that would give the Receiver authority to manage and sell the Estate's Bitcoin assets and pursuant to which EminiFX investors would be given the opportunity to respond to the DAM Protocol via email to the Receiver, *see* Order, Dkt. 176;

WHEREAS on December 9, 2022, the Receiver moved for approval of the DAM Protocol and served his motion on more than 62,000 EminiFX investors, *see* Mot., Dkt. 180; Letter, Dkt. 181;

WHEREAS on December 21, 2022, the Receiver filed a summary of responses to the DAM Protocol he had received from EminiFX investors, including objections to the Receiver's anticipated sale of Bitcoin because, *inter alia*, the price of Bitcoin had recently fallen, *see* Letter, Dkt. 181;

WHEREAS on January 4, 2023, the Court approved the DAM Protocol over the objections of certain EminiFX investors, so that the Estate's highly-volatile Bitcoin could be converted into low-risk cash, and because the DAM Protocol appropriately mitigated the risk posed by Bitcoin's volatility, *see* Order, Dkt. 184;

WHEREAS on February 10, 2023, Alexandre pled guilty to commodities fraud, *see* Plea Tr., *United States v. Alexandre*, No. 22-CR-326 (JPC) (S.D.N.Y. Feb. 10, 2023), Dkt. 78;

WHEREAS on July 28, 2023, the Receiver reported that Bitcoin sales pursuant to the DAM Protocol had concluded, resulting in net proceeds to the Estate of more than $90 million, *see* Status Update, Dkt. 218, at 7–8;

WHEREAS on August 29, 2023, the Court approved procedures to identify investors who are eligible to receive funds from the Estate, including launching an EminiFX user portal, to provide notice of the receivership to potential claimants, and to discuss the receivership and claim procedures at live town halls, *see* Order, Dkt. 228;

WHEREAS on December 14, 2023, a group of EminiFX investors (the "EminiFX Investors"), proceeding *pro se*, filed a purported motion to intervene in this matter pursuant to Federal Rule of Civil Procedure 24, *see* Letter, Dkt. 240;

WHEREAS on December 18, 2023, the CFTC reported that the parties had reached an agreement in principle on a consent order that would resolve the case, *see* Letter, Dkt. 241, and the Court stayed the case pending the parties filing a consent order by February 16, 2024, *see* Order, Dkt. 243;

WHEREAS that same day, the Court denied without prejudice the EminiFX Investors' request to intervene because their purported motion lacked the requisite analysis and factual support, *see* Order, Dkt. 242;

WHEREAS on January 18, 2024, the EminiFX Investors filed a renewed *pro se* motion (the "Motion") to intervene pursuant to Federal Rule of Civil Procedure 24, either as of right or with permission from the Court, primarily arguing that the Receiver had failed adequately to represent their interests when he sold the Estate's Bitcoin, *see* Mot., Dkt. 246;

WHEREAS on January 26, 2024, the Receiver indicated (among other things) that, although he takes no position on the Motion, his goal is to maximize recovery for all Estate

3

beneficiaries, all investors can attend informational town halls, and all investors can contact the Receiver via email and telephone to express their views on the receivership and on actions the Receiver plans to take, *see* Receiver Response, Dkt. 250;

WHEREAS on January 31, 2024, the CFTC opposed the Motion as untimely and on the grounds that the CFTC adequately represents the EminiFX Investors' interests, *see* CFTC Response, Dkt. 252; and

WHEREAS the EminiFX Investors have to date not replied (their deadline to do so was February 9, 2024), *see* Order, Dkt. 247.

IT IS HEREBY ORDERED that the Motion is DENIED because the EminiFX Investors' interests are adequately represented by the CFTC.[1]

Pursuant to Federal Rule of Civil Procedure 24(a)(2), a court "must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." To intervene either as of right or with permission, "an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action . . . . Failure to satisfy any one of these four requirements is a sufficient ground to deny the application." *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (cleaned up); *see also Waterkeeper All., Inc. v. Salt*, 714 F. App'x 77, 78 (2d Cir. 2018).

---

[1] The Court, therefore, need not decide whether the Motion was timely.

Courts are generally "reluctant to allow private parties to intervene in government enforcement actions" because such intervention imposes undue costs and burdens on the government, *CFTC v. Efrosman*, No. 05-CV-8422 (KMW), 2012 WL 2510338, at *4 (S.D.N.Y. June 26, 2012) (collecting cases), and because government entities that bring enforcement proceedings "are mandated to act in the interest of maximizing the recovery to all defrauded individuals and . . . are often presumed to be adequately representing the interests of non-party investors," *SEC v. Callahan*, 193 F. Supp. 3d 177, 206 (E.D.N.Y. 2016).

The EminiFX Investors have an interest in this case because they seek to recover funds that Defendants obtained from them by fraud. The Motion nevertheless fails because the CFTC is well-equipped to represent that interest. The CFTC initiated this case to recover assets for Defendants' victims, reached an agreement in principle with Defendants, and is poised to resolve the case. *See* Compl.; Letter, Dkt. 241. Leading up to its agreement with Defendants, the CFTC and the Receiver obtained Court orders freezing Defendants' assets so they could not be dissipated or moved beyond the reach of the Court, appointing the Receiver to secure and segregate those assets for distribution, and implementing procedures to compensate eligible investors. *See* Orders, Dkts. 9, 56, 228. The Receiver has a fiduciary duty to protect the Estate's assets and fairly to distribute them to eligible investors. To that end, the Receiver has pursued Defendants' assets, investigated potential claims, solicited feedback from investors, presented investors' views to the Court, and transferred the Estate's assets to high-yield accounts to safely maximize investment returns pending distribution. *See* Letter, Dkt. 181; Receiver Response at 1–3; Order, Dkt. 228; Status Update, Dkt. 218, at 7–8; Status Update, Dkt. 251.

The CFTC has, therefore, vigorously represented the EminiFX Investors' interest in this litigation and is well-positioned to continue doing so through the resolution of the case. *See*

*Efrosman*, 2012 WL 2510338, at *4 (denying investors' motion to intervene in a CFTC enforcement action even though they had an interest in recovering stolen funds because the CFTC adequately represented their interests by, *inter alia*, bringing the action, obtaining an order freezing defendants' assets, and distributing defendants' assets to investors); *cf. Callahan*, 193 F. Supp. 3d at 206–08 (same in an SEC enforcement action in part because the SEC adequately represented investors' interests by, *inter alia*, bringing the action and appointing a receiver to investigate investor claims and distribute estate assets); *SEC v. Byers*, No. 08-CV-7104 (DC), 2008 WL 5102017, at *1–2 (S.D.N.Y. Nov. 25, 2008) (same in an SEC enforcement action because "it is in all [investors'] interests to maximize the value of the assets under [a] receivership" and investors were required to receive notice of key matters and had the opportunity to be heard).

      The EminiFX Investors urge the Court to conclude otherwise because the CFTC purportedly "prematurely" liquidated the Estate's Bitcoin holdings and thereby reduced the Estate's holdings. *See* Mot. at 6. The Court has already considered this argument — which the Receiver brought to the Court's attention — and rejected it in favor of approving the DAM Protocol as proposed by the Receiver. *See* Letter, Dkt. 181 (stating that the "vast majority" of responses to the DAM Protocol were a form letter objecting to the sale of the Estate's cryptocurrencies); Order, Dkt. 184. Although the Court was and is sympathetic to the EminiFX Investors' concerns, it agreed with the Receiver that reducing the Estate's exposure to volatile digital assets was in the Estate's best interests. *See* Order, Dkt. 184. The mere fact that the EminiFX Investors disagreed with the strategy proposed by the Receiver and adopted by the Court does not mean that the CFTC did not and does not adequately represent their interests. *Cf. Callahan*, 193 F. Supp. 3d at 208 (explaining that, even when a receiver's interests are not

"perfectly aligned" with those of purported intervenors, intervention is not appropriate because "perfection is not required" and government entities in enforcement actions "are charged with maximizing the value of the defendants' assets under receivership"); *Byers*, 2008 WL 5102017, at *1 (same because "[a]lthough not all investors and creditors share the same interests, it is in all their interests to maximize the value of the assets under the receivership," which is what the receiver "is charged with doing").[2]

For all of those reasons, the EminiFX Investors are not entitled to intervene in this action, and the Motion is DENIED.

The Clerk of Court is respectfully directed to close the open motion at Docket Entry 246 and to mail a copy of this Order to Pierre Acluche, 905 Hines Ave., Lehigh Acres, FL 33972.

**SO ORDERED.**

Date: **February 14, 2024**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**

---

[2] The EminiFX Investors also cite caselaw for the principle that their burden to intervene is "minimal" because a potential intervenor "need not prove that the [existing parties'] representation will in fact be adequate, but only that it 'may be' inadequate." Mot. at 6 (quoting *Jordan v. Mich. Conf. of Teamsters Welfare Fund*, 207 F.3d 854, 863 (6th Cir. 2000)). As a threshold matter, the Court is not bound by caselaw from the Sixth Circuit. In any event, *Jordan* cuts against the EminiFX Investors' argument. In that case, the Sixth Circuit concluded that the purported intervenor had not met its (albeit modest) burden to intervene under Federal Rule of Civil Procedure 24 because the plaintiffs were not colluding with the defendant, had "no interests adverse to" the purported intervenor, and had "actively and thoroughly litigated" their shared interests. *Id.* The same is true here.