**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMMODITY FUTURES TRADING
COMMISSION,

    Plaintiff,

v.

EDDY ALEXANDRE and
EMINIFX, INC.,

    Defendants.

Case No.: 22-cv-3822

Judge Caproni

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/08/2024

MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR RELIEF

Defendant Eddy Alexandre, ("Mr. Alexandre", the "Defendant"), pro se, hereby submits this Motion to Dismiss, pursuant to Rule 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, to dismiss the Complaint filed by the Commodity Futures Trading Commission (CFTC) for failure to state a claim for relief. The Defendant in this action, moves:

A-To have the Complaint of Plaintiff dismissed with prejudice for lack of jurisdiction over the subject matter.

B-To have the Complaint of Plaintiff dismissed with prejudice for failure to state a claim on which relief may be granted.

C-To compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. section 1, et seq.

D-To stay any proceedings that this court does not dismiss.

E-To have the Complaint of Plaintiff dismissed with prejudice for gross abuse of power, advancing inferences as facts to create a false sense of urgency to obtain the ex-parte Statutory Restraining Order (SRO).

F-To have the Complaint of Plaintiff dismissed with prejudice for bad faith, advancing inferences as facts and using faulty assumptions in a conspiracy to deprive defendants and EminiFX members of liberty, rights, and property without

due process.

INTRODUCTION

In an unprecedented move, breaking with its own internal policy of the past (33) years, the CFTC launched a joint-criminal investigation with the AUSA (Assistant United States Attorney) office and secured a simultaneous ex-parte SRO against EminiFX, Inc., and the CEO of EminiFX, Mr Alexandre, by claiming imminent flight and dissipation of funds that must be stopped at all costs for massive fraud and Commodities violations.  The CFTC then hired the Receiver on May 11, 2022 and secured the ex-parte Statutory Restraining Order (SRO).

The CFTC Complaint should be dismissed with prejudice for four reasons:

1) There are no "retail-forex" and "Commodity pool" transactions as alleged in the Complaint;

2) The CFTC has no authority to bring this action under the "major questions" doctrine;

3) The CFTC violated Defedant's due process rights by instuting this enforcement action against the collective Defedants without first providing them "fair notice" that the EminiFX, Inc Club would be treated as a Commodity pool operator (CPO);

4) The CFTC failed to meet the pleadings requirements of Federal Rules of Civil Procedure (FRCP) Rule 9(b) for the Commodities fraud claims in the Complaint.

The first three grounds establish that this action cannot stand as a matter of law.  The three grounds are addressed in the Complaint.  For the sake of brevity Defendant adopts the that the Complaint incorrectly alleges that EminiFX was doing business as a Commodity Pool Operator (CPO), whereas EminiFX is NOT a CPO but a digital platform with a diverse portfolio of "digital assets" advertised as "packages" for the club members who in turn participated in the profits-sharing model of the club.  There were no "securities" nor "commodities" and/or "retail-forex" transactions as alleged in the Complaint.  The CFTC

enforcement action should never have been brought against any defendants for the stated reasons.

The "major questions" doctrine forecloses this enforcement action in "deference" to Congress' prerogative to decide how to regulate a significant portion of the American economy[The multi-Trillion-dollar digital assets industry]. See the Memorandum of law in support of Coinbase's Motion for judgment on the Pleadings in SEC v. Coinbase, No. 23-cv-4738(KPF), ECF No. 36 (SDNY Aug. 4, 2023) at 21 (quoting West Virginia v. EPA, 142 S. Ct. 2587, 2608-09(2022)).

The CFTC violated due process by failing to provide "fair notice" for this type of an action by failing to provide "fair notice" before bringing this type of digital assets enforcement action. That is the CFTC failed to provide "fair notice" that the type of alleged conduct involving digital assets in the Complaint would be forbidden by, or would violate, the Federal Commodities Laws. As to the Fourth ground, even if this action could have been brought by the CFTC, the Commodity Fraud Claims against the Defendant(s) in the Complaint should be dismissed, as the allegations for such claims do not satisfy the "particularity" of Fed. R. Civ. P. 9(b). The CFTC enforcement action should be dismissed with prejudice. Beyond the substantial legal questions that preclude this action the CFTC's Complaint is like a swiss cheese full of holes. The CFTC rushed to Judgement in this matter. It failed to conduct a full and fair investigation of the EminiFX Club at issue here, and it filed this action without knowing all the facts (and while being wrong about many "facts" it thought it knew.) The factual allegations in the Complaint, particularly those relating to the Commodities Fraud Claims against Defendants, are non-specific and inaccurately drawn. In fact, the Complaint which employs the group pleading for the Defendants (Eddy Alexandre and EminiFX), mischaracterizes the evidence that the CFTC putatively used to prepare its pleading. That was made clear in its application to obtain

the Temporary Restraining Order (TRO) in this action, and it is also clear in the CFTC Complaint. The CFTC failed to meet the fraud pleading requirements under Rule 9(b) of the Fed. R. Civ. P.. Defendant's Motion to Dismiss should be granted with prejudice.

The Federal Arbitration Act, 9 U.S.C. section 1 et seq., compels disputes arising under a contract containing a valid resolution clause to settlement by arbitration. Pursuant to Dismissal of the Commodities Fraud Claims to be dismissed, all remaining claims should be referred to arbitration. The recent trend in the law is toward arbitrability of an increasing variety of Statutory Claims, including fraud claims, Civil fraud claims cases such as the instant case touch no great societal or public interest such as fighting organized crime, the original purpose for the fraud statutes. Therefore, valid Fraud Claims should be arbitrable.

This action is a concerted conspiracy effort to deprive the EminiFX club members of their fundamental constitutional rights and to defraud the EminiFX company of its assets. This conspiracy goes to the heart of the past practices of the CFTC. From the past 144 cases reviewed so far from 1991 to May 10, 2022 by the CFTC:

> -NONE has been a joint criminal-prosecution [0] as done to the investors of EminiFX;
>
> -NONE with a Receiver assigned in a joint-Criminal prosecution [0] as done to the investors of EminiFX.

Henceforth, the honorable Judge Caproni who authorized the SRO shall at this juncture request proof of the allegations leading to the issuance of the SRO from the Plaintiff as contested by the Defendant. This action should be dismissed for lack of jurisdiction over the subject matter.

WHEREFORE, the Defendant respectfully requests that the Court grants his motion to dismiss the Complaint in its entirety with prejudice on the following grounds: that the plaintiff lacks jurisdiction over the subject matter, failed to state a claim upon which relief may be granted, abuse of power to obtain the ex-parte SRO in violation of due process, to compel Arbritration, and to stay Judicial proceedings addressed to the initial Complaint and previously filed with the Court which are incorporated in this Motion by this reference.

DATED: March 27, 2024

Respectully submitted,

Eddy Alexandre, pro se
Ex-CEO, founder of EminiFX,inc
REg. No.: 00712-510
FCC Allenwood-LOW
P.O. Box 1000
White Deer, PA 17887
LEGAL-MAIL
(Open only in the presence of the inmate)

---

The CFTC's response is due **April 23, 2024**. Mr. Alexandre's reply is due **May 3, 2024**.

SO ORDERED.

*Valerie Caproni*   04/08/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMMODITY FUTURES TRADING
COMMISSION,

Plaintiff,

v.

EDDY ALEXANDRE and
EMINIFX, INC.,

Defendants.

Case No.: 22-cv-3822

Judge Caproni

CERTIFICATE OF SERVICE

I hereby declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that on this date I caused a true and complete copy of the attached to be served, in placing same in a sealed envelope and routing it for mailing certified, via first class U.S. mail with a return receipt, with postage thereon fully prepaid, a true copy thereof to the following interested party/ies:

1- The Clerk of Court
   United States District Court
   Southern District of New York (SDNY)
   U.S. Courthouse - 500 Pearl Street
   New York, NY 10007

2- Douglas G. Snodgrass
   Commodity Futures Trading Commission (CFTC)
   77 W. Jackson Blvd.
   Chicago, IL 60604

3- Notice to EminiFX
   David Castleman
   Court-Appointed Receiver of EminiFX, Inc.
   c/o Otterbourg, P.C.
   230 Park Avenue
   30th Floor
   New York, NY 10169

Date: 3/27/2024

Eddy Alexandre, pro per
Reg. No.: 00712-510
FCC Allenwood-Low
P.O. Box 1000
White Deer, PA 17887
LEGAL-MAIL (Open only in the presence of the inmate)

Eddy Alexandre
Reg.No.: 00712-510
FCC Allenwood-LOW
P.O. Box 1000
White Deer, PA 17887

Clerk of Court
United States District Court
Southern District of New York
U.S. Courthouse - 500 Pearl Street
New York, NY 10007

RECEIVED
APR 03 2024
CLERK'S OFFICE
S.D.N.Y.