# MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMMODITY FUTURES TRADING
COMMISSION,

      Plaintiff,

v.

EDDY ALEXANDRE and
EMINIFX, INC.,

      Defendants.

Case No.: 22-cv-3822

Judge Caproni



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/10/2024

## MOTION TO VACATE OR SET ASIDE ORDER

Dear Judge Caproni:

      I write as a follow up to two recent Orders from your chambers attacking my credibility denying one motion Dkt. 293 and attacking my credibility again yet approving the extension of time in part to May 10 versus May 17 as requested stating that you are skeptical of my assertions but you allowed the second request due to my pro se status. I respectfully request your honor to vacate these two orders and restore my credibility with a new order that you find just and proper based on material facts presented to your chambers.

MEMORANDUM OF POINT AND AUTHORITIES

      Your honor, you have the most power set of tools that a common mortal does not have: (1) Fact Findings Power, and (2) Evidentiary Hearing Power. When presented with a conflicting account of some event, you have the power to seek out the truth and extract facts by which you will issue a ruling from the bench. In this current matter, I find it dangerous that you repeatedly attacked my credibility instead of using your powerful tools, in fact destroying my ability to present any further arguments without a heightened disbelief. Your honor have chosen to use your beliefs instead of facts, thus siding with the regulators versus the materials before you. I am not a legal scholar, however I am sure that to be using beliefs and not facts is a prejudicial act. I would argue that a judge is required to use the facts before them and set feelings and beliefs aside. I may be wrong, this is not my expertise by any length, yet this is what we the people are led to believe.

The default standard rule in most types of cases is that the complainant has the burden of proof to prove the allegations made in his complaint.  The complainant must prove each element of the claim.  And the Supreme Court applied this rule as the default rule.  This is a rule that applies broadly unless there are special circumstances to allocate the burden of proof to the other party.  Justice O'Connor said that "absent some reason to believe that Congress intended otherwise," the burden of proof should be "where it usually falls, upon the party seeking relief."  See Schaffer v. Weast, 546 U.S. 49 (2005).  If you believe I am lying, you have the power to extract the facts and rule accordingly but not summarily declare skepticism attacking my credibility based on conjectures and not the material facts before you your honor.

Your honor accused me of using delay tactic, or one of my delay tactics, while I am incarcerated in prison, am no longer able to use the luxury of using delay tactics.  ALL I want is to find a fair and just judge as decision-maker to be the trier of facts and a jury of my peers to sort this mess out and expeditiously face the CFTC in trial.  I have "absolutely" no desire to stall nor to delay any proceeding.  I want a speedy trial and a prompt resolution for many reasons that are obvious to everyone involved at this Juncture.  I want to close that chapter in my life AND I want the investors to be made whole.  They suffered enough from this CFTC-made debacle.  I am "ready" for a speedy trial but I must ensure my due process rights are not violated because virtually any decisions can be attacked on the basis that the process by which it was made was somehow defective, including providing insufficient opportunity for a party to be heard.

In this action, to summarily attack my credibility with conjectures, in lieu of using material facts to issue an order stating how skeptical the court is about the Defendant's assertions, is very damaging and contrary to the rigorous process through which the Judge must reach a conclusion of law.  I could have selected to let bygones be bygones, as the court said it was not enough to "disturb" the premature order, as if it would be too much disturbance  to revisit the issue which is now "old."  However, if there is one thing we have learned is that "credibility" counts in law and in life.  In many legal situations, the goal is to persuade a third-party decision-maker in connection with a dispute between two parties.  In the context of a civil trial, any reasonable person or defendant in context will never lose sight of the crucial importance of maintaining the judge's trust in credibility.  If a decision-maker concludes that the defendant is not to be believed with regard to one matter,  as we have witnessed in multiple orders from this bench, then human nature being what it is, the judge will view the re-

mainder of the defendant's testimony, requests, arguments, etc., through a lens of heightened skepticism, if not insurmountable disbelief.

If a lawyer loses the trust of a Judge in one dispute, the lawyer's ability to persuade that judge in subsequent disputes will be compromised. The same goes for a pro se defendant. This is the lesson of the time-tested story of "The Boy Who Cried Wolf." Ethical considerations aside, if one hopes to be a persuasive advocate of his own interests or even the interests of others, there is no telling the extent of the damage losing credibility will do to his reputation for lack of truthfulness. Importantly, there is an iterative, interdependent, relationship between law and facts. The facts that we identify tell us what legal rules are likely to be applicable, and the legal rules tell us what facts are salient. Again, once we know some of the facts, we know where to look. Therefore, starting with an inference not based on the material facts will inevitably most likely lead to an erroneous conclusion or cause of action.

There simply is no accepted Archimedean point from which to measure justice. Instead, individuals in a rule-of-law-based society have implicitly agreed to accept the outcomes of the constitutional and legal process, because they have come to believe that this system provides as well as possible a compromise among varying individual visions of justice. Once we lose that trust in the legal system, we venture into arbitrary. This is why the procedural justice and the substantive coexist. The liberal perspective suggests that the procedural justice reflected in adherence to the system outweighs a particular vision of substantive justice. This is also why when Supreme Court nominees traditionally testify at their confirmation hearings in congress that they will apply the law as written and will not engage in "judicial legislation," they are actually pledging allegiance to these procedural justice values and foreswearing the application of their "own vision of substantive Justice."

Justice Felix said and I quote "Fragile as reason is and limited as law is as the expression of the institutionalized medium of reason, that's all we have standing between us and the tyranny of mere will and the cruelty of unbridled, unprincipled, undisciplined feeling." Justice Felix Frankfurter, 1962.

The concept of "procedure" is paramount to arguments that are founded in a legal system. Process and substance are intertwined, and often inseparable. This is the basis under constitutional and human rights heading of "due process." At this point your honor has done more damages than my adversary in succesfully attacking my credibility in ways that the Regulators was not able to do nor even

attempted to do. There is no tradeoff valuable enough for me between maximizing
my interests and maintaining my credibility  in this instant action brought by
the CFTC.  After all, the benefit in the current dispute from credibility will
impact the credibility in future matters before the court.  When you are Defendant,
truthfulness goes a long way.  A good example is this instant action, and the
key in my Motion to Dismiss is paramount to the lack of credibility of the CFTC in
raising some allegations to the judge on the morning of May 11, 2022 that I assert
to be untruthful and baseless when placed on the morning of May 11, 2022.  All I
have been  asking for was enough time to develop the record to show that the CFTC
on the morning of May 11, 2022 did not have the legal basis, authority and Juris-
diction to get the judge to grant them so much power to cause extensive damages
in my company and to the investors of EminiFX.  What I am hearing back from the
CFTC is the tales of what happened in my sentencing almost two years later.  And
they do not address the event as occurred on the morning of May 11, 2022 which
is the essence of my contention.  My response to their objections will focus on
their lack of truthfulness with the court.  Therefore, multiple attacks on my
own credibility when the materials facts are clearly and unequivocally saying
the opposite on records, is unfair and unjust and must be corrected.

I have the time to draw a table (M.1) recounting  the events and slowing
time  to show the occurences and the reason why I requested the extensions.
Although the honorable judge Caproni GRANTED the extension for a response to the
objection to the Motion to Dismiss, it was done after excoriating the Defendant
with a skeptical warning.  This is unfair and unjust.  The facts are clear. Unless
the court is relying on email messages from the Receiver to effectuate service,
stepping "also" into the shoes of the Clerk of Court, the clerk of Court's MAIL
service is the only form of service allowed and recognized in the legal process
in context since I am NOT an electronic filing participant.  The Receiver's
email reminding a party of an upcoming deadline does not constitute service.
Even  though we know for sure he is an agent of this court acting behind the
scene, this is just a courtesy party to party conversation without the burden
of  effectuating service satisfied.  In context, the Defendant pro-actively
informed the Court of that conversation (not the delivery) and waited for the
Clerk of Court's  document to be served.  The Court's response was to express
doubt and skepticism against the Defendant whereas the proofs are clear.

Also, the court saying that I did not respect the court's deadline
is inappropriate and the rules and cases cited inadequate because the Defendant's
filing is considered "filed" as of the date placed in the prison's mailbox for
pro se inmate based on the prison's mailbox rules.  I am not sure I need to cite
the prison mailbox rules again for the court as it is uncontested and established
knowledge.  My motion therefore should have been considered filed and timely.
For the record, let me reprint the prison mailbox rule in this motion.  The 2nd
Circuit and the Supreme Court both held the same view in the past stating in
whole and in part, [A] prisoner appearing pro se satifies the time limit for
filing an appeal if he delivers the notice to prison officials within the time
specified; this "prison mailbox rule" is justified by the litigant's dependence
on the prison mail system and lack of counsel to assure timely filing with the
court.  See Noble v. Kelly, 246 F3d 93 (2nd Cir. 2001) and Houston v. Lack, 487
U.S. 266, 101 LEd2d 245, 108 S.Ct. 2379 (1988).

Therefore, I was not disturbing the court order which was premature in
essence, and a qualified candidate for re-adjudication after ripeness or normally
subjected to a motion to reopen that I plan on filing when I am done with the
response to the objections to the motion to dismiss.  My Due process was not up-
held allowing the Receiver to negotiate behind the scene while at the same time
I filed a notice of appearance pro se on the record, request granted by the Judge.
For about 45 days while I was pro se receiving all kinds of legal mails from the
same Receiver, Mr. David Castleman, I received "nothing" concerning that very
matter.  Was it a mistake?  His legal team forgot?  I maintain that this was done
on purpose to avoid allowing me a say in the matter and using the baseless
excuse not wanting to use investors funds to address the guarantor of that very
contract the Receiver breached.  I would have argued these claims on the merits
had I was afforded the due process I am entitled to, instead of being blindsided
by the Receiver.  This is not the end of that process.

The MAIL delivery table (M.1) attached shows occurences for Clerk of
Court mails sent to the Defendant and their corresponding delivery time after the
expiration of the Court Order or right before expiration, and also the related
party making service via the U.S. Postal mail system for the matter in dispute.
The data shows how many times the court orders are reaching the Defendant "after"
the deadline has already expired.  This is "fact."

The Bureau of Prisons (BOPs) stamped properly addressed mail as legal
mail and scanned the other mails with an automatic date stamp for all instance

purposes.  That table shows you the difference between the properly labeled legal mail correspondence and the ones that simply state "legal mail" without the stamp "open only in the presence of the inmate" that would trigger the manual verification and force the hand delivery to the inamte with confirmed signature receipt. Binding Precedent: This court has been favorable  to pro se Defendant in the past holding that pro se litigant is allowed some degree of flexibility in pleading his action.  I hardly see why it would be different for my case.  See Boguslavky v. Kaplan, 159 F3d 715 (2nd Cir. 1988).

WHEREFORE, I hereby request the court to vacate or set aside the orders Dkts 290 & 300;  and restore my credibility on the record using the material facts on the records proffered as Exhibit-A, issuing a new Order the court deems just and proper. This is a critical component in advancing  any future arguments in front of the court or sending any pleadings to honorable judge Caproni's chambers.

Respectfully submitted,

DATED: May 2, 2024

Application DENIED.  MR. Alexandre's reply deadline remains **today, May 10, 2024**.  The Receiver is ordered to copy and paste this endorsement in an email to Mr. Alexandre via CorrLinks and to file proof of email service by **3:00 P.M. today, May 10, 2024**.  To the extent that this motion may be construed as a motion for the Undersigned's recusal, that request is denied for the reasons set forth in the Court's May 6, 2024, Order at Dkt. 309.  The Clerk of Court is respectfully directed to mail a copy of this endorsed Order to Mr. Alexandre and to note the mailing on the docket.

SO ORDERED.

*Valerie Caproni*

05/10/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

/s/ Eddy Alexandre

Eddy Alexandre, pro se

Reg. No.: 00712-510

ex-CEO, founder of EminiFX, Inc.

FCC Allenwood-Low

P.O. Box 1000

White Deer, PA 17887

LEGAL-MAIL OPEN ONLY IN THE
PRESENCE OF THE INMATE

MAIL DELIVERY TABLE (M-1)

| MAIL SENT | MATTER OF | ORDER OR DUE DATE | SENDER | MAIL DELIVERED TO DEFENDANT | STATUS |
|---|---|---|---|---|---|
| 4-2-2024 | 34th st. | 4-12-2024 | Court | April 16, 2024 | LATE |
| 4-24-2024 | 34th st. | Ext. Denied | Court | April 29, 2024 | N/A |
| 4-22-2024 | Mot-Dismiss | 4-22-2024 Response | CFTC | April 29, 2024 | N/A |
| 4-26-2024 | Mot.Dis.Ext | 5-10-2024 | Court | April 29, 2024 | N/A |
| 4-1-2024 | 34th st. | 4-12-2024 Applicat. | CFTC | April 5, 2024 | N/A |
| 3-18-2024 | Laptop | 3-25-2024 | Court | March 25, 2024 | N/A |
| 2-22-2024 | Answer | 3-1-2024 | Court | March 7, 2024 | LATE |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMMODITY FUTURES TRADING
COMMISSION,

        Plaintiff,

v.

EDDY ALEXANDRE and
EMINIFX, INC.,

        Defendants.

Case No.: 22-cv-3822

Judge Caproni

## CERTIFICATE OF SERVICE

      I hereby declare under the penalty of perjury, pursuant to 28 U.S.C.
§ 1746, that on this date I caused a true and complete copy of the attached to
be served, in placing same in a sealed envelope and routing it for mailing cer-
tified, via first class U.S. mail with a return receipt, with postage thereon
fully prepaid, a true copy thereof  to the following interested party/ies:

The Clerk of Court
United States District Court
Southern District of New York (SDNY)
U.S. Courthouse - 500 Pearl Street
New York, NY 10007

Date: 5/2/2024

Eddy Alexandre, pro per
Reg. No.: 00712-510
FCC Allenwood-Low
P.O. Box 1000
White Deer, PA 17887
LEGAL-MAIL (Open only in the presence
of the inmate)

# Exhibit A

04/16/2024

CLERK OF COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
U.S. COURTHOUSE - 500 PEARL STREET
NEW YORK, NY 10007

OFFICIAL BUSINESS

PRO SE OFFICE

LEGAL MAIL

Eddy Alexandre Reg. No. 00712-510
FCC Allenwood-Low
P.O. Box 1000
White Deer, PA 17887



Quadient
FIRST-CLASS MAIL
IMI
$000.88
04/16/2024 ZIP
1720350

US POSTAGE

**( ) Otterbourg** rc

April 1, 2024
Hon. Valerie E. Caproni
Page 5

**III.    Conclusion**

For the foregoing reasons, the Receiver respectfully requests that the Court authorize the
Receiver to enter into the Settlement Agreement and take all actions to implement the Settlement
Agreement, including payment of the Allowed Claim.

Very truly yours,

Jennifer S. Feeney
William M. Moran
OTTERBOURG P.C.
230 Park Avenue
New York, NY 10169
(212) 661-9100
jfeeney@otterbourg.com

*Counsel to the Receiver*

cc:    Counsel of Record (via ECF)

Eddy Alexandre, Reg. No. 00712-51 (via U.S. Mail)
FCC Allenwood-Low
P.O. Box 1000
White Deer, PA 17887
Attn: Special Correspondence—Open only in the presence of the inmate
Sender: Jennifer S. Feeney, Esquire

Any response from Mr. Alexandre is due by **April 12, 2024**.  Mr. Alexandre is ordered to add the Receiver, David
Castleman (dcastleman@otterbourg.com), as an approved contact in the CorrLinks system, and to send Mr. Castleman
an email by **April 9, 2024**, confirming that Mr. Alexandre and Mr. Castleman can communicate via CorrLinks. The
Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Alexandre and to note the mailing on the
docket.  The Clerk of Court is further directed to strike the Order at Dkt. 289, which contains a typographical error.

SO ORDERED.

04/02/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
U.S. COURTHOUSE
300 QUARROPAS STREET
WHITE PLAINS, NY 10601

OFFICIAL BUSINESS

LEGAL CORRESPONDENCE
OPENED IN PRESENCE OF INMATE
DATE RECEIVED __4/24/24__
TIME RECEIVED __1000__
DATE DELIVERED __4/24/24__
TIME DELIVERED __12:30__
DELIVERED BY ____

Eddy Alexandre
Reg. No 00713-510
FCC Allenwood-Low
P.O. Box 1000
White Deer PA 17887
1 7887-100000

SPECIAL MAIL - OPEN ONLY
IN PRESENCE OF INMATE

LEGAL MAIL

WESTCHESTER NY 105
25 APR 2024 PM

UNITED STATES POSTAGE
PITNEY BOWES
02 1P        $ 000.640
0001899838   APR 24 2024
MAILED FROM ZIP CODE 10601

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:    04/23/2024
```

-------------------------------------------------------------------X
                                          :

COMMODITY FUTURES TRADING
COMMISSION,                              :

                           Plaintiff,      :             22-CV-3822 (VEC)

                                  :               ORDER

              -against-             :

EDDY ALEXANDRE and EMINIFX, INC.,    :

                         Defendants.   :

-------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

      WHEREAS on April 1, 2024, the Receiver requested that the Court authorize him to enter into a settlement agreement with 34th Suites LLC, Dkt. 288;

      WHEREAS the Receiver represented that the CFTC consented to the Settlement Agreement and represented that he had not consulted with Mr. Alexandre prior to seeking Court permission to enter into the Settlement Agreement, *id.*;

      WHEREAS on April 2, 2024, the Court ordered Mr. Alexandre to respond to the motion for approval of a Settlement Agreement by April 12, 2024, and further ordered Mr. Alexandre to add the Receiver as an approved contact in the CorrLinks system, Dkt. 290;

      WHEREAS on April 10, 2024, the Receiver filed a letter stating that he had been contacted by Mr. Alexandre via CorrLinks and that Mr. Alexandre told him that he did not consent to the Settlement Agreement, Letter, Dkt. 293;

      WHEREAS the Receiver responded to Mr. Alexandre's email and reminded him of the April 12, 2024, deadline to respond to the Receiver's request, *id.*;



RALPH METCALFE FEDERAL OFFICE BUILDING
COMMODITY FUTURES TRADING COMMISSION
77 W. JACKSON BOULEVARD, SUITE 800
CHICAGO, ILLINOIS 60604

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

FIRST CLASS

4/29/2024

Eddy Alexandre
Reg. No. 00712-510
FC Allenwood-Low
P.O. Box 1000
White Deer, PA 17887

FIRST CLASS MAIL
$01.12⁰
ZIP 60604
041L11218238
neopost
04/22/2024
US POSTAGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | |
| Plaintiff, | Case No.: 22 C 3822-VEC |
| v. | Judge Caproni |
| EDDY ALEXANDRE and EMINIFX, INC. | |
| Defendants. | |

## MEMORANDUM OF LAW IN OPPOSITION TO ALEXANDRE'S MOTION TO DISMISS

In a scattershot motion, Defendant Eddy Alexandre asks the Court to dismiss or compel arbitration of the CFTC's complaint, which seeks to impose civil liability for the very same conduct for which Alexandre has already pled guilty to in a criminal proceeding. Motion to Dismiss (Dkt. 291). Each of Alexandre's arguments should be rejected. The Court has subject-matter jurisdiction over this action, the CFTC's complaint states a valid claim for relief, the claims are not subject to arbitration, and Alexandre has been afforded due process. The Court should deny Alexandre's motion to dismiss and allow this lawsuit to proceed so that the remaining assets can ultimately be distributed to the victims of Alexandre's fraud.

## STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In general, "a complaint does not need to contain detailed or elaborate factual allegations, but only allegations sufficient to raise an

CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
U.S. COURTHOUSE - 500 PEARL STREET
NEW YORK, NY 10007

OFFICIAL BUSINESS

PRO SE INTAKE UNIT

Eddy  Alexandre Reg.No.00712-510
P.O. Box 1000
FCC Allenwood-Low
White Deer, PA 17887

6b
50

LEGAL CORRESPONDENCE
OPENED IN PRESENCE OF INMATE
DATE RECEIVED
TIME RECEIVED
DATE DELIVERED
TIME DELIVERED
DELIVERED BY

LEGAL MAIL

SPECIAL MAIL - OPEN ONLY
IN PRESENCE OF INMATE



quadient
FIRST-CLASS MAIL
IMI
04/26/2024 ZIP 10007
043M31253801
$001.87 º

6. This motion is made in good faith, and for good cause in the interest of justice, and not meant to delay the proceeding.  The United States will not be prejudiced by a thirty (30) day delay.

WHEREFORE, based on the above, Mr. Alexandre, urges this Honorable Court to grant him a thirty (30) day extension of time to file his reply to the CFTC's response to Movant's Motion to Dismiss by May 17, 2024, inter alia, fourteen (14) days extra from the court's May 3, 2024 date.

Respectfully submitted on this 18th day of April, 2024

The Court is skeptical of Mr. Alexandre's claim that he did not receive the Court's Order setting the reply deadline in this matter. Mr. Alexandre indicates that he is aware that the CFTC's response was due April 23, 2024, and the same Order that set the CFTC's response deadline set Mr. Alexandre's reply deadline. Order, Dkt. 292.  Mr. Alexandre could not have learned of that deadline based on the actual filing of the CFTC's response, because that was response was filed a day early, on April 22, 2024. Response, Dkt. 296. Nevertheless, in recognition of Mr. Alexandre's *pro se* status, the Court will grant Mr. Alexandre a one-week extension of time, to **May 10, 2024**. This provides Mr. Alexandre with more than ample time to respond to the straightforward issues raised in the pending motion to dismiss. This is a firm deadline, and the Court is extremely unlikely to grant any further extension requests.

The Receiver is ordered to copy and paste this endorsement in an email to Mr. Alexandre via CorrLinks. The Clerk of Court is directed to mail a copy of this endorsed order to Mr. Alexandre and to note the mailing on the docket.

SO ORDERED.

04/25/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Eddy Alexandre
/s/_____
Eddy Alexandre, pro se
Reg. No.: 00712-510
Ex-CEO, founder of EminiFX, Inc.
FCC Allenwood-Low
P.O. Box 1000
White Deer, PA 17887
LEGAL-MAIL OPEN ONLY IN THE
PRESENCE OF THE INMATE

NEOPOST
04/01/2024
US POSTAGE $001.3
FIRST-CLASS MAIL
ZIP 1016
041M11456

04/05/2024



Eddy Alexandre, Reg. No. 00712-51
FCC Allenwood—Low
P.O. Box 1000
White Deer, PA 17887
Attn: Special Correspondence-Open only in the
presence of the inmate
Sender: Jennifer S. Feeney, Esquire

04/05/2024

 **Otterbourg**

230 Park Avenue
New York, NY 10169
otterbourg.com
212 661 9100

**Jennifer S. Feeney**
jfeeney@otterbourg.com
212 905 3614

April 1, 2024

**VIA ECF AND U.S. MAIL**

Hon. Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:     ***CFTC* v. *Alexandre and EminiFX, Inc.*, No. 22 Civ. 3822 (VEC)**
**Application for Approval of Settlement Agreement**
**with 34th Street Suites LLC**

Dear Judge Caproni:

The Receiver respectfully submits this application (the "**Application**") seeking approval of a settlement agreement (the "**Settlement Agreement**"), attached as Exhibit A, between the Receiver and 34th Street Suites LLC ("**Suites**") resolving Suites's proof of claim.[1] Suites submitted a proof of claim in the Receivership (the "**Proof of Claim**") in the amount of $220,288.08 as expenses alleged to have been incurred by Suites in connection with an office space lease by EminiFX. The Settlement Agreement provides for, among other things, a reduction in the amount asserted in the Proof of Claim to an allowed claim amount of $90,376.06 (the "**Settlement Payment**"), a reduction of more than 59% of the requested amount, to be characterized as a post-Receivership administrative expense (the "**Allowed Claim**"), which the Receiver seeks authority to pay if the Settlement Agreement is approved by the Court.

The Proof of Claim arises from a May 4, 2022, License Agreement (the "**Agreement**") pursuant to which EminiFX was granted the exclusive right to use over 30 office suites on the 8th floor of a building located at 31 West 34th Street, New York, NY 10001 (the "**Premises**"). Specifically, the Allowed Claim represents a compromise of expenses allegedly incurred by Suites pre- and post-Receivership, including expenses incurred in connection with the build-out of the Premises, later remediation and locksmith expenses incurred following the Receiver's rejection of the Agreement, and commissions. Suites did not seek in its claim any alleged losses incurred as a result of the Receiver's rejection of the Agreement. Notably, the amount of the Allowed Claim is only 29.5% of the security deposit of $306,000 (the "**Deposit**") that Suites turned over to the Receiver in accordance with an Order of the Court [Dkt. 86]. As explained below, the Receiver

---

[1] Although the Receiver intends that most claimants (especially EminiFX users) will be anonymized, given that Suites has appeared in this Action by name, and that any description of the claim at issue will plainly identify Suites, the Receiver refers to Suites by name in this Application.

03/25/2024

CLERK OF COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CHARLES L. BRIEANT, JR.
FEDERAL BUILDING AND UNITED STATES COURTHOUSE
300 QUARROPAS STREET
WHITE PLAINS, NY 10601

OFFICIAL BUSINESS

LEGAL MAIL

**SPECIAL MAIL - OPEN ONLY IN PRESENCE OF INMATE**

Eddy Alexandre
Reg. No. 00712-510
FCC Allenwood-Low
P.O. Box 1000
White Deer, PA 17887

LEGAL CORRESPONDENCE
OPENED IN PRESENCE OF INMATE
DATE RECEIVED 3/25/24
TIME RECEIVED
DATE DELIVERED
TIME DELIVERED
DELIVERED BY

GBSD
CES

To the extent that Mr. Alexandre asserts that the search of the laptop affects his criminal case, or that the laptop was improperly seized by the FBI, his motion pursuant to Federal Rule of Criminal Procedure 41 must be made to Judge Cronan, the presiding judge in the criminal case against Mr. Alexandre.

Not later than **March 25, 2024**, the Receiver must respond to Mr. Alexandre's claim that the Receiver unlawfully obtained the laptop.

Mr. Alexandre is further advised that, to the Court's understanding, the Bureau of Prisons does not permit inmates to possess laptops. Accordingly, even if the Receiver possesses the laptop, and the Court were to credit Mr. Alexandre's arguments that the laptop belongs to him personally and not to EminiFX, Inc., the Court would not require the Receiver to deliver the laptop to Mr. Alexandre absent a showing that the Bureau of Prisons consented to allowing Mr. Alexandre to possess the laptop.

The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Alexandre and to note the mailing on the docket.

SO ORDERED.

03/18/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Eddy Alexandre
Reg. No.: 007712-510
FCC Allenwood-Low
P.O. Box 1000
White Deer, PA 17887
Legal-Mail (Open only in the presence of the inmate)

Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007





03/07/2024

ERK

ATES DISTRICT COURT
DISTRICT OF NEW YORK
OUSE - 500 PEARL STREET
V YORK, NY 10007

FFICIAL BUSINESS

PRO SE OFFICE

LEGA'



NEW YORK NY 100

22 FEB 2024 PM 6

quadient

FIRST-CLASS MAIL
IMI
$000.64
02/23/2024 ZIP 10007
043M31213901

US POSTAGE

GB5D

Eddy Alexandre, Reg. No. 00712-510,
FCC Allenwood-Low, P.O. Box 1000,
White Deer, PA 17887

F WD
17887>1000
17887-100000

03/07/2024

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  02/21/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                                               :
COMMODITY FUTURES TRADING                                      :
COMMISSION,                                                    :
                                                               :
                                        Plaintiff,             :        22-CV-3822 (VEC)
                                                               :
                         -against-                             :           ORDER
                                                               :
EDDY ALEXANDRE and EMINIFX, INC.,                             :
                                                               :
                                        Defendants.            :
                                                               :
---------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

      WHEREAS on February 14, 2024, Emil Bove, then-defense counsel for Defendant Eddy

Alexandre represented that Mr. Alexandre wished to proceed *pro se*, no longer consented to the

CFTC's proposed consent order, and requested to extend the February 16, 2024, deadline to file

a responsive pleading by ten days, Dkt. 257;

      WHEREAS on February 14, 2024, the Court adjourned *sine die* the Defendants' deadline

to file a responsive pleading pending confirmation that Melissa Wernick no longer represented

Mr. Alexandre, Dkt. 258; and

      WHEREAS on February 20, 2024, Ms. Wernick moved to withdraw as counsel, and the

Court granted this request, Dkt. 259–61.

      IT IS HEREBY ORDERED that the Defendants' deadline to file a responsive pleading is

**March 1, 2024**.  The Clerk of Court is respectfully directed to mail a copy of this order to Eddy

Alexandre, Reg. No. 00712-510, FCC Allenwood-Low, P.O. Box 1000, White Deer, PA 17887,

and to note the mailing on the docket.

1

03/07/2024

IT IS FURTHER ORDERED that, not later than **March 1, 2024**, the CFTC must file a

letter stating whether EminiFX, Inc. remains a defendant in this case.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to enter

Eddy Alexandre's appearance on behalf of himself, and to note in the *pro se* appearance his

mailing address of Reg. No. 00712-510, FCC Allenwood-Low, P.O. Box 1000, White Deer, PA

17887.


**SO ORDERED.**

Date:   **February 21, 2024**
        **New York, NY**

_____
             **VALERIE CAPRONI**
        **United States District Judge**

2

03/07/2024

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  02/20/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
COMMODITY FUTURES TRADING
COMMISSION,

                Plaintiff,

    -against-                          Case No. 22-cv-3822

EDDY ALEXANDRE and                ~~PROPOSED~~ ORDER
EMINIFX, INC.,

                Defendants.
-----------------------------------------------------------------------X

      **THIS MATTER** having been opened to the Court by motion of Chiesa Shahinian &

Giantomasi PC ("CSG"), withdrawing counsel for Defendant Eddy Alexandre ("Alexandre"), for

an Order pursuant to Local R. 1.4, granting leave for CSG and attorney Melissa Wernick, Esq. to

withdraw as counsel; and the Court having considered the papers submitted in connection with

this application, and argument of counsel, if any; and for good cause shown;

      **IT IS** on this __20__ day of ___February___ 2024

      **ORDERED AS FOLLOWS**:

      1.     The law firm of Chiesa Shahinian & Giantomasi PC, including Melissa Wernick,

Esq., is hereby granted leave to withdraw as counsel for Mr. Alexandre.

      2.     The law firm of Chiesa Shahinian & Giantomasi PC is hereby and hereafter deemed

withdrawn as counsel for Mr. Alexandre in this action.

      3.     The Clerk of Court is respectfully directed to mail a copy of this order to Mr. Alexandre as
follows and to note the mailing on the docket: Eddy Alexandre, Reg. No. 00712-510, FCC Allenwood-Low,
P.O. Box 1000, White Deer, PA 17887.

                    **SO ORDERED**:

                          _Valerie Caproni_     02/20/2024

The Clerk of Court is respectfully
directed to terminate Ms. Wernick
from the docket.

4882-9768-0294.v1

03/07/2024

IT IS FURTHER ORDERED that, not later than **March 1, 2024**, the CFTC must file a letter stating whether EminiFX, Inc. remains a defendant in this case.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to enter Eddy Alexandre's appearance on behalf of himself, and to note in the *pro se* appearance his mailing address of Reg. No. 00712-510, FCC Allenwood-Low, P.O. Box 1000, White Deer, PA 17887.

**SO ORDERED.**

Date:  **February 21, 2024**
        **New York, NY**

**VALERIE CAPRONI**
**United States District Judge**

03/07/2024

ERK
ATES DISTRICT COURT
DISTRICT OF NEW YORK
OUSE - 500 PEARL STREET
V YORK, NY 10007

FFICIAL BUSINESS



NEW YORK NY 100
22 FEB 2024 PM 6

quadient
FIRST-CLASS MAIL
IMI
**$000.64** °
02/22/2024 ZIP 10007
043M31233901

US POSTAGE

PRO SE OFFICE

GB50

LEGA'

Eddy Alexandre, Reg. No. 00712-510,
FCC Allenwood-Low, P.O. Box 1000,
White Deer, PA 17887

F WD
17887>1000
17887-100000







7020 1810 0001 4635 0730

U.S. POSTAGE PAID
FCM LG ENV
WHITE DEER, PA 17887
MAY 03, 2024
$0.00
R2305K138553-09

Retail

10007

RDC 99

Pro se

Eddy Alexandre
Reg.No.: 00712-510
FCC Allenwood-LOW
P.O. Box 1000
White Deer, PA 17887

Clerk of Court
United States District Court
Southern District of New York
U.S. Courthouse - 500 Pearl Street
New York, NY 10007

RECEIVED
CLERK'S OFFICE
S.D.N.Y.

USM P3
STAT 1

LEGAL MAIL