# MEMO ENDORSED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/01/2024

COMMODITY FUTURES TRADING
COMMISSION,

        Plaintiff,

v.

EDDY ALEXANDRE and
EMINIFX, INC.,

        Defendants.

Case No.: 22-cv-3822

Judge Caproni

## MOTION FOR CHANGE OF VENUE FOR MEDIA TRIAL VIOLATION CLAIM OF DEFAMATION AND INJURIOUS FALSEHOOD

NOW COMES, Eddy Alexandre, (hereinafter "The Defendant", or "Mr. Alexandre"), pro se, submits this motion to this Court for change of venue for media trial violation, defamation, and injurious falsehood. Mr. Alexandre will move this Court to grant a change of venue due to intensive jury tainting media violation activities spoiling the Jury pool after repeated attempts by Mr. David Castleman, the CFTC-Court-appointed Receiver for EminiFX. Mr. Alexandre firmly believes that he will not be able to find a fair and just outcome in this venue.

### BACKGROUND

The admissions of a media campaign in the Eighth Status Report, incorporated herein by reference, constitute materials facts of some allegations that Mr. Alexandre was attempting to corroborate about the extent of the interventions of the Receiver and the amount of money spent to manipulate the public opinion towards this instant action. Under the disguise of a media campaign, Mr. Castleman made some disturbing statements and funded a massive defamation campaign against Mr. Alexandre that makes it impossible to find a just and fair outcome in this venue. Although he attempted to do the same at the Washington Post news outlet at the onset of this instant action, Mr. Alexandre prompt reaction and filing of a complaint to this Court made him remove the publicity stunt he was conducting and sharing the article on his website. This is a case where Mr. Castleman was making statements printed in the media without the caveats of statements that required such protection at a time where Mr. Alexandre was enjoying his

presumption of innocence, hence he tainted the public opinion to some extent at that time.

Although Mr. Alexandre filed a complaint letter and reserved the right to seek further relief from the Court in due time, Mr. Castleman repeated the same behavior on numerous occasions. When Mr. Alexandre complained to his legal team about the Receiver's behavior, the answer was just ignore him because this is who he is.   At this point, he has reached the climax in his quest to taint the jury pool and actively sponsor a campaign of defamation and injurious falsehood as described in the Motion to Oppose the Adoption of The First Quarter 2024 or Eighth Status Report before this court. See Exhibits A5-A7.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Jurisdiction and Venue

The Southern District Court of New York (SDNY) has jurisdiction over this matter while this is pending in this Court.  A motion for an order to a party must be made in the Court where the action is pending, since this case is pending in this Court, the SDNY has jurisdiction and is the proper venue. See Title 28 U.S.C. sections 1331 & 1345.

Venue is provided pursuant to Title 28 sections 1391 (a), (b), (c), and (d)(g).

### Violation of Trial Publicity and Tainting of Jury Pool

A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter.  See MPRC Rule 3.6.  Supra.

In other words, information that the lawyer knows or reasonably should know is likely to be inadmissible as evidence in a trial and that would, if disclosed, create a substantial risk of prejudicing an impartial trial.   Supra.

### The Defamation and Injurious Falsehood

The saying says that a good name is rather to be chosen than great riches.  (Unknown).  This

is why defamation is the taking of another's reputation, including but not limited to the publication

that produces --any perceptible injury to the reputation of another.-- The results of these actions

produce slander and libel.

In whole or in part, sanctioning, funding and/or supporting that defamation campaign with

his own picture on the banner with the hereto attached content stating that the Mr. Alexandre, the

CEO of EminiFX "stated that he stole hundred of millions of dollars from the investors", [EminiFX] is

plainly wrong. This is FALSE. This is defamation, slander, libel and injurious falsehood. At the

Receiver's direction, his associates, contractors, assigns, or contractors are publishing that type of

falsehood about Mr. Alexandre to attack his reputation and character through injurious falsehood.

This is malicious publication in violation of trial publicity and plain defamation with libel.

Mr. Alexandre hereby rejects the allegations of the media campaign sponsored by this Receiver

as falsehoods and declare them as defamatory and injurious falsehoods while using the investors of

EminiFX own funds.

The Scope of Libel

In a libel action tried a long time ago, one of the justices said: "I have no doubt at present but

that the writing and publishing anything which renders a man ridiculous is actionable." It is notable

that the scope is so well defined from the highest Court in a way that takes away all doubts about

what may or may not be included in the scope of a libelous published statement. Mr. Alexandre

believes that the actions of the Receiver in context have met the test of the scope of libel.

The Test of Libel

The test of libel was found in the fact that though the words impute no punishable crime, they

contain that sort of imputation which is calculated to vilify a man and bring him, as the books say, into

hatred, contempt, and ridicule. Conventional wisdom and the legal scholars are in agreement with

the material fact defining the scope of libel: a written or published statement about another that's

false and tends to injure his reputation and expose him to public hatred and/or shame is libelous.

Mr. Alexandre hereby reincorporates all of the claims of the Motion to Oppose the Eighth Status

Report for the First Quarter 2024 by reference, inter alia, violation of trial publicity and Mr. Castleman's attempt to subvert and taint the jury pool.

Mr. Alexandre is considering whether to refer Mr. David Castleman to a disciplinary body to be investigated, e.g.. Grievance Commission, the Attorney Registration and Disciplinary Commission, The Committee for Professional Conduct, or the Board of Professional Responsibility.  Mr. Alexandre believes that there is probable cause that a violation has occurred as a result of the Receiver's actions, Mr. Castleman, that would most likely lead to a significant tainting of the Jury pool and require a disciplinary hearing.  See Model Rules of Professional Conduct (MPRC) Rule 8.4, 3.1, and 8.3.  Mr. Alexandre would like to hold the Receiver accountable for his actions in funding that defamation campaign, funding slander and libel against his person in the pursuit of negatively impacting the public opinion and tainting the jury pool.

Mr. Alexandre seeks the active protection of the Court through a Court order GRANTING the Motion for Change of VENUE and afford him a fair and just outcome in these proceedings in this instant action.  This behavior is consistent with past violations with similar conduct in direct violation of media violation rules by attorneys.  MPRC, supra.

WHEREFORE, premised considered, Mr. Alexandre respectfully urges this Honorable Court to issue an order GRANTING the change of venue in support of a fair and just adjudication process to protect the judicial process against all actions attempting to subvert the integrity of the Justice system.

Respectfully submitted,

DATED: 6/14/2024

Eddy Alexandre

/s/_____

Eddy Alexandre, pro se
ex-CEO, founder of EminiFX, Inc.
Reg. No. 00712-510

FCC Allenwood-Low
P.O. Box 1000
White Deer, PA 17887
LEGAL-MAIL: Open only in the
presence of the Inmate

enclosure

Application DENIED.  Having reviewed the Receiver's and CFTC's statements in this matter, the
Court does not find that that either made libelous statements or statements that would otherwise
preclude the Defendant from having his case fairly adjudicated.  The Court further notes, that "even
pervasive, adverse publicity[] does not inevitably lead to an unfair trial."  *Carroll v. Trump*, 669 F.
Supp. 3d 249, 255 (S.D.N.Y. Apr. 17, 2023) (quoting *Application of Dow Jones & Co., Inc.*, 842
F.2d 603, 609 (2d Cir. 1988)).  Finally, this case is in its infancy, and the Court cannot yet conclude
that there will be triable issues of fact warranting a jury trial.

SO ORDERED.

07/01/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

**COMMODITY FUTURES TRADING
COMMISSION,**

        **Plaintiff,**

v.

**EDDY ALEXANDRE and
EMINIFX, INC.,**

        **Defendants.**

Case No.: 22-cv-3822

Judge Caproni

### CERTIFICATE OF SERVICE

    I hereby declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that on this date I caused a true and complete copy of the attached to be served, in placing same in a sealed envelope and routing it for mailing certified, via first class United States mail service, with postage thereon fully prepaid, a true copy thereof to the following interested party/ies:

The Clerk of Court
United States District Court
Southern District of New York (SDNY)
U.S. Courthouse - 500 Pearl Street
New York, NY 10007

Date: 6 / 14 / 2024

Eddy Alexandre, pro per
Reg. No.: 00712-510
FCC Allenwood-Low
P.O. Box 1000
White Deer, PA 17887
LEGAL-MAIL (Open only in the presence of the inmate)