UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/03/2024
```

COMMODITY FUTURES TRADING COMMISSION,

Plaintiff,

-against-

EDDY ALEXANDRE and
EMINIFX, INC.,

Defendants.

22 Civ. 3822 (VEC)

## ORDER GRANTING THE RECEIVER'S REQUEST FOR SUPPLEMENTAL INSTRUCTIONS

WHEREAS, on May 11, 2022, Plaintiff, Commodity Futures Trading Commission ("CFTC") filed a Complaint in this action for Injunctive Relief, Civil Monetary Penalties, and Other Equitable Relief [Dkt. 5] under seal against defendants Eddy Alexandre ("Alexandre") and EminiFX, Inc. ("EminiFX") seeking injunctive and other equitable relief for violations of anti-fraud provisions of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 6b(a)(1)-(2), 6o(1)(A) and (B), 9(1) and 17 C.F.R. §§ 5.2(b) 180.1(a)(1)-(3), and for violations of registration provisions of the Act, 7 U.S.C. §§ 2(c)(2)(C)(iii)(I)(cc), 6k(2), 6m(1), and 17 C.F.R. § 5.3(a)(2)(i) and (ii);

WHEREAS, on May 11, 2022, the Court entered the Statutory Restraining Order [Dkt. 9], which, among other things appointed David A. Castleman (the "Receiver") as the Temporary Receiver over EminiFX and the assets of Alexandre traceable to EminiFX customer funds;

WHEREAS, on June 1, 2022, the Court approved the Receiver's request to withhold certain amounts that would have been processed as "salary" on May 13, 2022 to Alexandre and Clarelle Dieuveuil [Dkt. 42]. The gross amount withheld on account of "salary" to Alexandre and

Dieuveuil, and held in a separate segregated account, is $76,708.95 (the "Withheld Salary Amount");

WHEREAS, on June 15, 2022, the Court entered the Consent Preliminary Injunction (the "Consent Order") [Dkt. 56], appointing David A. Castleman as the Receiver for EminiFX and its affiliates or subsidiaries owned or controlled by EminiFX (the "Receivership Defendants");

WHEREAS, on August 29, 2023, the Court approved the Receiver's proposed procedures for verifying user claims and setting a bar date for the filing of non-user claims (the "Procedures");

WHEREAS, notice of the claims process and procedures was served on Eddy Alexandre through his counsel and on Clarelle Dieuveuil through an email sent by Stretto to EminiFX users;

WHEREAS, the Procedures required that any non-user claimant submit a proof of claim within 60 days following entry of the Order (October 30, 2023), and neither Alexandre nor Dieuveuil filed a claim for the Withheld Salary Amounts against the Receivership Estate, or claims of any kind;

WHEREAS, the Court has in the past permitted the Receiver to redact certain EminiFX user and other party information from public filings with the Court [*cf*. Dkts. 285-87]; AND

WHEREAS the Court has reviewed Mr. Alexandre's objections to the proposed supplemental instructions and finds his objections and conclusory allegations of due process violations to be without merit.

IT IS HEREBY ORDERED THAT:

1. The Withheld Salary Amount will no longer be reserved and held in segregated accounts by the Receiver. The Withheld Salary Amounts shall constitute property of the General Receivership Estate.

2. The Receiver may redact from any public filings exhibits or pleadings containing the following types of information: (1) personal contact information of any party or counsel, (2) the name, user ID, or other personal information of any EminiFX user, employee, or claimant, and (3) any information that may be redacted under Federal Rule of Civil Procedure 5.2.  The Receiver shall file original unredacted copies of any such documents under seal, without further order of the Court, and without prejudice to the right any party may have to challenge any specific redaction. For any such filing where the Court does not find that a redaction is appropriate, the Court may order the Receiver amend a filing accordingly.

SO ORDERED.

Date: ___July 3___, 2024

_____
VALERIE E. CAPRONI
United States District Judge

7942039.1