USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/10/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
: 
COMMODITY FUTURES TRADING :
COMMISSION, :
: 22-CV-3822 (VEC)
Plaintiff, :
: OPINION & ORDER
-against- :
:
:
EDDY ALEXANDRE AND EMINIFX, :
:
Defendants. :
:
------------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

This case arises out of Eddy Alexandre's expansive fraud against investors in EminiFX, Inc., an entity owned and operated by Mr. Alexandre that purported to trade in foreign currency ("forex") and cryptocurrency. Compl., Dkt. 5 ¶ 1. In criminal proceedings brought against Mr. Alexandre, he pled guilty to the same fraudulent conduct alleged by Plaintiff Commodity Futures Trading Commission ("CFTC"). Mr. Alexandre, proceeding *pro se*, now moves to dismiss the CFTC's complaint, compel arbitration, or stay the case. Def. Mot., Dkt. 291. The CFTC opposes the motion. Pl. Opp., Dkt. 296. Mr. Alexandre's motion is DENIED.

## BACKGROUND[1]

As relevant to this motion, Eddy Alexandre owned and operated EminiFX between September 2021 and May 2022. Compl. ¶ 1. Although Mr. Alexandre guaranteed investors that they would receive a return of at least 5% per week, he lost nearly 70% of the funds he traded. *Id.* ¶¶ 2, 23. None of the funds that were traded was used for trading forex or cryptocurrency,

---

[1]   The Court assumes the truth of the well-pled allegations in the complaint. *See Green v. Dep't of Educ. of City of New York*, 16 F. 4th 1070 (2d Cir. 2021).

however, despite his representations to the contrary. *Id.* ¶ 17. The funds that were not traded were retained and frittered away by Defendants, including on extravagant purchases such as BMW and Mercedes Benz automobiles and luxury apparel. *Id.* ¶¶ 22, 35. Of the approximately $59 million that was obtained from investors, Mr. Alexandre funneled at least $14.7 million directly into his personal account.[2] *Id.* ¶ 18. Instead of revealing all of this to his investors, however, Mr. Alexandre falsely increased the account balances reported to investors by approximately 5% to 10% every Friday so that the accounts appeared to be growing by reflecting balances that were not accurate. *Id.* ¶¶ 21–22. In short, Mr. Alexandre ran a Ponzi scheme to disastrous results.

The CFTC initiated this case on May 11, 2022, alleging various violations of the Commodity Exchange Act ("CEA"). The CFTC alleged that the Defendants engaged in fraud with respect to the sale of commodities futures and forex trades, that Defendants used manipulative devices in furtherance of the fraud, that EminiFX failed to register as a commodity pool operator ("CPO"),[3] and that Alexandre failed to register as an associated person ("AP") of a CPO. *See generally* Compl.

The following day, Mr. Alexandre was arrested.[4] *See United States v. Alexandre*, Dkt. 3, 22-CR-326 (S.D.N.Y. 2022). On February 10, 2023, Mr. Alexandre plead guilty to commodities

---

[2] Before he founded EminiFX, Mr. Alexandre had a net deficit of $122,838.92. Compl., Dkt. 5 ¶ 25.

[3] A commodity pool operator ("CPO") is essentially "one who manages an investment fund . . . in which the assets of several investors are" pooled together to invest in contracts for future delivery. *Nilsen v. Prudential-Bache Secs.*, 761 F. Supp. 279, 292 (S.D.N.Y. 1991); *see also* 7 U.S.C. § 1a(11) (defining CPO).

[4] Mr. Alexandre claims that the CFTC and the Department of Justice engaged in a "joint criminal-prosecution" as part of a conspiracy against him. Def. Mot., Dkt. 291 at 4. For the reasons set forth by Judge Cronan, who has already rejected this argument, the Court finds that the CFTC was not part of the prosecution team. *See* Order, Dkt. 72, *United States v. Alexandre*, 22-CR-326 (S.D.N.Y. 2023). Furthermore, Mr. Alexandre has not set forth any legal reason why any collaboration between the CFTC and the Department of Justice that did exist would warrant dismissal of the Complaint.

fraud. *See* Tr., *United States v. Alexandre*, Dkt. 78, 22-CR-326 (S.D.N.Y. 2022). Mr. Alexandre freely admitted, under oath, that during the relevant period:

> I failed to inform members and potential members of the EminiFX that some of the trading functions advertised on the EminiFX website related to cryptocurrency and foreign currency (FOREX) were not fully functional . . . [although] the trading functions would have been important to the decisions that the investors were making about whether or not to invest in the EminiFX. I knew this was misleading and wrong.

*See id*. at 25:9–17. Mr. Alexandre further admitted that he made those misstatements "intentionally and willfully to get [investors] to invest with EminiFX." *Id*. at 30:10–11; *see also id*. at 31:11–15.

On April 4, 2024, Mr. Alexandre moved to dismiss the complaint, to compel arbitration, and to stay the case, *see* Def. Mot., and the CFTC opposed the motion on April 22, 2024, *see* Pl. Opp. Mr. Alexandre filed an initial reply that was postmarked May 10, 2024, the date that the reply was due. *See* Reply, Dkt. 322. On May 20, 2024, the Court received a motion for leave to file an amended reply that included the amended reply and an affidavit. *See* Dkts. 326–27. In light of Mr. Alexandre's *pro se* status, the Court grants Mr. Alexandre leave to file an amended reply and strikes the first reply filed in support of the motion.

Mr. Alexandre also made numerous additional filings in support of his motion in violation of the principle that "[s]ur-replies filed without the court's permission are generally considered improper." *Trombetta v. Novocin*, No. 18-CV-993, 2021 WL 6052198, at *13 (S.D.N.Y. Dec. 21, 2021) (collecting cases) (striking sur-reply improperly filed by *pro se* plaintiff); *see also* Dkts. 344, 346. Accordingly, the Court will strike the additional replies, but notes that even if those filings were considered they would not alter the Court's decision to deny the motion to dismiss, to compel arbitration, or to stay the case.

3

## DISCUSSION

**I.     The Motion to Dismiss Is Denied**

Mr. Alexandre moves to dismiss the Complaint for lack of subject matter jurisdiction, failure to state a claim, and for gross abuse of power and bad faith. *See* Def. Mot. at 1–2. None of these arguments is grounds to dismiss the complaint.

**A.  Subject Matter Jurisdiction**

"It is axiomatic that federal courts must verify the existence of subject-matter jurisdiction before proceeding to the merits." *Emiabata v. Farmers Ins. Corp.*, 848 F. App'x 27, 29 (2d Cir. 2021). Pursuant to 28 U.S.C. § 1331, federal courts "have original jurisdiction of all civil actions arising under" federal law. Because the CFTC sued under the CEA, a federal statute, the Court has jurisdiction to hear the CFTC's claims. *See, e.g.*, *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (noting that federal question jurisdiction exists when the complaint "plead[s] a cause of action created by federal law").

**B.  Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." When evaluating a motion to dismiss, courts construe the complaint liberally, accept all of the complaint's factual allegations as true, and draw all reasonable inference in the plaintiff's favor. *Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1076 (2d Cir. 2021).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although detailed or elaborate factual allegations are not necessary to make out a claim for

relief, allegations must be "sufficient to raise an entitlement to relief above the speculative level." *Keiler v. Harlequin Enters.*, 751 F.3d 64, 70 (2d Cir. 2014). Rule 9(b) further provides that a claim for fraud "must state with particularity the circumstances constituting fraud or mistake." To satisfy Rule 9(b)'s heightened pleading requirement, a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *CFTC v. Gorman*, 587 F. Supp. 3d 24, 38–39 (S.D.N.Y. 2022) (quoting *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004)).

The counts of the Complaint that are subject to Rule 9(b)'s heightened pleading requirements[5] easily meet that standard. The Complaint alleges, for example, that between September 2021 and May 2022, Defendants falsely claimed that investors were receiving returns of 5% or more a week, when, in reality, Defendants were suffering large losses and were siphoning investors' funds for personal use. *See, e.g.*, Compl. ¶¶ 1, 41, 50, 59, 67. The Complaint further alleges that Defendants failed to disclose that EminiFX was not registered as a CPO, and Alexandre was not registered as an AP, despite the fact that EminiFX purported to trade in cryptocurrency.[6] *See, e.g., id.* ¶¶ 1, 14, 57–58, 76–77, 79. The Complaint alleges that all of this took place out of EminiFX's offices in Manhattan and Mr. Alexandre's residence in

---

5      As a general matter, "claims based on misrepresentations or omissions" brought pursuant to the CEA must satisfy Rule 9(b)'s pleading requirements. *See CFTC v. Gorman*, 587 F. Supp. 3d 24, 38 (S.D.N.Y. 2022).

6      Mr. Alexandre argues that the Complaint improperly employs group pleading, which is not permitted in CFTC enforcement actions. The group pleading doctrine permits plaintiffs to treat "group-published information [as] the collective work of those individuals with direct involvement in the everyday business of the company." *In re BISYS Secs. Litig.*, 397 F. Supp. 2d 430, 438 (S.D.N.Y. 2005). The Complaint, however, makes sufficiently specific allegations against Alexandre, who was the "sole signatory on all of the EminiFX accounts until February 25, 2022," Compl. ¶ 13, and "control[led] EminiFX," *id.* ¶ 43. *See also, e.g., id.* ¶¶ 35, 37–38 (detailing Alexandre's unlawful conduct).

Valley Stream, New York. *Id*. ¶ 11. The Complaint pleads with sufficient particularity the violations of the CEA that are fraud based.

Mr. Alexandre argues that, as a legal matter, the CEA does not regulate the digital assets industry, and the Complaint must be dismissed pursuant to the major questions doctrine.[7] *See* Def. Mot. at 3. He further argues that the CFTC's suit deprived him of fair notice that digital assets were subject to the CEA.[8] *See id*. "[U]nder the plain language of the CEA," "cryptocurrencies fall within the definition of commodities," and Defendants "thus had notice that cryptocurrencies were commodities." *United States v. Reed*, No. 20-CR-500, 2022 WL 597180, at *4 (S.D.N.Y. Feb. 28, 2022) (collecting cases).

Mr. Alexandre also disputes the factual allegations in the Complaint, including the CFTC's claim that EminiFX was a CPO and Mr. Alexandre was an AP.[9] *See* Def. Mot. at 2. Setting aside the fact that Mr. Alexandre admitted that EminiFX invested in the cryptocurrency Bitcoin, whether the allegations in the Complaint are in fact true is not relevant at the motion to dismiss stage, when the Court must assume that all facts in the Complaint are true. *See* Def.

---

[7] According to the major questions doctrine, courts do not "assume that Congress entrusted" to federal agencies matters of "deep economic and political significance that is central to the statutory scheme" absent "a clear statement to that effect." *Biden v. Nebraska*, 143 S. Ct. 2355, 2375 (2023) (cleaned up).

[8] Mr. Alexandre's argument that the CFTC's failure to allow him to remedy the alleged violations before bringing suit violated his due process rights is unavailing. Am. Reply, Dkt. 326 at 2. The CFTC owed Mr. Alexandre no duty to assist him in complying with the applicable regulations and laws. Nor was it a due process violation for the CFTC to have obtained a statutory restraining order on an *ex parte* basis. The CFTC adequately demonstrated that *ex parte* relief was necessary to, *inter alia*, preserve the status quo and protect the public from immediate and irreparable. *See* Order, Dkt. 9. In short, none of Mr. Alexandre's unfounded grievances against the CFTC and the Receiver provide grounds to dismiss the Complaint.

[9] Mr. Alexandre further disputes that any misrepresentations or omissions were material. The Complaint alleges that several falsehoods or omissions, including statements regarding the rate of return and improper use of investors' money, were material. *See, e.g.*, Compl. ¶ 2. More is not required at this stage, and the Court notes that Mr. Alexandre's claim that these were not material misrepresentations or omissions rings entirely hollow in light of his own statement that "what really mattered to . . . a reasonable investor[] is that she received the rewards . . . ." Am. Reply at 9.

Sentencing Letter, Dkt. 86 at 19, *United States v. Alexandre*, 22-CR-326 (S.D.N.Y. 2023) (stating that EminiFX invested in Bitcoin); *Green*, 16 F.4th at 1076.

## II.     The Motion to Compel Arbitration Is Denied

The Federal Arbitration Act ("FAA") permits a party to "a written agreement for arbitration" to petition to enforce that agreement.  9 U.S.C. § 4.  Mr. Alexandre points to no written agreement and relies instead only on the "recent trend . . . toward arbitrability."  Def. Mot. at 4.  There is no trend towards ordering arbitration in the absence of an agreement to arbitrate; because there is no written, enforceable arbitration agreement in this case, there is no ground to compel arbitration.

Because Mr. Alexandre presents no valid grounds on which the Court may stay the case, his motion to stay the proceedings is DENIED.

## CONCLUSION

For the foregoing reasons, Mr. Alexandre's motion to dismiss the Complaint, to compel arbitration, and to stay the case is DENIED.  The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 291.  The Clerk of Court is further directed to strike the filings at Dkts. 322, 344, and 346.

Not later than **July 19, 2024**, the CFTC must confer with Mr. Alexandre and counsel for EminiFX and file a letter stating whether CFTC intends to move for summary judgment or whether the Court should set a discovery schedule. Either way, the parties should propose a schedule for next steps that is reasonable recognizing that Mr. Alexandre is incarcerated.

**SO ORDERED.**

**Date:  July 10, 2024**
**        New York, NY**

**VALERIE CAPRONI**
**United States District Judge**