

230 Park Avenue
New York, NY 10169
otterbourg.com
212 661 9100

**David A. Castleman**
**Member of the Firm**
**DCastleman@otterbourg.com**

August 2, 2024

**VIA ECF**

Hon. Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**Re: *CFTC* v. *Alexandre and EminiFX, Inc.*, No. 22 Civ. 3822 (VEC)**
**Application for Payment of Fees and Expenses – Second Quarter 2024**

Dear Judge Caproni:

Pursuant to this Court's Order dated June 10, 2022 concerning applications for professional fees and expenses [Dkt. 47], as amended on February 2, 2023 [Dkt. 187] and on June 30, 2023 [Dkt. 209] (the "**Employment Order**"), David Castleman, the court-appointed receiver (the "**Receiver**") over Defendant EminiFX, Inc. ("**EminiFX**") and certain assets of Defendant Eddy Alexandre ("**Alexandre**"), in the above-referenced action (the "**Civil Action**") pursuant to the Consent Order for Preliminary Injunction [Dkt. 56] ("**Consent Order**"), respectfully submits this application (the "**Application**") for the payment of professional fees and expenses for the period of April 1, 2024 through June 30, 2024 (the "**Application Period**"). The Receiver requests approval of payment of fees and expenses to the Receiver and the following firms: Otterbourg P.C. ("**Otterbourg**"), J.S. Held LLC ("**JS Held**"), Deloitte Tax LLP ("**Deloitte Tax**"), Crowe LLP ("**Crowe**"), and Stretto, Inc., ("**Stretto**") (collectively, the "**Professional Firms**").

During the Application Period, the Receiver continued to make substantial progress in implementing his goal of distribution to investors before the end of the calendar year. In addition to administering all aspects of the Receivership as set forth below, the Receiver and his professionals focused the majority of their efforts on their ongoing implementation of the transaction verification and claims process, analyzing the users' online Portal submissions and taking steps to resolve remaining non-User claims. The Receiver anticipates this labor-intensive process to be complete early in the fourth quarter 2024. The Receiver and his professionals also began to prepare a proposed plan of distribution, which will be filed on or before August 9, 2024.

The Receiver and each of the Professional Firms have agreed to a public-service discount of their fees given the circumstances of the receivership. For the Application Period, (i) the Receiver requests fees of $119,082.50; (ii) Otterbourg requests fees of $927,154.93 and all expenses have been waived; (iii) JS Held requests fees of $306,356.50 and expenses of $14,127.20; (iv) Deloitte Tax requests fees of $15,880.00 and expenses of $794.00; (v) Crowe requests fees of $871.25; and (vi) Stretto requests fees of $153,766.50 and expenses of $5,376.83 for the Application Period. Otterbourg's requested fees reflect an additional $82,103.00 discount related to its disputed transaction review. The total requested or incurred fees of $1,522,980.99 and





expenses of $20,298.03 for the Application Period are reasonable given the significant complexity and substantial work completed, as set forth in detail in Part III, below, and are approximately $40,000 less than the First Quarter 2024.

The Standardized Fund Accounting Report annexed to the Receiver's affidavit shows the cash flows in and out of the Receivership, including the segregated Alexandre Assets account. The Receivership continued to earn substantial interest, nearly $1.2 million across all accounts. The $153.2 million in cash under management exceeds the $151.1 million in turned over assets (cash plus liquidation value less custodial fees) by over $2.1 million.

The Receiver and his professionals have maintained and presented their time and expense charges as set forth in the Billing Instructions for Receivers in Civil Actions Commenced by the Commodity Futures Trading Commission ("**CFTC**") (the "**CFTC Billing Instructions**"), as required by the Employment Order. These detailed time entries have been approved by the CFTC, which consents to this request, and those time entries will be submitted to the Court separately under seal pursuant to the Employment Order. Attached as Exhibits 1-6 are affidavits setting forth narrative explanations of the services provided.

This Application will be posted on the homepage of the Receiver's website at www.eminifxreceivership.com. Any EminiFX members who have any questions regarding this Application may send an email to the Receiver's team at EminiFX@Stretto.com, as directed by this Court in its order dated August 12, 2022 [Dkt. 106]. Unless a party has made a motion to intervene, and that motion has been granted by the Court, parties should **not** send any inquiries directly to the Court [Dkts. 174, 176].

## I. Authority for Requested Relief

A receiver appointed by a court "who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred. The amount of the compensation is to be determined by the court in the exercise of its reasonable discretion." *SEC* v. *Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008). "This presumption of reasonable compensation extends to a receiver's counsel and professionals." *SEC* v. *Morgan*, 504 F. Supp. 3d 221, 223 (W.D.N.Y. 2020) (quoting *SEC* v. *Platinum Mgmt. (NY) LLC*, No. 16-CV-6848 (BMC), 2018 WL 4623012, at *4 (E.D.N.Y. Sept. 26, 2018)). "The Court considers several factors in determining a reasonable fee, including '(1) the complexity of problems faced, (2) the benefits to the receivership estate, (3) the quality of the work performed, and (4) the time records presented.'" *Id*. (quotations omitted). The Court may also consider "the reasonableness of the hourly rate charged and the reasonableness of the number of hours billed." *SEC* v. *Amerindo Inv. Advisors Inc*., No. 05 Civ. 5231 (RJS), 2015 WL 13678841, at *1 (S.D.N.Y. Sept. 14, 2015) (citations omitted). "In addition, in a securities receivership, opposition or acquiescence by the





[regulatory agency] to the fee application will be given great weight." *Byers*, 590 F. Supp. 2d at 644 (quotation marks and alteration omitted).

## II. Procedural History

The Receiver's Second Quarter 2024 Report, filed on August 2, 2024, sets forth in detail the procedural history during the Application Period [Dkt. 370, at 4-8]. During the Application Period, on May 9, 2024, the Court approved a stipulation between the Receiver, the CFTC, and Alexandre regarding the disposition of the Alexandre Assets that were being held in a segregated account by the Receiver [Dkt. 310-11]. The stipulation turned over those assets, totaling $9.4 million, to the general Receivership estate. The Receiver also sought and received approval from the Court to implement two settlements with claimants for just over $250,000, which also removed encumbrances from over $590,000 in remaining turned over funds [Dkts. 298, 339].

As previously reported, a group of individuals, which have identified themselves as investors in EminiFX, filed a motion to intervene which was denied by the Court. Again, on May 12, 2024, the individuals filed a second motion to intervene, which the Court denied, also cautioning that any additional motions to intervene that seek solely to relitigate the arguments that the Curt has previously denied will be struck from the docket" [Dkts. 315, 316].

During the Application Period, the Receiver filed a motion to find that he no longer be required to hold in reserve purported salaries of Mr. Alexandre and Clarelle Dieuveuil (the former Chief Financial Advisor and Mr. Alexandre's wife) and allowing the Receiver to redact certain information from public filings without further order of the Court. The Court granted that motion on July 3, 2024 [Dkt. 354].

On May 7, 2024, the Court also approved the Receiver's application for fees and expenses for the First Quarter 2024 [Dkt. 307].[1]

## III. Summary of Services During the Application Period

**Transaction Verification and User Claims Process**. During the Application Period, the Receiver and his teams at Otterbourg, JS Held, and Stretto continued to implement the transaction verification and claims process, examining user submissions and transaction disputes submitted through the user Portal, communicating with users through the Portal regarding their transactions, and resolving other user requests. The Receiver and his team were able to analyze the submissions received to date, to identify common issues, and to formulate a consistent response for the

[1] Prior fee applications had been granted on August 5, 2022 [Dkt. 92], October 25, 2022 [Dkt. 167], January 27, 2023 [Dkt. 185], February 13, 2023 [Dkt. No. 191], May 11, 2023 [Dkt. 198], August 10, 2023 [Dkt. 227], and November 15, 2023 [Dkt. 237], February 9, 2024 [Dkt. 255].





resolution of such issues. As previously reported, most users verified all their transactions while the Portal was open for user submissions, saving substantial time and expense.

Nevertheless, resolving disputed and added transactions is a labor-intensive process—because of the poor state of the internal EminiFX records recovered, as detailed in prior filings, and the nature in which the EminiFX system was utilized while in operation, reviewing and comparing documents and users' additions requires an exercise of careful review and judgment. The Receiver's team is taking care to review each user's submission in order to ensure that each transaction log is as accurate as possible, as that log will form the basis of the users' claims and their expected distributions.

To assist the Receiver's review of the thousands of user transaction submissions, he, with the assistance of JS Held, Otterbourg, and Stretto, created a centralized electronic review system, allowing the Receiver's legal team to review each transaction submitted through the Portal, research users' transactions, make recommendations regarding each transaction. Having been refined over the course of the Application Period, this review system has streamlined the review process for the Receiver and his team.

While the review process is ongoing, because of the efforts undertaken during the Application Period, the Receiver anticipates he and his team substantially complete this process during the third quarter of 2024, permitting the Receiver to file a schedule of disputed transactions early in the fourth quarter 2024.

**Non-User Claims**. During the Application Period, the Receiver and his legal team at Otterbourg continued to review proofs of claims filed by non-users and communicated with the respective claimants to resolve outstanding claims. During the Application Period, the Receiver resolved two additional proofs of claim, leaving only one non-User claim unresolved of the eight filed. The Receiver negotiated a settlement with the former EminiFX landlord and filed an application for approval of the settlement on April 1, 2024 [Dkt. 288] which was approved by the Court on April 24, 2024 [Dkt. 298]. Additionally, on May 17, 2024, the Receiver filed an application seeking approval of a settlement agreement between Christopher Biel and Maureen Beil resolving their Proof of Claim in connection with a pre-Receivership contract of sale for real property entered into with Alexandre. The Court entered an order approving the settlement on June 7, 2024 [Dkt. 339] over Mr. Alexandre's opposition [Dkt. 338].

**Proposed Plan of Distribution.** During the Application Period, the Receiver and his Professional Firms started to prepare for the proposal of a plan of distribution. A request for a briefing schedule on a proposed plan of distribution was approved on July 17, 2024 [Dkt. 359]. As set forth in the schedule, the Receiver expects to file a proposed plan on or before August 9, 2024. The Receiver and his Professional Firms began to have meetings to discuss the process for the plan





of distribution, including a feature in the Portal for users to provide feedback on the proposed plan and access to all plan-related documents.

**Analysis of EminiFX Tax Liability**. During the Application Period, the Receiver worked with his tax and accounting teams to minimize, if possible, the tax burden while expediting certainty from the IRS. On June 11, 2024 the Receiver and two members of his Deloitte Tax team had a virtual conference with the IRS National Office to discuss the potential resolution of the tax issues. The Receiver, Otterbourg and Deloitte Tax spent time preparing for this conference.

**Investigation into Third Party Claims**. The Receiver's legal team at Otterbourg, in consultation with and supervised by the Receiver, continued its investigation into potential claims that the receivership may have against third parties. Such claims could result in a direct financial recovery of the estate, or in the reduction or elimination of certain claims against the estate. During the Application Period, the Receiver and his legal team continued to communicate and review documents received by third parties. Such investigation remains ongoing, and the Receiver will seek further relief or instruction from this Court as necessary.

**Administration of the Estate and Case**. The Receiver, assisted by his counsel at Otterbourg, supervised the administration of the estate, including monitoring bank accounts, redirecting and opening mail, and other tasks incidental to the management of the estate. The Receiver, with the assistance of Otterbourg, filed a status report advising the Court of the activities from the prior quarter [Dkt. 307]. In response to a dangerous phishing attempt by a malicious third party, the Receiver also prepared and sent a warning to all users [Dkt. 370 Ex. 4].

During the Application, pursuant to this Court's April 2, 2024 Order [Dkt. 290], Alexandre has added the Receiver as an approved contact in the CorrLinks system. The Receiver continue communicates with Alexandre regarding the Receivership as necessary. Alexandre has filed multiple motions and requests in the civil action. So as to not waste any time or resources, the Receiver has only filed responses when necessary or when ordered by this Court.

## IV. Summary of Fees and Expenses Requested

The Receiver includes herewith affidavits from himself and the lead from each of the Professional Firms. Pursuant to the Employment Order, detailed time entries are filed separately under seal. The aggregate fees being requested have been discounted for the public service each firm has been performing. The Receiver and the Professional Firms have reasonably and diligently exercised their duties during the Application Period, and the Receiver respectfully submits that they are entitled to be fairly compensated for services rendered.

**The Receiver**. As set forth above, the Receiver spent substantial time administering all aspects of the receivership. The Receiver respectfully requests the Court approve payment of





$119,082.50 in fees to the Receiver, which reflects the new rate of $575 as set forth in the prior fee application, and which reflects a discount of over 45% from his normal rate—a savings of $98,585.50 to the estate. The Castleman Affidavit attached as Exhibit 1 includes additional detail on his billing, as well as his supervision of the various Professional Firms.

**Otterbourg.** As set forth above, Otterbourg spent substantial time assisting the Receiver in administering and providing legal advice concerning all aspects of the receivership, including conducting the review of disputed user transactions in connection with the user verification and claims process, investigating potential third-party claims, and in the preparation of a proposed plan of distribution. Otterbourg played a key role in the review of user transactions, and the development of the review platform and the Portal, which accounted for the bulk of its time this quarter. Otterbourg offered an additional discount of $82,103.00 for its services this Quarter, which resulted in a total discount of $245,718.58. Expenses were waived. The Receiver respectfully requests the Court approve payment of $927,154.93 in fees to Otterbourg. The Feeney Affidavit attached as Exhibit 2 describes in more detail the work performed.

**JS Held**. JS Held continued to provide substantial forensic services to the estate, including the development of the review platform and analysis of user transactions in connection with the implementation the transaction verification and claims process. The Receiver respectfully requests the Court approve payment of $306,656.50 in fees and $14,127.20 in expenses to JS Held. The O'Malley Affidavit attached as Exhibit 3 describes in more detail the work performed.

**Deloitte Tax**. Deloitte Tax has provided the estate with tax analysis and strategic advice, in connection with determining EminiFX's pre-receivership tax liability. During the Application Period, Deloitte Tax assisted the Receiver with preparation for, and participated in, a conference with the IRS on June 11, 2024 of the pre-receivership tax liability. Deloitte tax incurred fees of $15,880.00 and expenses of $794.00 during the Application Period. The Young Affidavit attached as Exhibit 4 describes the work performed.

**Crowe**. Crowe has provided the estate with critical tax support and analysis, including preparing the QSF Return for 2023, and filing a request with the IRS to extend the time to file QSF Return to October 2024. The Receiver respectfully requests the Court approve payment of $871.25 in fees to Crowe. The Davis Affidavit attached as Exhibit 5 describes the work performed.

**Stretto**. Stretto has managed all user communications and continued to play a key role in the implementation of the Portal and the transaction verification and claims process and the claims resolution and plan process. The Receiver respectfully requests the Court approve payment of $153,766.50 in fees and expenses of $5,376.83 to Stretto. The McElhinney Affidavit attached as Exhibit 6 describes in more detail the work performed.





**V. Conclusion**

The Receiver respectfully requests that the Court approve the fee and expense requests as set forth in this Application.

Respectfully submitted,

David A. Castleman
OTTERBOURG, P.C.
230 Park Avenue
New York, NY 10169
(212) 661-9100
dcastleman@otterbourg.com
*Receiver*

Attachments

cc: Counsel of Record (*via ECF*)
Eddy Alexandre (via U.S. Mail)