**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE
2024 AUG -5 AM 9: 31

COMMODITY FUTURES TRADING
COMMISSION,

Plaintiff,

v.

EDDY ALEXANDRE and
EMINIFX, INC.,

Defendants.

Case No.: 22-cv-3822

Judge Caproni

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/7/2024

---

**EMERGENCY MOTION FOR LEAVE TO PROCEED ON AN INTERLOCUTORY APPEAL
FOR THE ORDER DENYING THE MOTION TO DISMISS COMPLAINT Dkt. NO. 291**

---

Defendant, Eddy Alexandre (hereinafter "Mr. Alexandre", the "Defendant"), pro se, and respectfully moves this honorable Court for an emergency leave to proceed on an interlocutory appeal for the order Dkt. 355, denying Defendant's motion to dismiss the Complaint, Dkt. 291 and stay the proceedings pending resolution.

Whereas, the district Court having denied the motion to dismiss and directed the Clerk of Court to terminate the open motion at Dkt. 291 and strike its related filings at Dkts. 322, 344, and 346. The Court's conclusions are unsupported by either the record or the facts of the case And, the record does not support the Commodity Futures Trading Commission ("CFTC"')s position making their arguments fatally flawed

Whereas, the Court further directed the CFTC to confer with Mr. Alexandre and counsel for EminiFX within nine days from the day of the order by July 19, 2024, and file a letter stating whether the CFTC intends to move for summary judgment or whether the Court should set a discovery schedule

Whereas, the CFTC confirmed via a separate submission that it intends to file a summary judgment and agreed to the proposed schedule between the parties notwithstanding Mr. Alexandre's contention preserving his rights to appeal the denial order of the motion to dismiss Dkt. 355.

Whereas, Mr Alexandre preserved his rights to file an Answer to the Complaint within the time allowed by the Federal Rules of Civil Procedures after the denial of the motion to dismiss for failure to state a claim, inter alia, fourteen days pursuant to the Fed R.Civ.P.("FRCP"), and/or as prescribed by this Court Rights that were violated by this Court's order and related instructions.

A notice of the motion seeking leave to proceed for an interlocutory appeal has been submitted to this Court on July 17, 2024 and made part of this motion by reference herein. Defendant was under the impression that he must submit the motion for leave to proceed IFP simultaneously with the application seeking leave for the interlocutory appeal. Since it was rejected, Defendant is now resubmitting the motion seeking leave first and intends to follow up on the IFP status after the Court's decision.

An order, Dkt 364, denying the motion to proceed on leave in forma pauperis ("IFP") Dkt 362 has been docketed on July 26, 2024 because Mr. Alexandre has not sought leave to file an interlocutory

appeal and because the order Dkt 355 is not a final order. Mr Alexandre hereby submits the application for leave with this new submission and argues that this order's finality is expressed in its related irreversible repercussions. Order received by regular mail on July 29, 2024

WHEREFORE, Mr Alexandre respectfully requests this Court to approve his emergency application to proceed on an interlocutory appeal for the order Dkt. 355 denying the Defendant's motion to dismiss the Complaint Dkt 291 and stay the proceedings until resolution.

Respectfully submitted,

DATE: 7/30/2024

/S/ Eddy Alexandre
Eddy Alexandre, pro se
Reg. No.: 00712-510
ex-CEO, founder EminiFX
FCC Allenwood-Low
P.O. Box 1000
White Deer, PA 17887

---

Interlocutory appeals of non-final orders that are otherwise not subject to appeal are permitted only when the District Court concludes that the order involves a "controlling question of law" as to which there is "substantial ground for difference of opinion" and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Applying this standard, there is no basis for an interlocutory appeal of the order denying Defendant's motion to dismiss found at Dkt. 355, and Mr. Alexandre's motion identifies none. Therefore, the application to take an interlocutory appeal is DENIED.

Given the lack of legal authority for Mr. Alexandre's proposed appeal, the Court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that any interlocutory appeal of this order or the order denying the motion to dismiss (Dkt. 355) would not be taken in good faith. Therefore, permission to proceed *in forma pauperis* on interlocutory appeal of this order or the order denying the motion to dismiss is DENIED.

SO ORDERED.

*Valerie Caproni* 8/7/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE