UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
COMMODITY FUTURES TRADING                                            :
COMMISSION,                                                          :
                                                                     :    22-CV-3822 (VEC)
                                            Plaintiff,               :
                                                                     :    OPINION & ORDER
                    -against-                                        :
                                                                     :
                                                                     :
EDDY ALEXANDRE and EMINIFX, INC.,                                    :
                                                                     :
                                            Defendants.              :
                                                                     :
-------------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

      Plaintiff Commodity Futures Trading Commission ("CFTC") sued Eddy Alexandre and EminiFX, Inc., a company founded and led by Alexandre, for various violations of the Commodity Exchange Act. *See* Complaint ("Compl."), Dkt. 5. Alexandre answered and asserted a counterclaim against the CFTC and third-party claims against the Court-appointed equity receiver (the "Receiver"). Answer, Dkt. 377, at 4–5. The CFTC moved to dismiss or strike the counterclaim, and the Receiver moved to dismiss the claims against him and to strike any affirmative defense of contributory negligence. *See* CFTC's Motion to Dismiss or Strike Alexandre's Counterclaim and Memorandum in Support ("CFTC Mot."), Dkt. 388; Receiver's Motion to Dismiss Alexandre's Claims with Prejudice and Strike Any Affirmative Defense ("Receiver Mot."), Dkt. 386. Alexandre subsequently withdrew his claims against the Receiver, prompting the Court to dismiss the Receiver's motion in part as moot to the extent it concerned the now-withdrawn claims. *See* November 20, 2024, Letter from Alexandre, Dkt. 423, at 1; December 2, 2024, Order, Dkt. 425.

The CFTC's motion is GRANTED and the remaining portion of the Receiver's motion is DENIED AS MOOT.

## BACKGROUND

The Court has already outlined the allegations of the Complaint in its opinion denying Alexandre's motion to dismiss and assumes the reader's familiarity with the basic facts. *See* Opinion and Order on Plaintiff's Motion to Dismiss the Complaint, to Compel Arbitration, and to Stay the Case ("Opinion on Motion to Dismiss"), Dkt. 355, at 1–3.  At base, the CFTC alleges that EminiFX, the company Alexandre owned and operated, functioned as a Ponzi scheme. Compl. ¶¶ 31.  The CFTC asserted six causes of action pursuant the Commodity Exchange Act and related regulations:  four for fraud and two for failure to comply with registration requirements.  *Id.* ¶¶ 39–79.[1]

On the day the Complaint was filed, the Court granted the CFTC's *ex parte* motion for a Statutory Restraining Order; that Order froze certain of Defendants' assets and appointed the Receiver to oversee temporarily "all customer funds and property and other assets traceable to customers in the possession of or under the control of Eddy Alexandre."  Statutory Restraining Order, Dkt. 9, ¶ 30.  Later, on consent, the Court ordered that the Statutory Restraining Order would "remain in full force and effect until the final trial of this case, or until further order of this Court."  Consent Order for Preliminary Injunction, Dkt. 56, ¶ 59.

Alexandre, who is proceeding *pro se*, moved to dismiss the Complaint, to compel arbitration, and to stay the case; the Court denied the motion.  *See* Defendant Alexandre's Motion to Dismiss, Dkt. 291; Opinion on Motion to Dismiss at 1.  Following that decision,

---

[1]  In parallel criminal proceedings, Alexandre was indicted based on the same conduct and eventually pled guilty to commodities fraud. *See United States v. Alexandre*, 22-CR-326 (S.D.N.Y.), Indictment, Dkt. 15; *id.*, Sentencing Tr., Dkt. 78, at 25:4–34:16.

Alexandre answered the Complaint, raising a wide range of affirmative defenses, counterclaims, and claims against third parties. Answer at 3–6. Of relevance here, Alexandre asserted a counterclaim of "contributory negligence" against the CFTC and an affirmative defense of the same. Answer at 4–5.

The CFTC moved to dismiss Alexandre's claims against it, which Alexandre opposed. *See* CFTC Mot.; Response to the CFTC's Motion to Dismiss or Strike (the "Opposition" or "Opp."), Dkt. 400; Alexandre Affidavit in Support of the Response to the CFTC's Motion to Dismiss the Counter-Claim and Affirmative Defense, Dkt. 401.

The Receiver also moved to dismiss the claims against him and to strike the affirmative defense of contributory negligence to the extent it was asserted against him. Receiver Mot. Alexandre subsequently withdrew his claims against the Receiver, prompting the Court to dismiss the Receiver's motion as moot to the extent it sought to dismiss the now-withdrawn claims. *See* November 20, 2024, Letter from Alexandre at 1; December 2, 2024, Order. The Court did not rule on the portion of the Receiver's motion seeking to strike the affirmative defense of contributory negligence.

## DISCUSSION

### I. Alexandre's Claims against the CFTC Must Be Dismissed

#### A. Alexandre's Claims against the CFTC Fail to Satisfy Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8(a)(2) requires that claimants provide "a short and plain statement of the claim showing that [he] is entitled to relief." Pursuant to this requirement, "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *McCray v. Lee*, 963 F.3d 110, 116 (2d Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Pleadings by *pro se* litigants, such as Alexandre, "must be construed

liberally to raise the strongest arguments [they] suggest[].." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (cleaned up).

Notwithstanding the generous standard of Rule 8 and the liberal construction accorded to *pro se* submissions, is simply impossible to glean from Alexandre's Answer the basis for his claim against the CFTC. The Answer states that the agency is liable for "contributory negligence" but does not allege in what negligent conduct CFTC engaged or how its conduct contributed to Alexandre's fraud. Answer at 4–5. In fact, the Answer is entirely devoid of allegations relating to *any* conduct — negligent or otherwise — by the CFTC. Without even a hint of the conduct that is at issue (let alone how such conduct was negligent), it cannot be said that the Answer gives the CFTC any notice of the basis or nature of the counterclaim.

### B. Alexandre's Claims Against the CFTC Must Be Dismissed with Prejudice

"[D]ismissal [of a cause of action] with prejudice is appropriate when 'the flaws in pleading are incurable.'" *Kling v. World Health Org.*, 532 F. Supp. 3d 141, 154 (S.D.N.Y. 2021) (quoting *Fort Worth Emp'rs' Ret. Fund v. Biovail Corp.*, 615 F. Supp. 2d 218, 233 (S.D.N.Y. 2009)). "[I]n light of the solicitude accorded *pro se* litigants, courts 'should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Pearson v. Reid-Robinson*, 632 F. App'x 19 (2d Cir. 2016) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

As discussed, there are no factual allegations in Alexandre's Answer that could conceivably give rise to any claim against the CFTC. Moreover, even assuming Alexandre somehow could conjure facts to support his theory of contributory negligence, he would still fail to state a claim because "[c]ontributory negligence is not a cause of action, it is 'an affirmative defense to be pleaded by the party asserting the defense.'" *Procter & Gamble Co. v. Quality King Distribs., Inc.*, 974 F. Supp. 190, 200 (E.D.N.Y. 1997) (quoting 79 N.Y. Jur.2d § 87, 426

(1989) and citing Fed. R. Civ. Pro. 8(c)).  Accordingly, dismissal with prejudice is appropriate because the counterclaim Alexandre attempts to assert is, by definition, not cognizable.[2]

## II. The Remainder of the Receiver's Motion to Dismiss is Moot Because the Answer Does Not Raise an Affirmative Defense of Contributory Negligence Against the Receiver.

Apparently out of an abundance of caution, the Receiver moved to strike any affirmative defense raised by Alexandre against the Receiver for contributory negligence, to the extent he intended to make one.  But the Answer asserts an affirmative defense of contributory negligence against the CFTC only.  *See* Answer at 4 (listing contributory negligence as the second affirmative defense and stating that "[t]he Plaintiff's own negligence and action contributed or caused its claims in whole or in part.").  Alexandre also made no reference to any affirmative defenses against the Receiver in his letter to the Court withdrawing his claims against the Receiver.  *See* November 20, 2024, Letter from Alexandre.  Even applying the most liberal possible construction to Alexandre's Answer as a *pro se* litigant, there is no basis from which to discern that he intended to raise an affirmative defense of contributory negligence as to the Receiver.  The request to strike such a defense is, therefore, moot.

## CONCLUSION

For the foregoing reasons, the CFTC's motion to dismiss is GRANTED and the counterclaim against the CFTC is DISMISSED WITH PREJUDICE.  The portion of the

---

[2] Even if the purported defense were well pled, it would be legally irrelevant because contributory negligence is not a defense to fraud.  *See Field v. Mans*, 516 U.S. 59, 70 (1995) ("[C]ontributory negligence is no bar to recovery because fraudulent misrepresentation is an intentional tort."); *Forest Diamonds Inc. v. Aminov Diamonds LLC*, No. 06 CIV. 5982, 2010 WL 148615, at *13 (S.D.N.Y. Jan. 14, 2010) ("Negligence in failing to prevent or detect defendant's wrongful conduct is not a defense to an intentional tort."); *United States ex rel. Mandel v. Sakr*, No. 17-CV-907S, 2021 WL 1541490, at *2 (W.D.N.Y. April 20, 2021) ("Plaintiff's action does not sound in negligence, so a contributory negligence defense is unavailing."); *Pennsylvania R. Co. v. Groves*, 231 F. 663, 666 (2d Cir. 1916) ("The contributory negligence of the plaintiff prevents a recovery unless his injury resulted from the willful, wanton, or reckless conduct of the defendant.").  The Court, however, has no basis to strike the affirmative defense against the CFTC *sua sponte* because the CFTC has not argued that failure to strike the defense would prejudice it.  *See Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010) (to dismiss a defense, "the plaintiff must be prejudiced by the inclusion of the defense").

Receiver's motion seeking to strike any affirmative defense of contributory negligence as to the Receiver is DENIED AS MOOT. The Clerk of the Court is respectfully directed to close the open motions at Dkts. 386 and 388.

Given the lack of legal or factual support for Alexandre's counterclaim against the CFTC and the fact that he did not raise an affirmative defense of contributory negligence against the Receiver, the Court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that any interlocutory appeal of this order would not be taken in good faith. Therefore, permission to proceed *in forma pauperis* on interlocutory appeal of this order is DENIED.

**SO ORDERED.**

Date: January 22, 2025
New York, NY

_____
VALERIE CAPRONI
United States District Judge