EMINIFX INVESTORS' MOTION TO INTERVENE

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
#:_____
DATE FILED: 1/30/2025

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------X

**COMMODITY FUTURES TRADING
COMMISSION,**

                           **Plaintiff,**

                                                                            22-CV-3822 (VEC)

      -v

**EDDY ALEXANDRE AND
EMINIFX, INC.,**
                        **Defendants.**
-------------------------------------X

**EMINIFX INVESTORS'
MOTION TO INTERVENE**

  We move this court for leave to intervene in this action as of right, pursuant to Fed. R. P. 24(a)(2). AS grounds for this motion, the EminiFx Investors states as follows:

1. The EminiFX Investors satisfied the requirements for intervention as of right. First, the EminiFX Investors' Motion to intervene is timely because the litigation is in its early stages. Until now the defendant has not yet or about to file his answer to the complaint, and trial is not yet scheduled. The EminiFx Investors' intervention will not

create any delay. Thus, intervention by EminiFX Investors will not create any delay. intervention by the EminiFX Investors at this venture will not prejudice the existing parties.
2. The EminiFX Investors have a substantial interest in the subject matter of the action.
3. Disposition of the action without The EminiFX Investors' participation may impede their interests. The outcome of this case implicates *stare decisi*s concerns that warrants the EminiFx Investors intervention
4. The EminiFx Investors' interests are not adequately protected by the existing parties to the litigation. Because EminiFX Investors do not necessarily align with the interests represented by the plaintiff.
5. The EminiFX investors also satisfy the requirements for permissive intervention
6. Data that the Court overlooked

MEMORANDUM OF LAW IN SUPPORT 0F EMINIFX INVESTORS' MOTION TO INTERVENE

## 1. INTRODUCTION

We respectfully submit this Memorandum of Law in support of our motion to intervene in this action. We move pursuant to Federal Rule of Civil Procedure 24 to intervene as of right, or alternatively, by permission to represent ourselves for the existing parties are not adequately representing our interests.

PRELIMINARY STATEMENT

We file this Memorandum of Law in support of our motion to intervene in the above-captioned case pursuant to Rule 24 of the Federal Rules of Civil Procedure, (1) that we have representation in this matter and (2) the parties don"t speak for us nor represent the interests of Eminifx investors. Fed. R. Civ. P. 24(a)(2).

FACTUAL BACKGROUND

On or about May 11, 2022, the Commodity Futures Trading Commission ("CFTC") filed a sealed complaint against Mr. Eddy Alexandre and EminiFX (Dkt. 5).

On May 11, the CFTC moved this Court for a statutory restraining order, inter alia, freezing the assets of EminiFX and Alexandre, and appointing David Castleman as Receiver to take control of EminiFX. This Court granted the relief the same day. (Dkt. 9).

# II. Argument

# The EminiFX Investors meet the Requirements for Intervention of Right

Under Fed. Rule Civ. P. 24(a)(2), upon timely application, anyone shall be permitted to intervene in an action when the applicant shows:

(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.

*Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1302-03 (11th Cir. 2008) (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)).

Here, the EminiFX Investors' request for intervention satisfies the requirements of Rule 24(a)(2) for intervention as of right.

### 1. The EminiFX Investors' Motion to Intervene is Timely

The Eleventh Circuit has identified several factors relevant to determining whether a request for intervention is timely

(1) the length of time during which the proposed intervenor knew or reasonably should have known of the interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a

determination that their motion was timely.

*Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002) (citing *Chiles*, 865 F.2d at 1213).

This Circuit has recognized that the requirement of timeliness "must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice." *U.S. Army Corps of Eng'rs*, 302 F.3d at 1259 (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)). Ample case law indicates that a motion to intervene is likely to be timely when, as here, it is filed within months of the original complaint. In *Chiles*, for example, a motion to intervene was held to be timely where the motion "was filed only seven months after [the plaintiff] filed his original complaint, three months after the government filed its motion to dismiss, and before any discovery had begun." 865 F.2d at 1213; *see also Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1125-26 (5th Cir. 1970) (motion to intervene more than a year after the action was commenced was timely when there had been no legally significant proceedings other than the completion of discovery and intervention would not cause any delay in the process of the overall litigation);[1] *Anderson v. United States*, No. 14-cv-1182, 2015 U.S. Dist. LEXIS 167398, at *2 (N.D. Ala. 2015) (where there is no prejudice to the parties, intervention is permissible even a year after litigation has commenced, and even though discovery has closed); *DeVault v. Isdale*, No. 15-cv-135, 2015 U.S. Dist. LEXIS 137684, at *9 (M.D. Fla. 2015) (when intervenor files a Motion to Intervene in advance of the defendant's deadline for production, the ensuing prejudice is "minimal"); *Davis v. S. Bell Tel. & Tel. Co.,* 149 F.R.D. 666, 670 (S.D. Fla. 1993) (allowing intervention when, "[a]lthough the case has been pending for more than two years, discovery on the merits has not been completed and dispositive motions have not been filed. As a consequence, there is no indication that this litigation is close to conclusion.").

Applying these factors, the EminiFX Investors' application for intervention is timely. The complaint was filed on May 11, 2022. Mr. Alexandre has not or is about to file his Answer. There is no scheduling order, neither discovery is scheduled or trial is scheduled to begin. This litigation remains at an early stage contruary to what the CFTC wanted the Court to believe and the EminiFX investors' intervention will not prejudice either party.

### 2. The EminiFX Investors have a Substantial Interest in this Litigation

For an applicant's interest in the subject matter of the litigation to be cognizable under Rule 24(a)(2), it must be "direct, substantial and legally protectable." *U.S. Army Corps of Eng'rs*, 302 F.3d at 1249*; see also Chiles*, 865 F.2d at 1212-13 (noting that the focus of a Rule 24 inquiry is "whether the intervenor has a legally protectable interest in the litigation."). The inquiry on this issue "is 'a flexible one, which focuses on the particular facts and circumstances surrounding each [motion for intervention].'" *Chiles*, 865 F.2d at 1214 (quoting *United States v. Perry Cnty. Bd. of Educ.*, 567 F.2d 277, 279 (5th Cir. 1978)).

### 3.     The Disposition of the Instant Litigation May Impair the EminiFX Investors' Ability to Protect Their Interest

The EminiFX Investors' ability to protect their substantial interest would be impaired absent intervention. The outcome of this case, including the potential for appeals by existing parties, implicates *stare decisis* concerns that warrant EminiFx Investors' intervention. *SeeStone v. First

*Union Corp.*, 371 F. 3d 1305, 1309-10 (11th Cir. 2004) (recognizing that potential for a negative *stare decisis* effect "may supply that practical disadvantage which warrants intervention of right") (citing *Chiles*, 865 F.2d at 1214); *see also United States v. City of Los Angeles*, 288 F.3d 391, 400 (9th Cir. 2002) (holding that amicus curiae status may be insufficient to protect the rights of an applicant for intervention "because such status does not allow [the applicant] to raise issues or arguments formally and gives it no right of appeal"). While the existing parties to the litigation will not be prejudiced by the EminiFX Investors' intervention, the EminiFx Investors will be prejudiced if their request for intervention is denied.

### 4. The Existing Parties Do Not Adequately Represent the EminiFX Investors' Interests

The fourth and final element to justify intervention of right is inadequate representation of the proposed intervenor's interest by existing parties to the litigation. This element is satisfied if the proposed intervenor "shows that representation of his interest 'may be' inadequate." *Chiles*, 865 F.2d at 1214 (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n. 10 (1972)). The burden on the proposed intervenor to show that existing parties cannot adequately represent its interest is "minimal." *Stone*, 371 F.3d 1311; *U.S. Army Corps of Eng'rs*, 302 F.3d at 1259 (citing *Trbovich*, 404 U.S. at 538 n.10). Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action. *Loyd v. Ala. Dep't of Corr.*, 176 F.3d 1336, 1341 (11th Cir. 1999); *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing District.*, 983 F.2d 211, 216 (11th Cir. 1993).

In summary, the EminiFX Investors meet the Rule 24(a) requirements for intervention as of right.

## B.  The EminiFX Investors Meets the Requirements for Permissive Intervention

Fed. R. Civ. P. 24(b) provides for permissive intervention as an alternative basis for the EminiFX Investors' intervention in this action. Rule 24(b) states, in relevant part:

(1) On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of law or fact.

(2) On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:

(A) a statute or executive order administered by the officer or agency; or

(B) any regulation, order, requirement, or agreement issued or made under the statute or

executive order.

(3) In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

The Eleventh Circuit has established a two-part test to guide the Court's discretion as to whether a party may intervene pursuant to Rule 24(b)(2): the applicant must show that "(1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common." *Chiles*, 865 F.2d at 1213 (citing *Sellers v. United States*, 709 F.2d 1469, 1471 (11th Cir. 1983)).

As discussed above, the EminiFX Investors' application for intervention in this litigation is timely and the EminiFX Investors' participation would neither unduly delay the proceedings nor prejudice the adjudication of the rights of the original parties. The failed negotiation between CFTC and Mr. Eddy Alexandre in regard to the consent judgment upon which the CFTC used to argue against our motion in its letter to this Court dated January 31, 2024 claiming " this motion comes too late" therefore, it should be denied on the ground of timeliness can no longer hold, see Dkt. 252. December 18, 2023 " the CFTC reported that the parties had reached an agreement in principle on a consent order that would resolve the case, see Letter, Dkt. 241, and the Court stayed the case pending the parties filing a consent order by February 16, see, Order, Dkt. 242;". CFTC has failed in its negotiations and has argued this motion is " too late" is an act in bad faith; knowing they no longer have a resolution on the table yet they used that argument to convince this Court to deny our motion to intervene; No factual or legal issues have been litigated. And the parties will not be prejudiced by our intervention.

# III.   CONCLUSION

For the foregoing reasons, the Court should grant the United States' Motion to Intervene (i) as a matter of right pursuant to Rule 24(a)(2), Federal Rules of Civil Procedure, or, in the alternative, (ii) permissively pursuant to Rule 24(b) Federal Rules of Civil Procedure.

Date : May 10,, 2024

905 Hines Ave

Lehigh Acres, Fl 33972

239 297 6209

pmacluche@gmail.com

Respectfully submitted,

Pierre Acluche, Jean Robert Rene, Joel Bonnet  Simone Zephir, Anes Charles, Ermita Charles, DeniseAntoine, Jean Villard St. Fleur,  Antoine Veillard, Elfort Guerrier,  Frontis Roselyn, Jemy Grant, Ferrari Mirlene,Tania  Beauvais, Pierre Antoine, Annalise Jean, Rose  Dantinor, Eric Vimeney, Jean Joseph, Patrick Edouard, Edme Edouard, Lyndon Edouard, Wilmithe Dorelus, Markenson Pierre, Wilfrid  Mathieu, Nadege Agenor, Rachelle Agenor,  Botny Paul, Laventure Ronneau, Lycius Joseph, Vladimir Merard, Joel Saint Jean, Anel Toussaint Fils, Gisele Cleophat, Mardochee Toussaint Fils, Marthe Yorlise Toussaint Fils, Rodrigue Edouard Fils, Emmanuela Charles, Alex Jr. Louissaint, Jean Dorcely, Paola Garcon, Rose Dessaint, Jean Caleb Edmond, Gelin Delva, Louis Chavannes Delva, Remy Joseph, Nancy Velcime, Marie Ravix, Nancy Delva,

**Junior Massier, Jacky Salomon Petion, Marie Brunot, Idson Devilma, Marie Luxie Charles, Georgina Chavannes, Anne Osborne, Betty Janvier, Cateline Saintime, Louis Jean, Fernande Lima, Filio Lima, Kenley Lima, Therese Orinvil, Nathalie Darmestoir, Herold Bazile, Emmanuel Biteau, Nixon Chery, Sainfranc Herard, Mesner Chery, Eugenie Jean Baptise, Joseph H Jean Baptiste, Jacqueline Bernadeau, Juanderline Marseille, Shania Marseille, Hilda Marseille**

Application DENIED. The Court has already considered and rejected materially identical arguments raised by many of these same prospective intervenors on three separate occasions. *See* Dkts. 256, 316, 365. This latest motion raises no new arguments, and is denied for the reasons set forth in the Court's previous orders.

The Court finds no merit in the claim in Mr. Acluche's letter (Dkt. 438) that the Court's Opinion approving the Distribution Plan was improper because it was rendered before the Motion for Summary Judgment was fully briefed. The Motion for Summary Judgment (Dkt. 395) and the Motion to Approve the Distribution Plan (Dkt. 381) are two distinct motions, the former of which remains pending. The Court's Opinion approving the Distribution Plan (Dkt. 431) considered and addressed the arguments raised by Mr. Alexandre in his Opposition to the Distribution Plan (Dkt. 394) as well as the comments on the Plan that investors filed with the Receiver (Dkt. 390). Mr. Acluche's argument that the SEC and the CFTC lack authority to regulate digital asset exchanges is likewise irrelevant to the question of whether the Distribution Plan is fair and reasonable.

The Clerk of Court is respectfully directed to mail a copy of this Order to Pierre Acluche, 905 Hines Ave., Lehigh Acres, FL 33972.

SO ORDERED.

*[Signature: Valerie Caproni]*

1/30/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE