**MEMO ENDORSED**

RECEIVED
JAN 28 [2025]
PRO SE OFFICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————x

COMMODITIES FUTURES TRADING
COMMISSION,

      v.

Eddy Alexandre

    Defendant.
———————————————————x

NEW YORK, N.Y.

Case No. 22-cv-3822 (VEC)

Judge Caproni

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/3/2025

**EMERGENCY MOTION FOR LEAVE TO PROCEED ON AN INTERLOCUTORY APPEAL**

Notice is hereby given that, Eddy Alexandre, ("Mr. Alexandre"), the petitioner, pro se, hereby appeals to the United States Court of Appeals for the SECOND CIRCUIT from the Southern District Court's order GRANTING the Receiver's Distribution Plan and APPROVED in all respects, at Dkt. 431 and denial with prejudice of affirmative defense at Dkt. 433 .

Whereas, the clerk of court was directed to terminate the open motions at Dkt. 381, 377, 386 & 388.

These orders resolved all pending claims and authorized the receiver to commence distributions without any due process as set forth in the Distribution Plan at any time after the entry of this Order leaving no room to litigate any and all pending matters in these proceedings hurting ten of thousands of investors who have their transactions documented as attested by the receiver himself in internal transfers between EminiFX members. This is an abuse of discretion as Judge Caproni violated her Oath to protect the rights of every citizen. Rubber-stamping the work of the CFTC from the executive branch remove the separation between the judiciary and the executive whereas the judge is making determination in an attempt to short-circuit the process and avoid a fair and just jury trial as the ultimate trier of facts. In a common law case as this one at bar, Mr. Alexandre is entitled to a trial by jury as a matter of law, the common law claims had to heard by a jury. Mr. Alexandre consistently and vigorously fought these allegations and proffered open issues with material facts in this conspiracy to

deprive him and his investors of property, rights, liberty and justice. See SEC v. Jarkesy, 603 US S.Ct. 219 L.Ed.2d 650 US, 2024. The level of bias and conflict from the presiding judge have reached their peak. Only a recusal from Judge Caproni will bring a fair and just outcome to this process.

Respectfully submitted,

DATED: January 22, 2025

/S/ Eddy Alexandre

Eddy Alexandre, pro se
Reg. No.: 00712-510
ex-CEO, founder of EminiFX
FCC Allenwood-Low
P.O. Box 1000
White Deer, PA 17887

enclosure

"[T]he submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted). The Court interprets this filing to be a notice of appeal of two orders: the January 21, 2025, Order (Dkt. 431) approving the Distribution Plan and the January 22, 2025, Order (Dkt. 433) granting the CFTC's motion to dismiss the counterclaim and dismissing as moot the Receiver's motion to strike the affirmative defense of contributory negligence as to the Receiver.

As to the appeal of the January 21, 2025, Order approving the Distribution Plan, the Court of Appeals has jurisdiction to adjudicate appeals of "[i]nterlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property." 28 U.S.C. § 1292(a)(2). Accordingly, Mr. Alexandre is entitled to take an interlocutory appeal of the January 21, 2025, Order and this notice of appeal was correctly filed with the District Court.

To the extent Mr. Alexandre intends to proceed *in forma pauperis* on appeal, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of the January 21, 2025, Order would not be taken in good faith. Mr. Alexandre's Opposition to the Motion to Approve the Distribution Plan (Dkt. 394) consists predominately of *ad hominem* attacks on the CFTC, the Receiver, and the Undersigned; it contains no credible legal or factual arguments for consideration on appeal.

To the extent this filing can be construed as a request to stay the Receiver's distribution of funds, that request is DENIED. "The four factors to be considered in issuing a stay pending appeal are well known: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re World Trade Center Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007). As to the first factor, it is unlikely that Mr. Alexandre's appeal will succeed on the merits because, as the Court explained in the January 21, 2025, Order, none of Mr. Alexandre's arguments against approving the Distribution Plan is factually or legally sound. As to the second factor, Mr. Alexandre will not be injured absent a stay because he has already pled guilty to defrauding investors in his criminal case and has no valid claim to any of the assets that will be distributed. As to the third factor, the investors who Mr. Alexandre defrauded would be injured if their recovery were delayed due to frivolous legal filings. As to the fourth factor, the public has a clear interest in making fraud victims whole.

Finally, any appeal of the January 22, 2025, Order (Dkt. 433) granting the CFTC's motion to dismiss the counterclaim and dismissing as moot the Receiver's motion to strike the affirmative defense of contributory negligence as to the Receiver would be an interlocutory appeal. 28 U.S.C. § 1292(a) does not grant the Court of Appeals jurisdiction to adjudicate interlocutory appeals of orders on motions to dismiss affirmative defenses or counterclaims. Accordingly, Mr. Alexandre may appeal the January 22, 2025, Order only if this Court determines "that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Because Mr. Alexandre's counterclaims and affirmative defenses were frivolous, the Court concludes that the January 22, 2025, Order neither involves a controlling question of law nor presents a substantial ground for difference of opinion.

The Clerk of the Court is respectfully directed to mail a copy of this Order to Mr. Alexandre and to note the mailing on the docket.

SO ORDERED.

*Valerie Caproni*   2/3/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMMODITY FUTURES TRADING
COMMISSION,

        Plaintiff,

v.

EDDY ALEXANDRE and
EMINIFX, INC.,

        Defendants.

Case No.: 22-cv-3822

Judge Caproni

## CERTIFICATE OF SERVICE

I hereby declare under the penalty of perjury, pursuant to 28 U.S.C § 1746; 18 U.S.C § 1621, that on this date I caused a true and complete copy of the attached _Emergency Motion for Leave to Proceed on an Interlocutory Appeal_

to be served, in placing same in a sealed envelope and routing it for mailing via First-class United States mail service, with postage thereon fully prepaid, and depositing same in this institution's internal mail system. I am an inmate confined in an institution. The FCC Allenwood-Low has a system designated for legal mail.

A true copy thereof was served upon the following interested party/ies:

1- Clerk of Court US SDNY US Courthouse 500 Pearl Street New York, NY 10007-1312

2- Douglas G. Snodgrass US Attorney CFTC 77 W. Jackson Blvd. Chicago, IL 60604

3- David Castleman as Court-Appt'd Receiver 230 Park Ave New York, NY 10169

4- Notice to EminiFX c/o Otterbourg, P.C. 230 Park Ave New York, NY 10169

5- _____

6- _____

7- _____

DATED: 1/23/2024

Eddy Alexandre, pro se
Reg. No.: 00712-510
FCC Allenwood-Low
P.O. Box 1000
White Deer, PA 17887







00712-510
The Clerk Of Court
US DIST Court-Sdny
500 Pearl ST
NEW YORK, NY 10007
United States

pro se