# MEMO ENDORSED



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—————————————————————x

    COMMODITY FUTURES TRADING
    COMMISSION,

        Plaintiff,

        v.

    EDDY ALEXANDRE and
    EMINIFX, INC.,

        Respondents.

—————————————————————x

New York, N.Y.

Case No. 22-cv-3822 (VEC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/21/2025

### MOTION TO RECONSIDER DENIAL OF MR PIERRE'S MOTION TO INTERVENE

    Eddy Alexandre, (hereinafter "Respondent" or "Mr. Alexandre"), pro se, moves this Court pursuant

to Fed.R.Civ.P. Rules 59(e), & 72(a), (b)(2), for reconsideration of the Court's order entered on January

20, 2024 Dkt. 442 denying the motion to intervene, Dkt. 439, by a group of EminiFX investors, inter

alia, Mr. Pierre Acluche and numerous similar motions at Dkts. 256, 316, 365, & 438. Mr. Alexandre

never had the privilege to react on the motion even though he preserved his rights on the records

to support a joinder of party request in his answer to the CFTC complaint, "The Answer". This is an

abuse of due process and infringement of Mr. Alexandre rights to be heard on the matter as a principal

party in these proceedings. This is a sua sponte repetition made by the presiding without consideration

for the interested parties position on the issue. The district must consider timely objections and

modify or set aside any part of the order is clearly erroneous or is contrary to law. See. U.S. v Harlan,

26 F.4th 566, 569 (2nd Cir. 2022) stating [A] district court abuses its discretion if it bases its ruling

on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a

decision that cannot be located within the range of permissible decisions.

    As a preliminary matter, Rule 59(e) of the Fed.R.Civ.P, "does not set forth any grounds for relief

and the district court has considerable discretion in reconsidering an issue. Motions for reconsideration

should not be used to raise legal arguments which could and should have been made before the judgment

or order was issued. See Lockar, 163 F.3d at 1267. The standard for reconsideration is strict and will generally be denied unless the moving party can point to controlling decision or data the court overlooked. Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2nd Cir. 1995). This motion for reconsideration is based on both facts and controlling laws that this court has apparently overlooked in construing Mr. Alexandre's request for joinder of parties and the EminiFX investors motion to intervene pursuant to the FRCP rules 13(h), 19(a)(1)(A),(B)(i), (B)(i), 24(a),(2), 20(a)(2)(A), (B); 22(a)(1)(A), (B), 24(b)(1)(A),(B). In this instant action, Mr. Alexandre Could not have made these arguments before the issuance of the denial of the action to intervene, therefore his ability to raise any legal arguments was impeded by the lack of substantive due process by the Judge's sua sponte order without allowing the parties to intervene for their claims, including breach of fiduciary duty and conversion.

## BACKGROUND

The EminiFX investors attempted numerous times to join the proceedings by properly filing a motion to intervene requesting the joinder of additional parties under the standard of required joinder of parties, or alternatively under Permissive Joinder of parties. Early in the process the Commodity Futures Training Commission ("CFTC") stated its position against allowing the EminiFX investors to intervene, and the receiver (stepping in the shoes of EminiFX) also stated its position not to support a joinder of the members to allow them the right to intervene. In the mean time, the Receiver is regularly meeting in secrecy with another group of investors and bloggers he is paying for "advertising" while dissing the ones active on the docket asking him questions about the management of the EminiFX Estate. This has infuriated the investors. However, as soon as Mr. Alexandre took over his legal defense, he made it clear to the court that he intended to support a joinder of party and expressly made a formal request to support the members motion to intervene in his answer to the CFTC complaint (the Answer) at pp. 90, 91, 92, 93 and 94.

The EminiFX investors supporting that effort to intervene have repeatedly filed their claims against the failure the Receiver to uphold his fiduciary responsibility to the EminiFX estate by destroying the value and assets of the company and trying to cut them off. The many arbitrary decisions hurting their interests have pushed them to support Mr. Alexandre's efforts to see them get whole and getting

paid their entire investments in full in one lump sum payment and that the actions of the Receiver hurt them even when about one thousand investors filed motions on the docket in this instant action asking the Receiver to preserve the status quo ante and not to destroy their investments. But in an effort to make the company look like a "Ponzi" scheme the Receiver willingly destroyed and liquidated all of the EminiFX assets and portfolios, inter alia, the Crypto portfolio and the Real Estate portfolios and use the investors funds to pay bloggers to promote his gross negligence and bad actions hurting the estate. Unfortunately, Judge Caproni has been rubber-stamping the actions of the Receiver every step of the way and ignoring repeated calls for transparency and accountability against the Receiver's growing and increasingly glutton appetite.

The investors did not give up in their attempts to have a voice in that Receiver-made disaster. The Receiver offered to pay them 1-10% in their investments he arbitrarily designated as DEPOSITS and not INVESTMENTS in a clear unlawful contrast with the findings of Judge Cronan [that they like to quote every step of the way when it suits their narrative, but they totally ignored his ruling against "deposits" calling them investments to the displeasure of the prosecuting team in the criminal case] who held that the contributions of the EminiFX are investments and NOT deposits for this present matter. All the parties involved know very well that there were no deposits, but in an attempt to keep the money and spend it they way they see fit they claim it was DEPOSIT. [EminiFX was NOT a bank.]

## STATEMENT OF FACTS

The factual background of this case has been laid out in prior filings and orders. Familiarity with these facts is assumed for purposes of this motion. At issue here is the motion for required joinder of parties or permissive joinder filed by the pro se EminiFX investors through numerous motion to intervene and rejected by the presiding judge. These motions have been docketed Nos: 256, 316, 365, and 438. These motions to intervene have been repeatedly denied or STRIKEN from the records by court orders in an attempt to quiet down the demand for intervention from the Receiver-made victims. With the latest denial, Dkt. 442 denying Dkt. 439 (& 438, Mr. Pierre's letter to Honorable Judge Caproni), Mr. Alexandre is filing a motion for reconsideration claiming violation of due process and a reconsideration of the motion on merits for a substantive resolution leading to a proper adjudication of these requests in accordance with his previous position noted on the records in his answer to the CFTC complaint (the

Answer).

Mr. Pierre Acluche (hereinafter "Mr. Pierre"), pro se intervenor advanced that his group of investors have an interest in these proceedings and claimed that his/their interests are not properly represented by the parties involved and that without the joinder of the parties the resolution of the case will not allow him to present his claims and will lead to harm and prejudice of his/their rights. The supreme Court and numerous courts are in agreement that a pro se submission must be viewed favorably and not be belittled or just ridiculed by the court for not having the legal acumen to make the best argument before the court in the same manner a juris doctor would. This is why they must be construed liberally. This is so engrained in our legal system that it does not need a citation or case law. As a pro se intervenor, Mr. Pierre's argument must be construed as their best possible argument even if/when he is unable to articulate them in this fashion. Mr. Alexandre knows firsthand that this judge has shown resentment against pro se defendants, including himself, but the laws are there to protect the public. e.g. In prior motion to intervene Judge Caproni pointed to the Eleventh Circuit's citations as not controlling.

## MEMORANDUM OF POINTS OF AUTHORITIES

### REQUIRED PARTY LEGAL STANDARD

I- "Required Party" Analysis

    a) Complete Relief Among Existing Parties: first prong of the required party definition

    b) The Absent Person's "Claim of Interest: second prong of the required party definition

II- Equity and Good Conscience

There are several rules of civil procedure relevant to this instant issue. Rule 18 provides that a party may join, as independent or alternative claims, as many claims as it has against an opposing party. Fed.R.Civ.P. 18(a). Rule 19 sets forth when parties are--required-- to be joined in an action. It states that a party must be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed.R.Civ.P. 19(a)(1). This rule also sets out factors for whether a motion should proceed or be dismissed if such required joinder is not feasible. Fed.R.Civ.P. 19(b).

Rule 20 sets forth the rule for--permissive--joinder of parties.  It states that a person may join an action as a plaintiff if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.  Fed.R.Civ.P. 20(a)(1) Defendants can be joined if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and and (B) any question of law or fact common to all defendants will arise in the action, Fed.R.Civ.P. 20(a)(2).  Finally, Rule 21 states that "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed.R. Civ.P. 21.

With regard to the joinder, the United States Supreme Court has indicated that the Federal Rules of Civil Procedure permit "the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encourage." United Mine Workers v. Gibbs, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).  The driving policy rationale for this is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." 7 Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure section 1652 (1986).

However, in cases involving many different defendant entities, the Second Circuit has recognized that a plaintiff must make a "showing of a right to relief arising from the same transaction or series of transactions" or allege a "conspiracy" or other "concert of action" among the various defendants or at least a "connection" between the practices engaged.  Nassau County Ass'n of Ins. Agents, Inc. v. Aetna Life & Casualty Co., et al., 497 F.2d 1151, 1154 (2d Cir. 1974) (finding plaintiff could not properly join 164 defendants.)

[LEFT EMPTY]

Still "There is no right rule as to what constitute the same series of transactions or occurrences for the purposes of joinder under Rule 20." Agnesini v. Doctor's Assocs., Inc., 275 F.R.D. 456, 458 (S.D.N.Y. 2011) (internal quotation and citation omitted).  Rather, courts must assess whether there is a "logical relationship" between the claims asserted to determine "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Yi Liu v. Selective Inc. Co. of Am., No. 13-cv-5997 JS AKT, 2013 U.S. Dist. LEXIS 177782, 2013 WL 6537176, at *2 (E.D.N.Y. Dec. 13, 2013) (internal quotations and citations omitted); Agnesini, 275 F.R.D. at 458-59; see also Ayco Co. v. Frisch, 11-cv-580 (LEK/RFT), 2012 WL 12887701 *4 (N.D.N.Y. Aug. 13, 2012) (citing Fed.R.Civ.P. 13 for the "genesis" of the "logically related" standard).

II- Equity and Good Conscience

    To the extent that there exist a failure to establish that the a party qualifies as necessary under Rule 19(a), then the court need not decide whether its absence warrants dismissal under Rule 19(b), however, there is no request for dismissal at bar and the EminiFX investors as prime beneficiaries of the funds invested in the company deserve the opportunity to intervene as a matter of right to avoid a multiplicity of lawsuits and claims.  For the sake of completeness, this Court has found that to satisfy the equity and good conscience, it must allow the action to proceed with all the interested parties according to Fed.R.Civ.P. 19(b).  There could be efficiencies in grouping such claims together in a single action.

    It's notable that the plaintiff and honorable Judge Caproni did not cite any case law that would prohibit joinder of different investors' claims that arise under the same Receiver's distribution plan or that involved the same enforcement action and Receiver's breach of fiduciary responsibility to the EminiFX investors and the resulting massive losses from the same Estate administrator.  See Viacom Int'l, Inc. v. Kearney, 212 F.3d 721, 724 (2d Cir. 2000).

    The Second Circuit has instructed that district courts "should take a flexible approach when deciding what parties need to be present for a just resolution of the suit." Jaser v. New York Prop. Ins.

Underwriting Ass'n, 815 F.2d 240, 242 (2d Cir. 1987).  Under this standard, "very few cases should be

terminated due to the absence of nondiverse parties unless there has been a reasoned determination

that their nonjoinder makes just resolution of the action impossible." Id.

## ARGUMENT

For judicial economy and Equity and Good Conscience, the standard militates significantly in favor

of allowing the EminiFX investors to intervene to join this present action.  As the case is it infancy,

there is no discovery phase yet and the litigation just started in the pleadings.  The Second Circuit has

considered judicial economy in assessing the adequacy of relief possible with and without the non-joined

party, Under Rule 19(b)(3)-(4).  Id.  It would make little sense to let the case progress until the end to

then start fielding multiple lawsuits for the same claims that could have been resolved at inception.

While Rule 19(b) includes four factors to guide the court's consideration of indispensability, it does

not require that every factor support the motion to intervene or the district court's determination.

The first factor asks the court to consider "the extent to which a judgment rendered in the person's

absence might prejudice that person or the existing parties." Fed.R.Civ.P. 19(b)(1).  This factor

tracks the considerations of the 19(a)(2)(ii), Haas v. Jefferson Nat. Bank of Miami Beach, 442

F.2d 394, 399 (5th Cir. 1971), because the considerations of whether a party's interest may be

impaired, and whether a party may be prejudiced, overlap substantially.  See also Wright & Miller,

Fed. Prac. & Proc. Civ. section 1608 (#d ed. 2004) (noting that Rule 19(b)(1) is "partially a reiteration

of portions of Rule 19(a)").  As in Rule 19(a), the burden of persuasion in 19(b) rests with the moving

party.  Tae H. Kim v. Ji Sung Yoo, 776 F. App'x 16, 20 (2d Cir. 2019).  As documented on the records

the EminiFX investors have carried their burden in describing the nature of the Estate's interests,

and their personal interests and further made clear how such interests would be prejudiced by the

denial of their motion to intervene and joinder of party request.   Henceforth, the Equity and Good

Conscience standard requires the approval of the motion to intervene as matter of right.

## JOINDER OF PARTIES OR CLAIMS

The EminiFX investors have manifested their willingness to intervene very early in this action,

and at every step of the way, they have been pushed around and relegated in the background as if

they are not an integral part of the money that they receiver is eating with his friends with his creative

quarterly billing at the tune of millions.  As investors in the EminiFX investment club, Mr. Alexandre

recognizes that right from every member to have his voice heard on the matter and they did their

very best to achieve that.  Instead, they were rerouted to submit third party messages to the very

same receiver against which they asserted these claims, what a travesty!  This is unheard of and

this attempt to silence their claims and have the receiver translate/interpret or reframe their claims

against him and his actions infringe on their constitutional and statutory rights.  Where in the world

if someone has a claim against somebody, you must have that somebody handles your claims?  There

is inherent conflict of interests.  Ever since the receiver stepped into the shoes of EminiFX he is no

longer qualified to self-represent the interests of the investors while representing the interest of the

Estate.  The conflict is not only blatant but it is apparent in the numerous interventions he made to

against the better judgment of the EminiFX investors in a stark contrast to what other well rounded

receiver have done to protect the assets of the Company they took over.   The goal of protecting

the status quo ante was not achieve due to the receivers lack of knowledge and ill-intended goal

to destroy the company at all costs to claim a Ponzi scheme and inherit the power to ARBITRARILY

decide how much he wants to pay each investors on DEPOSITS and NOT INVESTMENTS.

This is NOT for the receiver to decide what to do with the investors MONEY.  Mr. Alexandre joins

his voices to the EminiFX investors calling for accountability from this receiver for the massive losses

incurred by the Investment club ONLY AFTER the interventions of the Receiver.  There is no way the

receiver and the CFTC who appointed this receiver for Court-approval can defend both claims at the

same time arising from the same conduct of the CFTC enforcement and the receiver's destruction. The

EminiFX Investors clearly and unequivocally expressed that their claims cannot be properly addressed

by the parties in these proceedings without allowing to intervene and stake their equity interests.

The FUNDS at issue are the massive losses incurred by the Receiver liquidating the Crypto Portfolios,

and the Real Estate portfolios.  The Judge, the Receiver and the CFTC are not allowed to resolved

these issues of material facts, this is for a jury to decided and the EminiFX investors must be allowed

to intervene as a matter of rights as required party, or in the alternative as permissive joinder.

New York recognizes that MONEY is the sort of property that may be subject of a conversion action,

the money must be held in a specific, identifiable fund and subject to an obligation to return or

otherwise treat in a particular manner the specific fund in question.  See Citadel Mgmt., Inc. v. Telesis

Tr., Inc., 123 F. Supp. 2d 133, 147-148 (S.D.N.Y. 2000);  accord Fam. Health Mgmt., LLC v. Rohan Dev.,

LLC, 207 A.D.3d. 136, 143-145, 171 N.Y.S.3d 44 (1st Dep't 2022).  Kemanshah v. Kermanshah, No.

08-cv-409, 2010 U.S. Dist. LEXIS 45896, 2010 WL 1904135 (S.D.N.Y. May 11, 2010).  Individual

part of contract at issue is deemed required in a breach of contract dispute.  Here the Claim is

Mr. Alexandre breach a contract with the investors by defrauding them instead of delivering what

he promised.  See 2010 U.S. Dist. LEXIS 45896. [WL] at *3 (invoking the "well established" rule

that "a party to a contract which is the subject of litigation is considered a necessary party").  That

rule has full application in this case where the government has filed a complaint against Mr.

Alexandre and EminiFX for having lied to investors in a contract to perform a service with the

promises to deliver a certain return over investments.  Since the Receiver in stepping into the

shoes he will never as EminiFX be able to protect EminiFx and the Investors at the same without

a clear and blatant conflict of interests leaving the EminiFX unprotected with the Receiver's

conflicted position in addition to him keeping the money as long as possible to eat it with his

friends and team.

THE RECEIVER IS CONFLICTED AND CANNOT REPRESENT THE INVESTORS' INTERESTS

 The intervenors, inter alia, Mr. Pierre for the EminiFX investors in that motion to intervene

argue that they must joined as required to protect their equity interest and made many attempt to

do so.  However, to the extent that the presiding judge is blocking their access to a fair and just

outcome, they are still necessary as a party, and they alleged differences and lack of commonality

with the EminiFX Estate.  As far as the EminiFX investors are concerned, the causality in the relationship

with EminiFX and the fact the receiver stepped into the shoes of EminiFX rendered the receiver

a defendant in these proceedings against the claims of the investors and not a plaintiff, therefore

as such the receiver is conflicted and cannot adequately protect the claims of the investors against

the actions of the receivers and the attack of the CFTC harming the equity interests of the investors.

 The investors are requested a direct access to the court to raise their claims for a fair and just

adjudication.  Since these Equity interest are not identical and conflicting at best, there is a just

need for a joinder of party.  Polargrid LLC v. Videsh Sanchar Nigam Ltd., No. 04-cv-9578, Am. Corp.

v. Barga Lemgruber, 385 F. Supp. 2d 200, 232-33 (S.D.N.Y. 2005) (joinder not required where non-party's

are "adequately protected" by existing plaintiffs) distinguishable in context as the interests in this

action are not adequately protected and unequivocally abused by this receiver.

RECEIVER'S SECRET FILINGS

 The EminiFX investors requesting intervention observed a weird and dangerous behavior pattern

between the receiver and the court filing everything under SEAL keeping the public at bay in the dark

about what's being filed while it impacts their pockets and the outcome of the case.  There is no nexus

by which this receiver can be the accused, eating the funds, prolong his stay at the Estate and lavishly

paying himself and some bloggers and certain members of EminiFX to publish his falsehoods on the

internet will be able to protect the investors claims against himself.  This is outrageous.   The EminiFX

investors want to have a the opportunity to intervene instead of filing a thousand separate claims

to the court to protect their interests in a flurry of individual lawsuits that the laws of the State afford

them as a matter of right.  The investors need access and want to exercise their right to intervene.

It is clear that this receiver only deals with people who sue him and everyone who sue got paid for his

arbitrary rejection forcing him to behave, but the investors being denied the right to intervene.  That

in itself is a travesty.  This receiver destroyed the entire EminiFX infrastructure from day for a fully

working platform where every member has access to their information to only charged them ten of

millions to build a platform for them to see their data (that he destroyed) and arbitrarily denied

ten of thousands and arbitrarily approve ten of thousands.  This receiver is not protecting the

interests of the members.


 [LEFT EMPTY]

THE EMINIFX INVESTORS SUFFICIENTLY PLEADED DIRECT CLAIMS

In the Sate of New York, in assessing whether a claim should be brought directly or derivatively, New York Courts consider "(1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders [investors], individually);" Yudell v. Gilbert, 99 A.D. 3d 108, 113-14, 949 N.Y.S.2d 380 (1st Dep't 2012) (adopting the Delaware Supreme Court's test from Tooley V. Donaldson, Lufkin & Jenrette, Inc., 845 A.2d 1031, 1035 (Del. 2004); see also Glenn v. Hoteltron Sys., Inc., 74 N.Y.2d 386, 392, 547 N.E.2d 71, 547 N.Y.S.2d 816 (1989) ("where ... the plaintiff sues in an individual capacity to recover damages resulting in harm, not to the corporation, but to individual shareholders, the suit is personal, not derivative, and its is appropriate for damages, to be awarded directly to those shareholders [investors]"). Therefore, the attempt of the EminiFX investors to raise a claim or claims in these proceedings is not only warranted but could also be done in the State Courts, but for judicial economy the EminiFX investors decided to forgo individual separate claims for those that can be resolved in these proceedings without giving up their rights to file to sever any other claims that are deemed separate and outside of the realm of these been adjudicated under these proceedings.

Mr. Alexandre believes that further blocking EminiFX investors' intervention will cause irreparable harm to their ability to raise their claims within the time allowed to seek damages for the harm caused for this enforcement action and the receiver-made disaster destroying the assets of the company and the assets of the investors/shareholders of the EminiFx investment club led by Mr. Alexandre, then CEO of the corporation pre-receivership. To stay within the statute of limitations to raise valid claims and seek proper adjudication of these claims, the EminiFx investors must timely raise and file these claims in the proper forum and effectively argue them within the due process clauses. The current blockage waiting their efforts preventing them from having a seat at the table while paying supporting bloggers to dissimulate inaccuracies, falsehoods, innuendos, and omissions are hurting the equity interest of the EminiFX investors in ways that goes beyond what the CFTC and the receiver can repair. The EminiFX investors must be given the opportunity to stake their claims and intervene as a matter of right.

CONCLUSION

Mr. Alexandre would like to reaffirm his support for the EminiFX investor's motion to intervene as submitted by Mr. Pierre, Dkt. 439 and previous attempts consistently rejected without giving Mr. Alexandre the opportunity to state his position instead of a sua sponte order by the presiding judge. After reviewing the numerous rejections from the bench and the arguments raised by the intervenors, and having provided more controlling authority, inter alia, the position of the Second Circuit instead of the Eleventh Circuit proffered by the intervenors, it is clear that the EminiFX Investors' behind this motion made a strong showing of WHAT is their interest, HOW their interest is impacted by the actions of the CFTC and the Receiver, and WHY the current parties cannot adequately, in good conscience, represent their interests in these proceedings. The conflict of interests are profound and infringe the constitutional and statutory rights of the EminiFX investors. When the CFTC is accused of advancing falsehoods to start this instant action and had no jurisdiction and even contributed to certain massive losses to the investors, they are subject to a variety of claims. To the Extent that the receiver stepped into the shoes of EminiFX as the company accused of committing this Commodity fraud, the actions of the Receiver are in direct conflict with the interests of the EminiFX investors and will be subject to reparations and numerous claims. In this context, the receiver is lavishly paying himself from the investors funds without any real oversight besides the rubber-stamping from the presiding judge, the investors are not protected.

The EminiFX investors have seen real and qualified receiver perform their job with excellence in other cases, far from the debacle and receiver-made disaster observed in this case. The receiver must be held to answer for the breach of his fiduciary duty toward the EminiFX Estate, And toward the EminiFX investors and answer for all of his harmful actions based gross negligence, Lack of industry knowledge and nefarious actions of defamation, slander and libel using internet bloggers of ex-EminiFX members to propagate his agenda and declare EminiFX a Ponzi so he can unilaterally decide what to do with the money and how to do it without any oversight. The receiver and this court has no power to take and dispose of any property from the public without a jury trial because our forefathers knew that the government and the judge are one and the SAME. Hence, they made sure that the Seventh ("7th") Amendment was created to protect the

public from unilateral decisions taken between a judge acting as an agency judge (Title I) and a judge acting in the interest of the public (Title III) Judge where a JURY is involved to be the one and ONLY TRIER of facts (deciding what is fact or not). In these secretive proceedings and sealed exchanges between the receiver and the judge, the public rights to know is abused and the interest of the EminiFX is not adequately protected by the current parties involved. Mr. Alexandre will file a motion for unsealing and disclosures under the First Amendment rights to get a copy of the secret tax negotiations and tax filings behind EminiFX investors' back. This is a required disclosure to support Mr. Alexandre's defense and public interest. Mr. Alexandre does not trust the government can be trusted to secretly share document within itself in a dark room so the EminiFX investors and the accused cannot SEE while releasing some small bits to spoil the jury pool and the public with carefully crafted omissions, inaccuracies and misleading statements. Mr. Alexandre and the EminiFX investors supported a accounting injunctive relief for the Receiver to produce certified accounting reports instead of the creative reports and sealed documents as filed on the docket.

The receiver is conflicted AND has made numerous interventions in the media to confirm his bias and ill-intent to harm Mr. Alexandre and destroy the assets of EminiFX and keep this money as long as possible to eat it the best he could without paying the investors their investments with profits calling them deposits. Outrageously so, the judge found he is a great receiver. The appearance of conflict and impropriety is beyond appalling. Up to now, until Mr. Alexandre challenged his TAX determination, the receiver was going around telling people the EminiFX corporation owed annual corporate TAX and kept all tax filings SEALED or SECRET. This is abhorrent is according to MR. ALEXANDRE that's a lie. EminiFX is a S-CORP with ZERO annual corporate income tax. The corporation paid all of its quarterly operations taxes, and all employees taxes through a professional accounting service. The fact that receiver kept on repeating that falsehood speaks volume on his intent to mislead. Furthermore, the receiver took it upon himself to turn the EminiFX post receivership into a QSF (FUND) with a heavy tax liability. This too shall be addressed with the investors having a say in addition to Mr. Alexandre as the sole party having a platform to raise claims against the receiver's actions. Mr. Alexandre has nothing to hide, welcome and support the motion to intervene by the EminiFX Investors as submitted numerous

time by Mr. Pierre.

WHEREFORE, based on the reasons stated in the original motion to intervene, and substantive arguments developed as reinforcement above, this Court should reconsider the ORDER Dkt. 442 denying the EminiFX investors motion to intervene as submitted by Mr. Pierre and GRAND the motion to intervene as a matter of right under required party or permissive joinder.   In the alternative, GRANT this motion to intervene under Equity and Good Conscience in accordance with the previous rulings of this Second Circuit.

Respectfully submitted,

Dated on February 10, 2025

/S/ Eddy Alexandre

Eddy Alexandre, pro
Reg. No. 00712-510
ex-CEO, Founder of EminiFX
FCC Allenwood Low
P.O. Box 1000
White Deer, PA 17887

cc: Mr. Acluche Pierre
Via regular mail as addressed in the certificate of service.

enclosure

Application DENIED.  Mr. Alexandre lacks standing to challenge the Court's decision on Mr. Acluche's motion to intervene.  *See City of Orrville, Ohio v. FERC*, 147 F.3d 979, 990 n.12 (D.C. Cir. 1998) (noting that a party lacks standing to challenge denial of non-party's motion to intervene).  Regardless, the arguments he raises are irrelevant because the governing rule for motions to intervene is Federal Rule of Civil Procedure 24, not the rules cited in this motion.  The Court has already explained why intervention is inappropriate pursuant to Rule 24.  *See* February 14, 2024, Order, Dkt. 256.

Mr. Alexandre is also incorrect to suggest that he was not given an opportunity to respond to Mr. Acluche's motion to intervene.  The Court explicitly granted him such an opportunity when Mr. Acluche first made his motion in early 2024.  *See* January 22, 2024, Order, Dkt. 247 (providing that "[a]ny response to the EminiFX investors' motion [to intervene] is due not later than February 2, 2024").  Mr. Alexandre declined to file a response.

The Clerk of the Court is respectfully directed to mail a copy of this Order to Mr. Alexandre and to note the mailing on the docket.

 SO ORDERED.

*Valerie Caproni*    2/21/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE