**MEMO ENDORSED**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

COMMODITY FUTURES TRADING COMMISSION,

    Plaintiff,

v.

EDDY ALEXANDRE, and
EMINIFX, INC.,

    Respondents.
_____x

Case No. 22-CV-3822

Judge Caproni (VEC)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/13/2025

## MOTION FOR RECUSAL, DISQUALIFICATION, AND REASSIGNMENT

Eddy Alexandre (Hereinafter referred as "Respondent" or "Mr. Alexandre"), acting pro se, submits this motion seeking an order for the recusal and disqualification of Honorable Judge Valerie E. Caproni from presiding over the above-captioned case, and for the reassignment of this matter to another judge in the Southern District of New York (the "SDNY"). This motion is made pursuant to 28 U.S.C. SSSS 144 and 455, and applicable local rules of this court.

### PRELIMINARY STATEMENT

Mr. Alexandre's request stems from a growing concern regarding the impartiality of Judge Caproni, characterized by a series of rulings, and remarks which reflect bias against him and a predetermined mindset regarding the nature of his involvement in the case. Specifically, Judge Caproni has repeatedly stated that Respondent has admitted to defrauding investors during the criminal proceedings and has shown a clear tendency to favor the Commodity Futures Trading Commission (CFTC), as well as actions taken by the Receiver, whilst disregarding motions and arguments presented by Mr. Alexandre and other affected investors.

### BACKGROUND

1. Case Overview

The current litigation is a civil enforcement action initiated by the CFTC against Mr. Alexandre and EminiFX in conjunction with a parallel criminal prosecution initiated by the United States Attorney's

Office ("USAO"). Following a retraction of a proposed agreement by the CFTC, Mr. Alexandre filed for pro se representation before Judge Caproni after his legal representation sought withdrawal.

2. Procedural History

Since assuming pro se representation, Mr. Alexandre has filed multiple motions to preserve his rights and to challenge various actions taken by the opposing parties. These filings aim to ensure fair treatment and compliance with due process.

FACTS SUPPORTING RECUSAL

1. Judge Caproni has exhibited personal bias, including dismissive comments toward Mr. Alexandre's fillings, impeding his rights to present a defense.

For instance, in an early hearing, the judge expressed, " I do not believe Mr. Alexandre," regarding a motion for an extension of time, disregarding evidence provided (mail receipts).

2. A pattern of bias is evident through her willingness to grant every request made by the Receiver, while systematically denying motions from Mr. Alexandre and over 1,000 investors opposing the Receiver's plan to liquidate assets at significantly reduced market prices.

3. The Judge has denied motions on boilerplate grounds related to assumed admissions of liability by Mr. Alexandre without considering the distinct and substantive issues raised in those motions. Such an approach violates the principles of fairness and impartiality.

4. The Jude has also taking unilateral actions, such as opposing the agreement for the return of Mr. Alexandre's personal laptop, a move unsupported by the merits of the case or justifiable legal reasoning, and has blocked discovery requests vital to Mr. Alexandre's legal defense.

5. Judge Caproni's history as Chief Counsel for the FBI raises concerns about her ability to impartially adjudicate issues involving governmental authority and allegations of corruption, as demonstrated by her alignment with the CFTC's positions and the Receiver's actions throughout these proceedings.

6. Judge Caproni violated the FRCP by requesting the CFTC to file a motion for summary judgment after denying Mr. Alexandre's initial motion to dismiss for failure to state a claim, without allowing him to file an answer to the Complaint pursuant to the FRCP.

7. Judge Caproni violated the FRCP by bypassing the discovery moving into summary judgment without allowing Mr. Alexandre access to discovery to prepare and defend against the charges of the CFTC's Complaint. That behavior is akin to a Title I judge working for the CFTC as an "agency judge" versus a Title III judge in a common law case acting as a neutral arbiter with a jury as the trier of fact.

8. As a result of these actions the public went ahead and filed a new petition to decry the impartiality of Judge Caproni since they are blocked from claiming their rights and are observing the bias demonstrated by judge Caproni's statements and actions.

9. Judge Caproni favorite rejection is that she's denying the motion because Mr. Alexandre "provided" no authority in the face of multiples citations and case laws.

LEGAL STANDARD

28 U.S.C. SSSS 144 and 455 provide critical legal standards governing judicial recusal:

1. 28 U.S.C. SS 455(a) mandates that a judge must disqualify themselves from any proceedings in which their impartiality might reasonably be questioned. This includes a personal bias or prejudice toward a party, or personal knowledge of disputed evidentiary facts.

2. 28 U.S.C. SS 144 requires recusal if a party submits a timely and sufficient affidavit demonstrating that the judge has a personal bias or prejudice against them. It is notable that bias must stem from an extrajudicial source and that judicial rulings alone, rarely suffice as grounds for disqualification under SS 144.

3. The Second Circuit has established that a "reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned." U.S. v. Bayless, 201 F.3d 116, 126 (2d Cir. 2000). The objective test of impartiality under SS 455 mandates vigilance against even the appearance of impropriety, emphasizing that "the probability of actual bias on the part of the judge...is too high to be constitutionally tolerable." Caperton v. A.T. Massey Coal Co, 129 S.Ct. 2252, 2262-63 (2009).

WHERFORE, in light of the overwhelming evidence of bias and prejudicial behavior exhibited by Judge Caproni, Mr. Alexandre respectfully requests that this Court grant this motion for recusal, disqualification, and reassignment. Such action is necessary to uphold the integrity of the judicial

process and ensure a fair adjudication of this matter for all parties involved.

                            Respectfully submitted,

Dated on March 6, 2025

                            /S/ Eddy Alexandre

                            Reg. No. 00712-510
                            Former CEO & Founder of EminiFX
                            FCC Allenwood Low
                            P.O. Box 1000
                            White Deer, PA 17887

enclosure: Exhibit A (new investor's petition)

Application DENIED.  Judges must recuse themselves from "any proceeding in which [their] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  There is no reason to question the Undersigned's impartiality.

The first, second, third, fourth, and ninth "facts supporting recusal" set forth in this motion are mere expressions of Mr. Alexandre's disagreements with the Court's rulings in this case.  "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007).  Because the Court's decisions in this case have been based exclusively on legal and factual analysis, they do not suggest favoritism or antagonism.

The fifth "fact[] supporting recusal" does not provide a basis from which to infer partiality.  "The personal background and experience of a trial judge is [a] legally insufficient [ground] for disqualification."  *Thorpe v. Zimmer, Inc.*, 590 F. Supp. 2d 492, 500 (S.D.N.Y. 2008) (citation omitted).  Moreover, the Court fails to understand how the Undersigned's past employment with a government agency suggests that she would be unable to impartially preside over a case relating to an entirely different government agency.

The sixth and seventh "facts supporting recusal" misrepresent the history of this case.  The Court adopted the summary judgment briefing schedule that the CFTC, the Receiver, and Mr. Alexandre voluntarily proposed.  *See* Dkt. 357.   It is the responsibility of the the parties, not this Court, to conduct discovery to the extent they deem it necessary.  Moreover, Mr. Alexandre filed an answer to the Complaint in August 2024.  *See* Dkt. 377.

The eighth "fact[] supporting recusal," which the Court assumes is a reference to the various motions to intervene that have been filed in this case, is irrelevant.  The fact that some non-parties have moved to intervene in this action is entirely unrelated to the question of whether the Undersigned is impartial.

Given the lack of legal authority for Mr. Alexandre's motion, the Court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that any interlocutory appeal of this order would not be taken in good faith.  Therefore, permission to proceed *in forma pauperis* on interlocutory appeal of this order is DENIED.

SO ORDERED.

3/13/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE