**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/9/2025

RECEIVED
APR 07 2025
PRO SE OFFICE

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
COMMODITY FUTURES TRADING
COMMISSION,
      Plaintiff,

New York, N.Y.

v.

Case No. 22-cv-3822

EDDY ALEXANDRE, and
EMINIFX, Inc.,
      Respondents.
_____x

## MOTION FOR LEAVE TO FILE COUNTERCLAIM AND CROSS-CLAIM AGAINST THE RECEIVER

Respondent, Eddy Alexandre, respectfully moves this Court for leave to file a counterclaim and cross-claim against the Receiver, David Castleman, in this ongoing civil proceeding. This motion arises out of a series of retaliatory actions taken by the Receiver against Respondent and his family, and it is grounded in claims of defamation, abuse of process, and violation of fiduciary duty.

### I. BACKGROUND

Since the initiation of this matter, Respondent has faced considerable hostility from the government, particularly the Commodity Futures Trading Commission (CFTC) and its appointed Receiver. Subsequently, the Receiver has filed a lawsuit against Respondent's spouse, attempting to tarnish her reputation, and destroy her and character to generate billable hours, despite her not being charged with any wrongdoing related to this case. The claims made against her and Respondent are wholly unfounded and appear to be an attempt at character assassination motivated by the Receiver's personal vendetta.

The Receiver's actions amount to harassment and an abuse of the legal system, utilizing funds from the very investors that he is appointed to protect to pursue frivolous and vexatious litigation. Such conduct not only violates essential principles of fiduciary responsibility as outline in Gordone v. Marrone, 202 F.3d 489 (2d Cir. 1999), but also constitutes an affront to Judicial economy as it forces Respondent and his spouse to defend themselves against multiple lawsuits in different venues.

### II. ARGUMENT

#### A. Legal Standard for Leave to File Counterclaim

Under Rule 13 of the Federal Rules of Civil Procedure, a party may plead a counterclaim against an opposing party. Leave should be granted "when justice so requires" Fed.R.Civ.P. Rule 15(a). Furthermore, courts generally favor the resolution of all claims in a single forum to prevent duplicative litigation and promote judicial efficiency.

#### B. Claims Against the Receiver

**1. Defamation**
The Receiver's unfounded allegations against Respondent's spouse inflict reputational harm, establishing a prima facie case for defamation as outlined in New York Times Co. v. Sullivan, 376 U.S. 254 (1964).

**2. Abuse of Process**
The Receiver's actions represent an abuse of process, as they have no legitimate purpose but serve to harass and vex Respondent. This is consistent with precedent set in Friedman v. De Ruyter, 119 A.D.3d 624 (2d Dep't. 2014).

**3. Breach of Fiduciary Duty**
The Receiver's pursuit of frivolous litigation represents a clear dereliction of his duty to act in the best interests of the EminiFX

estate. The Receiver's fiduciary duty denotes not only the duty to protect estate assets but also to avoid engaging in self-serving behavior that undermines those assets (see Liquidation of National Union Fire In. Co. of Pittsburg, PA, 70 N.Y.2d 558 (1987)).

C. Sanctions Under Rule 11

The Court has the authority to impose sanctions for frivolous filings and abuse of the litigation process under Fed.R.Civ.P. Rule 11. The Receiver's persistence in bringing baseless lawsuits suggests an intent to unduly burden Respondent and his family with litigation costs and stress, meriting judicial scrutiny and possible sanctions.

D. Judicial Economy

This proposed Counterclaim and cross-claim seek to address all pertinent issues in one unified action, since the actions of the receiver are what destroyed the values of EminiFX portfolios to make a statement true or untrue to justify the falsehoods alleged by the Government, addressing these claims is paramount to resolve this case ultimately promoting efficiency and conserving judicial resources, a principle underscored in Morris v. Tully, 36 A.D.3d 26, 26-31 (2d Dep't 2006).

WHEREFORE, for the reasons stated, Respondent respectfully requests that this Court grant leave to file a counterclaim and cross-claim against the Receiver for defamation, abuse of process, and breach of fiduciary duty. Additionally, Respondent seeks appropriate sanction against the Receiver under Rule 11 for his vexatious litigation practices.

Respectfully submitted,

Dated on March 30, 2025

/S/ Eddy Alexandre

Eddy Alexandre, pro se
Reg. No. 00712-510
Former CEO & Founder of EminiFX
FCC Allenwood Low
P. O. Box 1000
White Deer, PA 17887

enclosure: First page on this docket CFTC-Dkt. No. 465-1 "receiver's action in NYS Supreme Court'

Application DENIED. "Although Fed. R. Civ. P. 15(a) provides that leave to amend should be given freely when justice so requires, where, as here, there is no merit in the proposed amendments, leave to amend should be denied." *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990). The fact that Mr. Castleman has filed a separate lawsuit in his capacity as the Court-appointed Receiver in this case does not give rise to any inference of wrongdoing; in fact, the Statutory Restraining Order authorizes him to do precisely that. Dkt. 9 at ¶ 31(i). Accordingly, Mr. Alexandre's proposed claims against the Receiver are meritless. If Mr. Alexandre is correct that the allegations against his spouse are unfounded, then she will quickly be able to dispose of the Receiver's case against her without this Court's intervention.

Additionally, even if Mr. Alexandre's proposed claims were not frivolous, the Court would still deny his request for leave to amend as untimely. Mr. Alexandre has already consented to a summary judgment briefing schedule without taking any discovery, *see* Dkt. 356, the Court has approved the Receiver's plan of distribution, *see* Dkt. 431, and the CFTC's motion for summary judgment is fully briefed, *see* Dkt. 436. Adding new claims at this "late stage" of litigation would only "hinder the speedy resolution" of this case. *Taylor v. Trigeno*, No. 16-CV-01143, 2022 WL 22664213, at *1 (S.D.N.Y. May 3, 2022) (denying leave to amend).

Given the lack of legal authority for Mr. Alexandre's motion, the Court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that any interlocutory appeal of this order would not be taken in good faith. Therefore, permission to proceed i*n forma pauperis* on interlocutory appeal of this order is DENIED.

The Clerk of the Court is respectfully directed to mail a copy of this order to Mr. Alexandre and to note mailing on the docket.

SO ORDERED.

*[Signature: Valerie Caproni]*  4/9/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE