IN THE UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

COMMODITY FUTURES TRADING COMMISSION, -u

*Plaintiff-Appp,lee,*

**V.** «..,1

*CI*

EDDY ALEXANDRE AND EMINIFX, INC.,

*Defendants-Appellees,*

**v.**

EMINIFX INVESTORS,

*Movant-Appellants.*

On Appeal from the United States District Court

for the Southern District of New York

(No. 1 :22-cv-03822-VEC) (Hon. Valerie Caproni)

BRIEF FOR MOVANT-APPELLANT

Pierre Acluche

EminiFX Investors

*Prose*

905 Hines Ave

Lehigh Acres, Fl 33972

(239) 297-6209

pmacluche@gmail.com

None.

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Movant-

**Corporate Disclosure Statement**  i

**Corporate Disclosure**

**Statement**

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Movant

Appellants EminiFX Investors make the following disclosures:Appellants

EminiFX Investors make the following disclosures:

• For non-governmental corporate parties please list all parent corporations:

• For non-governmental corporate parties please list all parent corporations:

None.None.

• For non-governmental corporate parties please list all publicly held

• For non-governmental corporate parties please list all publicly held

companies that hold 10% or more of the party's stock:companies that hold

10% or more of the party's stock:

None.

**Table of Contents**

*Page(s)*

CORPORATE DISCLOSL'R[ STAT[1\1E T ...................................................... i

TABLE OF CONTENTS ................................................................... ii

TABLE OF AUTHORITIES .................................................................. iii

INTRODUCTION ................................................................... 1

STATEMENT OF JURISDICTION ........................................................ 3

STATEMENT OF THE ISSUE ............................................................ 4

STATEMENT OF THE CASE ............................................................ 4

ARGUMENT ............................................................................... 5

  Standards of Review .................................................................. 5

  The District Court Committed Reversible Error by Denying Appellant Its Due Process Right to Make Its Motion ........................................................ 8

  The District Court Erred Because Appellant's Motion Properly Plead That the Receiver Was Not Representing Investors' Best Interests ................................. 12

CONCLUSION ....................................................................... 16

EXHIBIT A: LIST OF EMINIFX INVESTORS ................................................... 18

# Table of Authorities

*Page(s)*

## Cases

*Avon Nursing & Rehab. v. Becerra,* 119 F.4th 286, 292 (2d Cir. 2024) ............. 3, 11

*Bridgeport Guardians, Inc. v. Delmonte,* 602 F.3d 469, 473 (2d Cir. 2010) ............ 6

*Briscoe v. City of New Haven,* No. 3:09-CV-1642 (CSH) (D. Conn. Oct. 5, 2012) .. 6

*Catanzano by Catanzano v. Wing,* 103 F.3d 223,232 (2d Cir.1996) ...................... 12

*CFTC v. Efrosman,* No. 05-CV-8422 (KMW) (S.D.N.Y. 2012) ............................... 9

*Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) ........................................................................................................... 15

*Crum & Forster Ins. Co. v. Strong Contractors, Inc.,* 488 F. Supp. 3d 192 (E.D. Pa. 2020) .............. ........................................................................................................... 15

*Donaldson v. United States,400* U.S. 51 7, 531, 91 S.Ct. 534, 542-43, 27 L.Ed.2d 5 80 ( 1971) ........................................................................................................... 14

*Fisher v. U S. ,* 425 U.S. 391, 410 (1976) .................................................................. 10

*Floyd v. City ofN.Y,* 770 F.3d 1051 , 1057 (2d Cir. 2014) ....................................... 12

*Floyd v. City of New York,* 302 F.R.D. 69, 100-01 (S.D.N.Y. 2014) ........................ 8

*Giesecke & Devrient Gmbh v. United States,* 17-1812, 21 (Fed. Cl. 2022) ........... 16

*Hooker Chemicals Plastics Corp.,* 749 F.2d ......................................................... 3, 5

*In re Katz,* 623 F.2d 122 (2d Cir. 1980) .............................................................. 9, 10

*In re Sims,* 534 F.3d 11 7, 132 (2d Cir.2008) .......................................................... 12

*Ionian Shipping Co. v. British Law Insurance Co. ,* 426 F.2d 186 (2d Cir. 1970) ..... 3

*Jordan v. Mich. Conj of Teamsters Welfare Fund,* 207 F.3d 854 (6th Cir. 2000) ... 15

*Laroe Estates, Inc. v. Town of Chester,* 828 F.3d 60 (2d Cir. 2016) ...................**......** **11**

*Loper Bright Enterprises v. Raimondo,* 144 S. Ct. 2244 (2024) .................... 2, 5, 11

*New York News, Inc. v. Kheel,* 972 F.2d 482, 485 (2d Cir. 1992) ........................ 3, 14

iii

*Restor-A-Dent Dental Laboratories v. Certified Alloy Products,* 725 F.2d 871 (2d **Cir. 1984)** ................................................................................................ **14**

SG *Cowen Sec. Corp. v. Messih,* 224 F.3d 79 (2d Cir. 2000) ................................... 6

*Sims v. Blot,* 534 F.3d 117, 132 (2d Cir. 2008) ......................................................... 6

*Town of Chester, N. Y v. Laroe Estates, Inc.,* 13 7 S. Ct. 1645 (2017) ..................... 11

*US. v. State of N. Y,* 820 F.2d 554, 557 (2d Cir. 1987) ............................................. 7

*United States v. Alexandre,* 22-cr-326 **(S.D.N.Y.)** ................................................. 1

*United States v. Demauro,* 581 F.2d 50 (2d Cir. 1978) ......... ................................ 10

*WashingtonElec. v. Mass. Mun. WholesaleElec, 922 F2d 92 (2dCir. 1990)* ........ 14

*Zervos v. Verizon N. Y., Inc.,* 252 F.3d 163 (2d Cir.2001) ........................................ 15

**Statutes**

7 U.S.C. §§ 6c and 13a-l ........................................................................................ 1, 4

28 U.S. Code § 1291 ................................................................................................... 3

**28 U.S.C. §§ 1331 and 1345** ...................................................................................... **4**

**Rules**

Fed. R. App. P. Rule 4(a) ............................................................................................ 3

Fed. R. App. P. Rule 24 ...................................................................................... 1, 14, 15

Fed. R. App. P. Rule 27(a)(2) .................................................................................... .4

L.R. 31.2 ....................................................................................................................... 3

IV

## Introduction

There is nothing more urgent to investors who have been defrauded as the recovery of their assets. Investors concerned that actions of the court-appointed receiver caused actual dissipation of the receiver estate are appealing a decision of the United States District Court for the Southern District of New York (S.D.N.Y.) denying the application of Movant-Appellant EminiFX Investors ("Investors"), who are the interested non-parties listed in Appendix A, to intervene in the underlying action under Federal Rules of Appellate Procedure ("Fed. R. App. P.") Rules 24(a)(2) (intervention of right) and 24(b)(2) (permissive intervention). While denials of motions to intervene and appeals of same are not particularly unusual, the District Court abused its discretion, denied Appellant of its right to even make the motion declaring that no intervention would be possible since Investors' interests are adequately represented by federal agencies, and in doing so deprived Appellant of its due process.

The underlying action concerns an enforcement action by Commodity Futures

Trading Commission (the "CFTC") under Title 7, Sections 6c and 13a-l of the

United States Code ("U.S.C") running parallel to a criminal case against the CEO

of the investment platform EminiFX, Inc. for defrauding investors in a Ponzi

scheme. *See United States v. Alexandre*, 22-cr-326 (S.D.N.Y.). The CFTC acted

quickly to secure the EminiFX, Inc. estate seeking to freeze assets and appoint a   1

receiver. However, Investors were concerned that the court-appointed receiver was

granted an order to limit the more than 62,000 investors access an independent

audit of the receiver estate or to review receiver invoices to be paid from the

receiver estate. More importantly, Investors were powerless to prevent a rushed

decision by the receiver to liquidate a substantial holding of Bitcoin at a

considerable loss to the receivership estate. The District Court refused Investors'

letters striking them from the record and instructing Investors to file motions to

intervene which were denied five times for the same reason mentioned. *See,* Orders

Striking Letters (Dkt 94-104) Dkt 106 and Letters (Dkt 93, 105, and 108- 146) Dkt

147; Instructions to Investors to file motion to intervene Dkt 106. Al34, Al37.

The Investors, the CFTC and the lower courts badly need clarity on what the

federal laws require. Only this Court's immediate review can provide it. Hearing this

appeal will allow the Court to clear away the cloud that currently hangs over

deference to federal agencies supplanting due process rights. Simply put, intervention here cannot be frustrated in the name of deference to a federal agency.

Not that long ago, the Supreme Court of the United States agreed. In June 2024, the Supreme Court decided *Loper Bright Enterprises v. Raimondo,* 144 S. Ct. 2244 (2024). Under *Loper Bright,* courts must "exercise their independent judgment in deciding whether an agency has acted within its statutory authority, . . . [Administrative Procedure Act] may not defer to an agency interpretation of the law

2

simply because a statute is ambiguous." *Id* at 2273. This court correctly recognized that in "light of *Loper Bright,* ... our interpretation of the statute should not rest on the taxonomy developed by the agency." See *Avon Nursing* & *Rehab. v. Becerra,* 119 F.4th 286, 292 (2d Cir. 2024 ). This Court's position should allow intervention over the District Court's deference to the form objection of the agency.

By any measure, the question of whether the lower courts can defer to CFTC interpretation, despite the *Loper Bright* decision, over the interests of investors attempting to intervene in an enforcement action merits this Court's attention. The Court should therefore accept review of this case, which presents an ideal opportunity to decide the fundamental legal question of how the lower courts should treat similarly situated investors.

## Statement of Jurisdiction

On January 30, 2025, the District Court (Caproni, J.) entered an order denying the Investors' motion to intervene filed on January 27, 2025. Appellant filed a timely notice of appeal on February 20, 2025. 28 U.S. Code § 1291 (Final decisions of district courts); Fed. R. App. P. 4(a); L.R. 31.2.; *See Hooker Chemicals Plastics Corp.,* 749 F.2d at 990 n. 19; *Ionian Shipping Co. v. British Law Insurance Co.,* 426 F.2d 186, 189 (2d Cir. 1970)." *New York News, Inc. v. Kheel,* 972 F.2d 482, 485 (2d Cir. 1992) ("Because a district court's order denying intervention is a final order, we

3

have appellate jurisdiction.") The District Court had jurisdiction of this enforcement action under 7 U.S.C. §§ 6c and 13a-l; and 28 U.S.C. §§ 1331 and 1345.

## Statement of the Issue

The question presented is whether the District Court can deny a motion to intervene pursuant to Fed. R. App. **P.** 27(a)(2) out of deference to a federal agency claiming that Investors' interests are adequately represented by them. **Statement of the Case**

On January 27, 2025, Investors filed a letter with the District Court respectfully opposing the approval of the court-appointed receiver's motion and the distribution plan (Dkt 431). Dkt 438. A338, A359. Investors also filed a renewed motion to intervene with the District Court, in accordance with the District Court's

instructions (Dkt 106). Dkt 439. A134, A362 On January 30, 2025, the District Court issued an Order (Dkt 442) denying motion to intervene (Dkt 439) citing previous orders rejecting materially identical arguments on four separate occasions. A3 71 , A362. See, Orders Denying Motions to Intervene Dkts. 242, 256, 316, 365. A241, A254, A292, A301.

Because the District Court denied this motion to intervene (Dkt 439) for the same reasons as before stating "the EminiFX Investors' interests are adequately represented by the CFTC", changing factors were not considered. A362. See Order Denying Investors' Motion to Intervene (Dkt 256) filed February 14, 2024. A254. 4

...e of this first Order of Denial (Dkt 256), the Receiver reported

...e Receiver Estate's Bitcoin holdings over four-month sale process

...ginning of 2023 (Dkt 192) over the objections of investors that doing

...lt in a substantial loss where Investors described the purchase price of

...September 2021 launch of EminiFX, Inc. at a price of $45,000. A254,

...vestor Feeback Compendium Dkt 181-4. A144. These concerns were

...en the Bitcoin holdings were sold at an "average net price" of $23,217

...ich is a realized loss of about 48%. By comparison, the "enormous

...ed in Compl. ⸙ 27 (Dkt 5) was determined to be $7 million (Dkt 71).

... EminiFX, Inc. raised $260 million in total investments (Dkt 418).

...e 28, 2024 the Supreme Court of the United States published its *Loper*

Since the time of this first Order of Denial (Dkt 256), the Receiver reported liquidating the Receiver Estate's Bitcoin

holdings over four-month sale process  starting the beginning of 2023 (Dkt 192) over the  objections of investors that doing  so would result in a substantial loss where Investors  described the purchase price of  Bitcoin at the September 2021 launch ofEminiFX, Inc. at  a price of $45,000. A254,   Al 70. *See,* Investor Feeback Compendium Dkt 181-4. Al44. These concerns were  confirmed when the Bitcoin holdings were sold at an "average net price" of $23,217  (0kt 195) which is a realized loss of about 48%. By comparison, the "enormous  losses" described in Comp!. *Ir* 27 (Dkt 5) was determined to be $7 million (Dkt 71 ).  A050, A073. EminiFX, Inc. raised $260 million in total investments (Dkt 418).   A312. On June 28, 2024 the Supreme Court of the United States published its *Loper  Bright* decision overruling the Chevron Doctrine. From the most recent update, the

Receiver claimed to have recovered $152 million in assets, distributing $100 million to about 35,000 victims, covering 45% to 55% of their losses with the balance being held in reserve. See, Receiver's Eleventh Status Report Dkt 444. A381.

## ARGUMENT

### I. Standards of Review

The stated rule in the Second Circuit is that a district court's denial of a motion  to intervene is reviewed on an abuse of discretion basis, whether intervention as of right or permissive intervention, although there is some contrary authority among

5

the District Courts of the Circuit. *United States* v. *Hooker Chemicals & Plastics Corp.,* 749 F.2d 968, 990- 91 (2d Cir. 1984); *but see Briscoe* v. *City of New Haven,* No. 3:09-CV-1642 (CSH), 2012 WL 13026762, at *11 (D. Conn. Oct. 5, 2012) (noting the parties "may take some comfort from the facts that this Ruling and Order allowing intervention as of right is appealable, and the Court of Appeals' standard of review is *de novo."* ).

The abuse of discretion standard, as explained by this Court, is by no means a rubber stamp of anything a district court does:

> A district court has abused its discretion if it has ( 1) "based its ruling on an erroneous view of the law," (2) made a "clearly erroneous assessment of the evidence," or (3) "rendered a decision that cannot be located within the range of permissible decisions." Errors of law or fact may constitute such abuse.

*Bridgeport Guardians, Inc.* v. *Delmonte,* 602 F.3d 469, 473 (2d Cir. 2010) (reversing denial of motion to intervene upon finding of error oflaw) *(quoting Sims* v. *Blot,* 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks omitted) and *citing SG Cowen Sec. Corp.* v. *Messih,* 224 F.3d 79, 81 (2d Cir. 2000)).

Whatever standard one applies, the District Court erred when it denied the Investors' Motion to Intervene (Dkt 439) because Investors are inadequately represented by federal agencies evidenced by the dissipation of the Receiver Estate,

and it further erred when it concluded incorrectly that the CFTC and the Receiver had the relevant experience to manage Bitcoin holdings. A362.

## Timeliness

Among the factors to be taken into account to determine whether a motion to intervene is timely are: (a) the length of time the applicant knew or should have known of his interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; ( c) prejudice to applicant if the motion is denied; and ( d) presence of unusual circumstances militating for or against a finding of timeliness. *U.S. v. State of N. Y,* 820 F.2d 554, 557 (2d Cir. 1987) ("[T]he determination [of timeliness] must be based on all the circumstances of the case.")

Each of these factors weighs in favor of granting the motion. While Investors had notice of their interest from when enforcement action was unsealed in May 12, 2022, the case was substantially delayed with various stays of the proceedings until February 15, 2024. See, Stays of Case Dkt 160 and 243 . A140, A244. In fact, Investors attempted to intervene at the first opportunity on February 14, 2023 (Dkt 240) but was denied for the same reasons the court gave in the instant case (Dkt 256). A239, A254.

Because of extensions of time, answers by defendants were filed in February 29,

2024 and August 5, 2024 by Defendants EminiFX, Inc. and Eddy Alexandre,

respectively. See, Defendants' Answers Dkt 264 and 377. A261, A304. A Motion  7

Summary Judgment was filed by CFTC on September 23, 2024 and remains pending

(Dkt 395).

The existing parties would not be prejudiced by intervention because they have

already begun distribution of the Receiver Estate to investors and this would not

substantially change if Investors were allowed to intervene. The Receiver is

expecting to manage over $50 million after distribution is completed (Dkt 434).

Given the exceptional dissipation of Receiver Estate assets and a failure of the

District Court or the CTFC to rectify the situation constitutes unusual circumstances

to support Investors' intervention. Investors will be prejudiced by denial because the

CFTC and the Receiver are not representing their best interests.

II. The District Court Committed Reversible Error by Denying Appellant Its
    Due Process Right to Make Its Motion

The District Court received numerous letters concerning the proposals of the

Receiver in managing the Receiver Estate which were met with hostility. Not a

single letter or motion to intervene by Investors produced a pre-motion conference

or fact-finding hearing respectively. This behavior is not the actions that

demonstrate "adequately represented investors' interests" but the conclusory

dismissiveness that departs from the well-established standard of the court. See

*Floyd v. City of New York,* 302 F.R.D. 69, 100-01 (S.D.N.Y. 2014) (denying a

motion to intervene in part because the purported intervenors offered "only

conclusory allegations without any supporting factual details"); see also, *CFTC v.* 8

*Efrosman,* No. 05-CV-8422 (KMW), 2012 WL 2510338, at *4 (S.D.N.Y. June 26,

2012) (explaining that courts have denied intervention because it "places undue

costs and burdens on the government" and concluding that the CFTC adequately

represented investors' interests in a CFTC enforcement action).

    The District Court erred by relying on a merely conclusory statement without

analysis or fact finding to repeatedly deny the Investors' motion to intervene stating

"the EminiFX Investors' interests are adequately represented by the CFTC". *See,*

Orders denying Investors' motions to intervene Dkts. 256, 316, 365 and 442. A254,

A292, A301 , A371.

    What transpired at the District Court in this case is reminiscent of another case

in which this Court decided that the district court had failed to provide the appellant

the opportunity to make its case for intervention below. In *In re Katz,* 623 F.2d 122

(2d Cir. 1980), this Court reviewed a denial of a motion to intervene, which revolved

around whether certain evidence could be privileged. The Court of Appeals explained

the mistake of law that the district court made and how it thus abused its discretion:

    The Government also urges that the burden of establishing

the existence of the attorney-client relationship and its
applicability to the particular circumstances presented is
upon the party claiming the privilege. We agree and this
court has so held. However, a reading of the transcript of
the April 7 hearing reveals that counsel for Jamil was

9
Case: 25-632, 03/31/2025, DktEntry: 10.1, Page 15 of 24

willing to proceed with a factual inquiry having Katz
testify as to the claimed privilege. The court nevertheless
took the position that since the subpoena had been
amended to limit the production to "public documents,"
they could never be confidential or subject to the privilege.
Therefore, **it apparently considered that a factual
hearing was unnecessary. Jamil was thus denied the
opportunity to satisfy his burden.**

*In re Katz,* 623 F.2d 122, 125 (2d Cir. 1980) (emphasis added) *(citing United

States v. Demauro,* 581 F.2d 50, 55 (2d Cir. 1978)). Because of this error, this

Court remanded the case:

In *Fisher* the Court indicated that whether the privilege
against selfincrimination attaches is not subject to
categorical answers but depends upon the facts and
circumstances of each case. **Not knowing the facts or
circumstances we accordingly remand** to the district
court to make the two pronged inquiry mandated by
*Fisher.*

*Id.* at 126 (emphasis added) *(citing Fisher v. US,* 425 U.S. 391, 410 (1976)).  More

recently, this Court similarly concluded that it had to vacate a denial of  a motion to

intervene and remand the case because the district court failed to allow  for the

development of a sufficient factual record on which the Court of Appeals could make

a proper determination:

> The Town of Chester argues that Laroe fails this test
> because its application was untimely, it lacks a separate
> interest in the proceeding, and any interest it has in the
> litigation is adequately represented by Sherman's estate.
> **Because the factual record before us is insufficiently**
> **developed at this stage to allow us confidently to**

> **resolve these arguments,**
> we vacate the order and
> remand
> to the District Court to
> determine in the first
> instance if
Laroe satisfies the
requirements of Rule 24.

*Laroe*

*Estates,*

*Inc. v. Town*

*of Chester,*

828    F.3d

60,  66  (2d

Cir.   2016)

(emphasis

added),

*vacated*



*and remanded sub nom. Town of Chester, N. Y v. Laroe Estates, Inc. ,* 137 S. Ct.

1645 (2017) (remanding solely for intervenor's lack of standing).

Later in the same opinion, this Court reiterated the ramifications of the errors

below:

> As we have observed, Laroe's ability to protect its interest
> appears likely to be impaired by a judgment on Sherman's
> takings claim, since Laroe purports to be the equitable
> owner of that property. **But again, the underdeveloped
> factual record on appeal makes it difficult for us to
> determine whether Sherman will adequately represent
> Laroe's interest** - a question the District Court did not
> address at all.

*Id.* at 70 ( emphasis added).

Instead of a careful fact intensive review of the claims in the Investors' motion

to intervene, the District Court relied on the deference to the form objection of the

CFTC to deny the motion which is contradicted by this court's caselaw recognizing

that in "light of *Loper Bright,* ... our interpretation of the statute should not rest on

the taxonomy developed by the agency." See *Avon Nursing & Rehab. v. Becerra,* 119

F.4th 286, 292 (2d Cir. 2024).

An intervention decision must be made after a fact-intensive process which  without is

abuse of discretion. See *Floyd v. City of N. Y ,* 770 F.3d 1051 , 1057 (2d  11

Cir.    2014)

("Because of the fact-intensive nature of an intervention decision, we review for "abuse of discretion" a district court's order denying intervention as of right or by permission.") *(citing Catanzano by Catanzano v. Wing,* 103 F.3d 223,232 (2d Cir.1996) and *In re Sims,* 534 F.3d 117, 132 (2d Cir.2008) ( explaining term of art "abuse of discretion"))

III. The District Court Erred Because Appellant's Motion Properly Plead That the Receiver Was Not Representing Investors' Best Interests

In its first Order (Dkt 256), which the District Court relies on in the instant case, spoke in passing about the CTFC and the Receiver representing the Investors' best interests, writing:

> "The EminiFX Investors have an interest in this case because they seek to recover funds that Defendants obtained from them by fraud. The Motion nevertheless fails because the CFTC is well-equipped to represent that interest."

And further explains the role of the Receiver:

> "The Receiver has a fiduciary duty to protect the Estate's assets and fairly to distribute them to eligible investors. To that end, the Receiver has pursued Defendants' assets, investigated potential claims, solicited feedback from investors, presented investors' views to the Court, and transferred the Estate's assets to high-yield accounts to safely maximize investment returns pending distribution."

The District Court's order (Dkt 442) denying the Investors' motion to intervene (Dkt 439) in the instant case is equally as dismissive of the claims and

12

performs no fact-finding or consideration of the Investors' challenge to the ability

of the CFTC or the Receiver in the adjoining letter (Dkt 438), writing:

> "Application DENIED. The Court has already considered
> and rejected materially identical arguments raised by
> many of these same prospective intervenors on three
> separate occasions. *See* Dkts. 256, 316, 365. This latest
> motion raises no new arguments, and is denied for the
> reasons set forth in the Court's previous orders.
>
> The Court finds no merit in the claim in Mr. Acluche 's
> letter (Dkt. 438) that the Court's Opinion approving the
> Distribution Plan was improper because it was rendered
> before the Motion for Summary Judgment was fully
> briefed. The Motion for Summary Judgment (Dkt. 395)
> and the Motion to Approve the Distribution Plan (Dkt.
> 3 81) are two distinct motions, the former of which remains
> pending. The Court's Opinion approving the Distribution
> Plan (Dkt. 431) considered and addressed the arguments
> raised by Mr. Alexandre in his Opposition to the
> Distribution Plan (Dkt. 394) as well as the comments on
> the Plan that investors filed with the Receiver (Dkt. 390).
> Mr. Acluche's argument that the SEC and the CFTC lack
> authority to regulate digital asset exchanges is likewise
> irrelevant to the question of whether the Distribution Plan
> is fair and reasonable."

Even if the District Court's orders could stand with respect to the ability of the

CTFC and the Receiver, they substantial dissipation of the Receiver Estate by the

decision of the Receiver following the District Court's order to prematurely liquidate

assets demonstrates the failure of representing the Investors' interests.

The reality is that EminiFX, Inc. operated as a business for less than eight

months from September 2022 until it was shut down by the Receiver in June 2023

13



(Dkt 71 ). A073. While the case is over a Ponzi scheme with "enormous losses" described in Com pl. Jr 27 (Dkt 5) as $7 million (Dkt 71 ), the Receiver acting on behalf of the court, managed the Bitcoin holdings belonging to

the Receiver Estate  to a realized loss of about 48% or $45 million by liquidating the

Bitcoin holdings  over the objection of Investors. A050, A073 . The Receiver did not

hire an economist  or investment expert to advise on the management of Bitcoin

relying on their own  judgment to maximize the value of the Receiver Estate. If the

Bitcoins were held as  demanded by Investors, the increase in price seen today would

have led to a  substantial gain. [1] Instead, Investors have suffered more financial harm.

It is insufferably clear that the Investors have met the requirement to intervene

as of right possessing "an interest relating to the property or transaction which is the

subject of the action." Fed.R.Civ.P. 24(a)(2). This interest is "direct, substantial, and

legally  protectable." *Washington Elec.,922* F.2d at 97 (citations omitted); *see also*

*Donaldson v. United States,400* U.S. 517, 531, 91 S.Ct. 534, 542-43, 27 L.Ed.2d 580 (

1971) (interest  must  be  "significantly  protectable"); *Res  tor-A-Dent  Dental*

*Laboratories  v.  Certified  Alloy  Products,* 725 F.2d 871, 874 (2d Cir. 1984) (same).

*New York News, Inc. v. Kheel,* 972 F.2d 482, 486 (2d Cir. 1992)

---

[1] The exchange price of Bitcoin (BTC) as of March 11 , 2025 at 5: 11 PM EST is $82,95 1.27
USD. https: coinmarketcap.com currencies bitcoin¹

The     District

Court did consider the Investors' 6th Circuit citation demonstrating that the burden to intervene is "minimal" because a potential intervenor "need not prove that the [existing parties'] representation will in fact be adequate, but only that it 'may be' inadequate." Mot. at 6 (quoting *Jordan v. Mich. Conj of Teamsters Welfare Fund*, 207 F.3d 854, 863 (6th Cir. 2000)), writing:

> As a threshold matter, the Court is not bound by caselaw from the Sixth Circuit. In any event, *Jordan* cuts against the EminiFX Investors' argument. In that case, the Sixth Circuit concluded that the purported intervenor had not met its (albeit modest) burden to intervene under Federal Rule of Civil Procedure 24 because the plaintiffs were not colluding with the defendant, had "no interests adverse to" the purported intervenor, and had "actively and thoroughly litigated" their shared interests. *Id.* The same is true here.

The District Court is clearly ignoring the evidence or the possibility that such evidence exists in the instant case "abuse[ing] its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence," *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), or rendered a decision that "cannot be located within the range of permissible decisions," *Zervos v. Verizon N. Y, Inc.,* 252 F.3d 163, 169 (2d Cir.2001 ).

The Investors have chosen to intervene in a district court proceeding because the CTFC and the Receiver do not "adequately represent [their] interest". Fed. R. Civ. P. Rule 24; *see also Jordan v. Michigan Conj. of Teamsters Welfare Fund,* 207

F.3d 854, 863 (6th Cir. 2000) ("The [would-be intervenor's] only argument [supporting its motion to intervene] is that [it] would be more vigorous in pursuing its claim for reimbursement than [p]laintiffs."); *Crum & Forster Specialty Ins. Co. v. Strong Contractors, Inc.,* 488 F. Supp. 3d 192, 195, 197 (E.D. Pa. 2020) ( describing how a party with an "economic interest in the outcome of" an action  sought to intervene because the defendant "never filed an [a]nswer or otherwise  responded to the [ c ]omplaint").

### Conclusion

For all of the foregoing reasons, the District Court's January 30, 2025 Order should be vacated, and the case remanded with appropriate instructions to the District Court to allow Applicant to intervene in the underlying matter as of January 27, 2025, or at a minimum conduct further proceedings to allow Applicant the full opportunity to make its motion to intervene.

Respectfully submitted,

/s
Pierre Acluche
EminiFX Investors
*Prose*
905 Hines Ave
Lehigh Acres, Fl 33972
(239) 297-6209
pmacl uche@gmail.com

16



**Certificate of Compliance**

Pursuant to Fed. R. App. P. 32(a)(7)(C) and Circuit Rule 32(a), I hereby

certify that the foregoing brief was produced using the Times New Roman 14-

point typeface and contains 3,895 words.

/s

Pierre Acluche

17

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

CAPTION:

Commodity Futures Trading Commission

**CERTIFICATE OF SERVICE\***

a.\S ·•
~ f>-\'.l\'.le C tcu''

V.

Docket Number: tf~t~ ~~'



* A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously

filed.

\* \*If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

**March 12, 2025 Pierre Acluche**   Today's Date Signature

Certificate of Service Form (Last Revised 12/2015)

SDN

·usM

:>, •

,r>:>" ,ri,,.~-

X

ailability and

om.

g claims

tion form is required.

and many international destinations.

e (restrictions apply).*

use.

# VICE®

# TES

1.

L

Label 22' Decemb ,er 2023

.2Do c K~-r 7T: •,:) 5

FOR DO MESTIC AND INTERNATIONAL USE

# iruJ

CJ 1J 1, c 0 •:;;:r;4;2: .s G

/vi3-v fot. K, tJ (

){v

_r_ v _lc-f_

~

**TO:**

c/cA/₁ S o f^{h cc}

/ c 1₋/, ~

1-1- A C l( ::::·s 1 F 1 3 3'7 7 c'.:l

qo.s ₋ f /₁ 1₀ E-s A ᵛe::₋

FRO_M_:

1e1t( c

_He._ !ᵤ u~

•Jl  UNITED~T/JTES  l P_RIORIT_Y ®

**POST/JL SERVICE** ®

!FRO
M
:

5 Lb 1 3.oo Oz

# PRIORIT, ii Di

# MAIL

RDC03

*10001*

_ ..

C::,

10 0 07

~

vfl C

v ri o

ff-fr& k

ORDER FREE SUPPLIES ONLINE
**VISIT US AT USPS.COM•**

MAIL

7

s2a24Psosoas.os

**$19.15**

U.S. **POSTAGE PA/O PM** LEHIGH **ACRES**, FL 33936 **MAR 2**7 2025