**MEMO ENDORSED**



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____X

COMMODITY FUTURES TRADING
COMMISSION,
        Plaintiff,

v.

EDDY ALEXANDRE, and
EMINIFX, INC.,
        Respondents.
_____X

New York, N.Y.

Case No. 22-CV-3822(VEC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/1/2025

### MOTION FOR RECONSIDERATION OF LEAVE TO FILE COUNTERCLAIM AND CROSS-CLAIM AGAINST THE CFTC'S RECEIVER

    The Respondent, Eddy Alexandre, (hereinafter "Mr. Alexandre"), acting pro se, respectfully moves this Court to reconsider its prior ruling denying the request to file a counterclaim and cross-claim against the Receiver, David Castleman, hired by the Commodity Futures Trading Commission (CFTC) and appointed by the Court in this action arose from the Biden administration's witch hunt. The decision was made without a proper evaluation of the merits of the claims, and the Court's ruling improperly prejudices the Respondent's constitutional rights, specifically related to due process and the right to a jury trial under the Seventh Amendment of the United States Constitution.

THE QUESTIONS BEFORE THE COURT

    1- Is the CFTC-hired Court-Appointed Receiver immune from Counterclaims and Crossclaims for his actions in federal and state courts?

    The Suggested Answer is: NO.

    2- Can the District Judge find a violation of a statutory penalty provision in the absence of a jury deliberation, and prosecute, convict, and sentence Mr. Alexandre to $15 million fine for the benefits of the CFTC and make factual determination that EminiFX is a Ponzi scheme(A Judge-made crime) without a trial by jury as enshrined in the province of the Jury?

    The Suggested Answer is: NO.

    3- Can the District Judge appoint the CFTC-hired receiver as a court-receiver and empower him to destroy the assets of Mr. Alexandre and EminiFx to create a resemblance of fraud to benefit the receiver's boss, inter alia, the CFTC, without going through the adversarial process in violation of the due process clause and outside of the Federal Rules of Evidence while pushing to skip discovery and the trial by jury where the receiver will have to answer for his actions, torts and liabilities?

    The Suggested Answer is: NO

BACKGROUND

    As the Court is familiar with the underlining facts of the Respondent's case, the Respondent contends that the Court has

granted the CFTC a significant degree of latitude in this proceeding but in doing so has neglected the Respondent's rights. The denial of the request to file a counterclaim was based on an unfounded determination of merit, resulting from an evaluation of claims, while not yet submitted, that were not analyzed. Furthermore, the added clause indicating that the claims are too late, given that the Court has withheld its decision on a pending summary judgment request for over six months, raises further questions about the procedural fairness afforded to the Respondent.

In addition, the undersigned contends that the Court has overstepped its judicial role by making factual determination to substantiate the classification of the Respondent's business as a Ponzi scheme, effectively undermining the right to a jury trial-- which is paramount in a case of this magnitude, raising allegations of fraud amounting to $213 millions, alongside a now reduced penalty request from $18 million to $15 million for a judge-made crime and/or violation.

The Receiver filed a motion requesting a reprieve from the Counterclaims to allow him the freedom to focus on funds distribution to the investors aside from litigating Respondent's claims. Respondent withdrew his claims preserving his rights to seek leave due to the critical role of the receiver in the distribution.

It's worth nothing that a Judge violates his oath of office created under Article III when he is acting as a Grand Jury and a Petite Jury. Mr. Justice Brandeis stated:

"It has been the established practice of the Federal Courts that, even in criminal cases[in addition to civil cases], the presiding judge may comment freely on the evidence and express his opinion whether facts alleged have been proved. Since Sparf v. United States, 156 U.S. 51, 39 L.Ed. 343, 15 Sup.Ct.Rep. 273, 10 Am. Crim. Rep. 168, it is settled that, even in criminal cases, [let alone in civil cases] it is the duty of the Jury to apply the law given to them by the presiding judge to the facts which they find. But it is still the rule of the Federal Courts that the jury in Criminal cases renders a general verdict on the law and the facts; and that the judge is without power to direct a verdict of guilty although no fact is in dispute. United States v. Taylor, 3 McCrary, 500, 11 Fed. 470; Atchison, T. & S.F.R. Co. v. United States, 27 L.R.A.(N.S.) 756, 96 C.C.A. 646, 172 Fed.194. What the judge is forbidden to do directly, he may [N]ot do by indirection. Peterson v. United States, 130 C.A. 398, 213 Fed. 290.

It has been the bedrock of our democracy and the foundation of the judicial system, that ONLY the jury is the trier of fact. "For the settled function of the jury is to determine issues of fact; the power to decide issues of law is for the trial judge." Dimick v. Schiedt, 293 US 474, 486, 79 L.Ed. 603, 611, 55 S.Ct. 296, 95 ALR 1150, 36 NCCA184; Patton v. United States, 281 US 276, 288, 74 L.Ed. 854, 858, 50 S.Ct. 253, 70 ALR 263; Sparf v. United states, Id. See also, Steele v. United States, 267 US 505, 511, 69 L.Ed. 761, 764, 45 S.Ct. 417; Ford v. United States, 273 US 593, 605, 71 L.Ed. 793, 799, 47 S.Ct. 531.

## ARGUMENT

In the case at bar, the Judge's determination lacks authority and was imposed in violation of constitutional protections, including the empowerment of the receiver with that determination to start mounting lawsuits against entities while the decision has been challenged and appealed to the Second Circuit court of Appeal for being unlawful and abusive for a judge made-crime without the statutory protection. The receiver acting as the judge's officer, makes a recommendation to the judge to make a factual determination bypassing the adversarial process and the jury, placing the judge as the accuser, is in violation of Respondent's constitutional rights of due process. This case has been adjudicated in-house as if it was a title I court and not a title III court where the Respondent has the sacred rights of the jury trial. In-house determination without a jury is the greatest danger against due process and the safeguards enshrined in the Constitution by the forefathers.

Hence, the deep-seeded bias of this judge attempting to derail a counterclaim and cross-claim against her receiver, for his actions in furtherance of the conspiracy to deprive EminiFX and its investors of liberty, property and rights while generating billable hours to eat the funds with his friends, is running afoul of the due process clause and substantive rules of law. Any attempt to disguise facts as matter of law to deprive Respondent of his right to an independent trier of fact, the jury, is a violation needing redress.

### A. The Standard for Reconsideration

A motion for reconsideration is appropriate under Local Civil Rule 6.3 and the standards set forth in Yung v. Lee, 432 F.3d 142 (2d Cir. 2005), which allows a party to seek reconsideration of an order based on newly discovered evidence or a request to correct clear error. The Court failed to properly consider the relevant facts and legal standards before issuing its denial.

### B. The Denial of the Rights to File Counterclaims Breaches Due Process Rights

The Respondent contends that the unilateral denial constituted a violation of fundamental due process rights afforded under the Fifth and Fourteen Amendments, specifically the right to be heard and the opportunity to present defenses. The ruling disregards the existing legal principle that leave to amend pleadings should be "freely given when justice so requires" (Foman v. Davis, 371 U.S. 178, 182 (1982)). In the case at bar, the Receiver's actions are the trojan horse that are used to sabotage the company and make the CFTC's claims true.

### C. Abuse of Discretion by the Court

The Court's actions conform to a pattern of unfair bias, particularly evident in its factual determinations regarding the classification of the Respondent's business. Under the separation of powers and the decorum of judicial proceedings, factual determinations that should be reserved for the jury are impermissibly made by the presiding judge (Anderson v. Liberty Lobby Inc., 477 U.S. 242 (1986)). By interjecting its own factual determinations, the Court is infringing upon the Respondent's constitutional right to a jury trial. In the Erlinger case, the Supreme Court has stated that "as the court has said before, and we hold again today; "a judge cannot go beyond identifying the crime of conviction to explore the manner in which the defendant committed that offense... He can do no more, consistent with the Sixth Amendment, [as well as the Seventh Amendment] then determine what crime, with what elements, the defendant was convicted of". Citing Mathis v. United States 579 U.S. 500 (2016).

### D. The Title III and Seventh Amendment Right

In the light of the new intervening substantive rules of law that are stated within the following cases: SEC v. Jarkesy, 219 L.Ed. 2d 650 (2024); Loper v. Bright Enterprises; Snyder v. United States; and Erlinger v. United States, 219 L.Ed.2d 451 (2024), Respondent contends against this abuse of discretion violating his due process rights favoring the Receiver through in-house adjudication proceeding making factual determination without a jury. The Civil penalty and liabilities implicate Article III, Fifth, Sixth, and Seventh Amendment rights to a jury trial. They all operate conjunctively with Article III and the Due Process Clause of the Fifth Amendment to limit how the government may proceed about depriving an individual of life, liberty, and/or property.

It is vital to recognize that under the Seventh Amendment, parties have the right to have FACTS tried by a jury. The Court's actions in rendering a decision akin to a fact-finder [and call it facts] by determining that the Respondent's operations constitute a PONZI scheme not only taint the jury pool but also enforce a decision that should have remained an open question for adjudication via the jury process. And this was carefully crafted between the presiding judge and her court-appointed receiver asking her to make that factual determination that she claimed was made based on evidence presented by her own court-appointed receiver without holding any prove-up hearing or evidentiary hearing.

In civil as well as criminal cases, the right to a fair trial is fundamental. In either type of case, the court must be alert to avoid practices that may undermines the fairness of the factfinding process. In determining if the Receiver can be subjected to the counterclaims, the court must not decide that question for itself, but as required by relevant laws in the interest of justice not in the interest of protecting one of its own appointed officer. The same is true for determining that EminiFX is a Ponzi scheme that exclusively requires factual determination by a jury.

It is well settled that, If there is a dispute as to the record on which the fraud and liabilities questions are to be determined, the court should be willing to receive evidence and hold evidentiary hearing without depriving Respondent of his constitutional rights as afforded in Article III and the Seventh Amendment. In this instant action, there verified opposition and claims against the allegations and creative reporting of this receiver, even the judge seems not to like the opposition. In Davidson v. Riley, 44 F.3d 1118, 1125 (2d Cir. 1995) (quotation marks and citations omitted) the holding was found that the lower court should have conducted an evidentiary hearing in civil case brought by prisoner where colloquy "strongly indicated the need for evidentiary hearing [...]" as protected and guided by the Federal Rules of Evidence. We are in unchartered territory leading inevitably to a miscarriage of justice as orchestrated in these proceedings.

E. Renewed Request for Recusal and Reassignment

Given the inherent bias suggested by the Court's actions, it is prudent that the Respondent reiterates its prior motion for recusal. The Respondent requests that a different judge, impartial and unbiased, be appointed to hear this matter, ensuring the Respondent's rights are unabated and adhering to the integrity of the judicial process. On its face, there seems to be no viable alternative that this Court will provide a fair and just outcome through these proceedings without a new impartial judge.

WHEREFORE, for these reasons, the Respondent respectfully requests that this Court reconsider its prior ruling on the leave to file a counterclaim and cross-claim against the Receiver and to facilitate a proceeding that allows for the just adjudication of the Respondent's claims.

Dated on April 21, 2025

Respectfully submitted,

/S/ Eddy Alexandre

Eddy Alexandre, pro se
Reg. No. 00712-510
Former CEO & Founder of EminiFX
FCC Allenwood Low
P.O. Box 1000
White Deer, PA 17887

Enclosure: Certificate of service

---

Application DENIED. "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources, and may be granted only where a court has overlooked controlling decisions or factual matters that were put before it on the underlying motion and which, if examined, might reasonably have led to a different result." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citations and internal quotation marks omitted). Nothing in Mr. Alexandre's submission casts doubt on the Court's conclusion that Mr. Alexandre's proposed claims are both meritless and untimely.

Given the lack of legal authority for Mr. Alexandre's motion, the Court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that any interlocutory appeal of this order would not be taken in good faith. Therefore, permission to proceed *in forma pauperis* on interlocutory appeal of this order is DENIED.

The Clerk of the Court is respectfully directed to mail a copy of this order to Mr. Alexandre and to note mailing on the docket.

SO ORDERED.

*Valerie Caproni*    5/1/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE