# MEMO ENDORSED



IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK .
_____X

COMMODITY FUTURES TRADING
COMMISSION,
                    Plaintiff,

            v.

EDDY ALEXANDRE and
EMINIFX, INC.,
            Respondents.
_____X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/22/2025

New York, N.Y.

Case No. 22-CIV-3822 (VEC)

## MOTION TO OPPOSE THE REQUEST TO SEAL THE RECEIVER'S REPORT

Dear Honorable Judge Caproni:

Eddy Alexandre, (hereinafter, "Mr. Alexandre") acting pro se, writes to formally oppose the request
to seal the relevant exhibits of the 2025 First Quarter Report and Application for payment as submitted
by the Receiver to the Court in the above-referenced civil action. This motion is grounded in the
significant public interest in open judicial proceedings, as well as the defendant's right to access
critical information pertinent to their defense, Dkt. #479.

### INTRODUCTION

The foundational principle of transparency in judicial proceedings must be upheld. The request to
seal the Receiver's report not only limits the public's right to access information concerning the conduct
of court-appointed individuals but also impairs the defendant's ability to prepare an adequate defense.
The withholding of information undermines the fundamental tenet of fairness in legal proceedings.

It has been documented on the records that the Government has an "access grant" to bypass
discovery rules and safeguards and gain access to data from the CFTC and the CFTC-Receiver. This
access grant creation is already a major twist to further violate the protections against parties in the
prosecution "team" not adhering to the obligations to disclose. We now have a variety of proofs that
the receiver is just a front for the CFTC to prosecute other individuals for the Fraud he is accused of
while stepping in the shoes of EminiFX, acting in concert with them to prove EminiFX wrong and generate
more billable hours to get paid from the EminiFX funds he is managing; and to have the same receiver

1/3

freely sealing documents while he is already in constant private communication with the judge and keep

that away from the Defendant is outrageous.  To have an ex-parte receiver, hired ex-parte, functioning

ex-parte, sealing at will, keeping documents away from the opposing parties and from the public eyes

is a scary "thing."

LEGAL STANDARDS FOR SEALING JUDICIAL DOCUMENTS

The common law grants the public a right of access to judicial documents, which can only be

overridden by a compelling justification.  Courts have held that sealing documents is the exception,

not the rule.  For instance, in United States v. Holy Land Foundation for Relief and Development, 624

F.3d 685 (5th Cir. 2010), the court emphasized that "[o]nly in exceptional circumstances should this

right be denied."  In determining to seal documents, courts apply the standard established in

Press-Enterprise Co. v. Superior Court, 478 U.S. 1 (1986).  The court will consider:

1. Whether the documents are judicial records; and
2. The interests served by sealing them, and the public's interest in access to them.

The report submitted by the Receiver undeniably qualifies as a judicial document, as it pertains

to the functioning and oversight of the case and contains information relevant to the court's rulings.

THE PUBLIC INTEREST IN ACCESS TO THE RECEIVER'S REPORT

The public interest in transparency and accountability is paramount, particularly in cases involving

regulatory enforcement actions as those brought by the CFTC who created the standards for admissible

financial information for the statutes it administers.  The interests at stake include not only the

integrity of the judicial process but also the confidence of the public in its outcomes.

Sealing the Receiver's report would create an information vacuum that contradicts the principles

of open government.  The Judge and the CFTC and the Receiver acting together in secrecy while the

defendant has no access to the same secrete information.  The public's interest in understanding the

actions of the Receiver and the operations of the court is a compelling reason to maintain transparency.

There is none in this instant action.  In United States v. Sealed Search Warrant, 868 F.3d 385 (5th Cir.

2017), the court upheld the right of the public to access judicial documents, citing the importance of

promoting public confidence in the judicial system.

THE DEFENDANT'S RIGHT TO A FAIR TRIAL

Moreover, sealing the report directly impairs the defendant's constitutional right to a fair trial pursuant to the safeguards of the United States Constitution. The Sixth Amendment guarantees the defendant the right to be informed of the nature and cause of accusations against them. Withholding critical information that may bear directly on the allegations against the defendant compromises their ability to mount an effective defense, violating established legal norms, especially in the context of the renewed motions to bring counterclaims and crossclaims against Castleman and motion to recuse and disqualify the presiding judge acting against the interests of Defendants.

In Perry v. Brown, 667 F.3d 1078 (9th Cir. 2012), the court reiterated that the right of access is essential for helping ensure fairness in courts proceedings, suggesting that procedural fairness is integral to justice. This has been a reoccurring violation opposed by Mr.. Alexandre yet allowed by the presiding judge in the case at bar. Considering a Receiver accused of bringing litigation for the only purpose of generating billable hours, and he is allowed to submit his fees under seal between him and the judge who appointed him away from the public prying eyes and the adversarial intervention of the Defendant, this amounts to a travesty of justice. The same judge who stated on the records she does not have to even review the submission for application for payment from this receiver against the stated requirements of her previous rulings requiring her to do just that and ended up performing the review after Defendant vigorous opposition.

WHEREFORE, in light of the above arguments, Mr. Alexandre respectfully requests that the Court deny the request to seal the Receiver's report. The principles of transparency and the fundamental right to a fair trial must prevail over any unsubstantiated claims for confidentiality that serve to obscure rather than clarify the proceedings before the Court.

Dated on May 15, 2025

Respectfully submitted,

/S/ Eddy Alexandre

Eddy Alexandre, pro se
Reg. No. 00712-510
Former CEO & Founder of EminiFX
FCC Allenwood Low
P.O. Box 1000
White Deer, PA 17887

Application DENIED.  The Court has reviewed the latest status report and finds that the portions that the Receiver has requested to file under seal are sufficiently sensitive to justify sealing.  The Receiver has appropriately balanced the presumption of public access with the need to protect sensitive information by filing publicly the majority of the report.

Given the lack of legal authority for Mr. Alexandre's motion, the Court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that any interlocutory appeal of this order would not be taken in good faith. Therefore, permission to proceed *in forma pauperis* on interlocutory appeal of this order is DENIED.

The Clerk of the Court is respectfully directed to mail a copy of this order to Mr. Alexandre and to note mailing on the docket.


SO ORDERED.

5/22/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**COMMODITY FUTURES TRADING COMMISSION,**

     **Plaintiff,**

v.

**EDDY ALEXANDRE and EMINIFX, INC.,**

     **Defendants.**

Case No.: 22-cv-3822

Judge Caproni

## CERTIFICATE OF SERVICE

     I hereby declare under the penalty of perjury, pursuant to 28 U.S.C § 1746; 18 U.S.C § 1621, that on this date I caused a true and complete copy of the attached <u>Motion to Refute Twelfth Status Report or Q1 2025 and Application for payment.    And Motion to oppose the request to seal the Receiver's Report</u>

to be served, in placing same in a sealed envelope and routing it for mailing via First-class United States mail service, with postage thereon fully prepaid, and depositing same in this institution's internal mail system.  I am an inmate confined in an institution. The FCC Allenwood-Low has a system designated for legal mail.

     A true copy thereof was served upon the following interested party/ies:

1- <u>Clerk of Court  US SDNY US Courthouse 500 Pearl Street New York, NY 10007-1312</u>

2- <u>Douglas G. Snodgrass US Attorney CFTC 77 W Jackson Blvd. Chicago, IL 60604</u>

3- <u>David Castleman as Court-Appt'd Receiver 230 Park Ave New York, NY 10169</u>

4- <u>Notice to EminiFX c/o Otterbourg, P.C. 230 Park Ave New York, NY 10169</u>

5- _____

6- _____

7- _____

DATED: 5/15/2025

Eddy Alexandre, pro se
Reg. No.: 00712-510
FCC Allenwood-Low
P.O. Box 1000
White Deer, PA 17887