

230 Park Avenue
New York, NY 10169
otterbourg.com
212 661 9100

David A. Castleman
Member of the Firm
DCastleman@otterbourg.com

**MEMO ENDORSED**

July 23, 2025

**VIA ECF**

Hon. Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/19/2025

Re:   *CFTC v. Alexandre and EminiFX, Inc.*, No. 22 Civ. 3822 (VEC)
      Letter Application to Overrule Remaining User Objections

Dear Judge Caproni:

I write in my capacity as the court-appointed receiver for EminiFX, Inc. ("**EminiFX**") and certain assets of Eddy Alexandre to respectfully request that the Court enter an order overruling the User objections set forth in the *First Submission of User Objections (Disallowed Under Plan)* ("**First User Objection Submission**") [Dkts. 496–97] and the *Second and Final Submission of User Objections* ("**Second User Objection Submission**") [Dkts. 503–504] (together, the "**Objection Submissions**"), which will have the effect of confirming my determinations with respect to each of the remaining Disputed Transactions.[1] The Objection Submissions each contain my sworn affidavits that detail the basis for submitting each Disputed Transaction to the Court.

Approximately 11,778 transactions, submitted by roughly 6,500 Users, were initially designated as Disputed Transactions, which is approximately 10% of the total transactions. Many Users did not object to my determination with respect to their Disputed Transactions, but over 600 did file objections or had review holds on their accounts, as set forth in my Notice of Initial Distribution filed on January 23, 2025 [Dkt. 434]. My team and I engaged in extensive outreach—via the Claims Portal, email, telephone, and, in some cases, videoconference—to resolve the remaining disputes. We provided Users with clear guidance, individualized follow-up, and multiple opportunities to submit additional documentation. These efforts resulted in the successful resolution of many User Objections. What remains for judicial resolution are 550 Disputed Transactions for 270 Users, as set forth in the Objection Submissions.

Consistent with Section 2.E.VII of the Claims Procedures, I filed the Objection Submissions with the Court containing a summary of the remaining User Objections, and I attached to each a sworn affidavit containing my statement in support of my determination with

---

[1]  Capitalized terms not defined herein have the meanings ascribed to them in the Order Approving Procedures for the Verification of User Contributions to and Withdrawals from EminiFX (the "**Claims Procedures**") [Dkt. 228].



Page 2

respect to each of the Disputed Transactions.[2]  The First User Objection Submission addressed 382 transactions where the nature of the Disputed Transaction was generally not disputed but the transaction was not allowable under the Distribution Plan approved by the Court (the "**Plan**") [Dkts. 431, 444-3], generally because such transaction was a transfer between Users rather than directly to EminiFX.  The Second User Objection Submission addressed the remaining 168 Disputed Transactions.   These Disputed Transactions generally involved either a lack of supporting documentation for a claimed deposit or a challenge to a withdrawal that, upon review, was determined to have been made to an account or wallet associated with the User.  Some internal transfers were included in the Second User Objection Submission, generally because I was attempting to resolve the situation consensually with the affected User at the time of the filing of the First User Objection Submission.

I have reviewed every Disputed Transaction in the Objection Submissions, and have personally evaluated the materials submitted, the internal and third-party records available, and the overall circumstances of each claim—all to ensure that there was simply no way to allow the transaction under the terms of the Claims Procedures and the Plan.  As such, I do recommend that the Court overrule the User Objections.  Regardless whether the Court overrules or sustains each User Objection, my team and I will be able to implement the Court's decision and prepare the affected accounts for distribution (if eligible) in fairly short order.  We will also file a final claims analysis report on the docket as soon as practicable after implementing the Court's decisions.

Accordingly, I respectfully request that the Court enter an order overruling the User Objections set forth in the Objection Submissions.

Respectfully submitted,

David A. Castleman
OTTERBOURG, P.C.
230 Park Avenue
New York, NY 10169
(212) 661-9100
dcastleman@otterbourg.com
*Receiver*

cc:   Eddy Alexandre (by U.S. Mail)

---

[2]   The filing documents provided by the Users were not included in the Objection Submissions. These documents are voluminous and, in most cases, contain PII requiring that they be filed under seal. That being said, my team and I are prepared to make the documents available if and to the extent requested by the Court.

Users whose objections the Receiver has addressed in either of his affidavits (Dkts. 496 & 504) may submit replies not later than **Tuesday, September 9, 2025**. Users must submit their replies to the Receiver, not to the Court. Replies submitted to the Court directly will not be reviewed.

Not later than **Friday, September 12, 2025**, the Receiver must file on the docket any replies that users have submitted.

Not later than **Thursday, August 21, 2025**, the Receiver must provide notice of this Order to users who have filed objections and file proof of notice on the docket.

SO ORDERED.

8/19/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE