**MEMO ENDORSED**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X

COMMODITIES FUTURES TRADING
COMMISSION,
    Plaintiff,

v.

EDDY ALEXANDRE and
EMINIFX, INC.,
    Respondents.
---------------------------------X

NEW YORK, N.Y.

Case No.: 22-CV-3822(VEC)

RECEIVED AUG 2 6 2025 PRO SE OFFICE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/22/2025

## EMERGENCY MOTION TO STAY

Eddy Alexandre, (hereinafter, "Mr. Alexandre"), Petitioner proceeding pro se, respectfully moves this Honorable Court for an emergency stay pending appeal of the Court's orders Dkt# 515 and Dkt#516.

GROUNDS FOR EMERGENCY MOTION TO STAY

1- Likelihood of Success on the Merits

Petitioner has a strong likelihood of success on appeal as the rulings by the Court fundamentally violate constitutional protections and raise serious questions about the fairness of the legal process.

2- Irreparable Harm

Without a stay, Petitioner faces irreparable harm, as the Court's orders effectively strip away rights, property, and impose severe consequences in a matter exceeding $100 million, depriving Petitioner of a fair trial and due process.

3- Injury to Other Parties

The public interest in maintaining the integrity and fairness of judicial proceedings outweighs any potential harm to the Plaintiff,

the CFTC. A stay will ensure that the judicial process is not unduly rushed, allowing appellate review.

4- Public Interest

The principles of justice and fair representation in court require that this case and its serious implications be resolved through a thorough appellate review, rather than through expedited proceedings in the District Court sham process that have disregarded individuals rights to favor the government interests due to preconceived bias.

WHEREFORE, Mr. Alexandre respectfully requests that this Court Grant the emergency motion to stay the aforementioned orders Dkts # 515 & 516 pending appeal, and provide any additional relief deemed appropriate by this Court.

Dated on August 21, 2025

Respectfully submitted,

/S/ Eddy Alexandre

Eddy Alexandre, pro se
Reg. No.: 00712-510
Former CEO & Founder of EminiFX
FCC Allenwood-Low
P.O. Box 1000
White Deer, PA 17887

Application DENIED.

The Court construes this motion as a request to stay the Receiver's distributions pending Alexandre's appeal of the Court's Orders granting summary judgment in favor of the CFTC, Dkt. 515, and compelling Alexandre to turn over additional assets and information to the Receiver, Dkt. 516. In determining whether a stay pending appeal is appropriate, courts consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999). All of these factors counsel against granting a stay.

With respect to the first factor, Alexandre merely states that he believes that his appeals are likely to succeed. He has not attempted to make any showing, let alone a "strong" showing, as to why that is the case.

With respect to the second factor, Alexandre has not shown that he will suffer any injury, let alone an irreparable injury, absent a stay. The Court has already approved the Receiver's distribution plan, *see* Dkt. 431, and distributions would continue even if the Court of Appeals were to reverse the Court's decisions on the motion for summary judgment or the motion to compel. Regardless, the losses Alexandre has identified pertain to money and other property seized by the CFTC and the Receiver, and losses "compensable by money damages [are] insufficient to establish irreparable harm." *CRP/Extell Parcell I, L.P. v. Cuomo*, 394 Fed. App'x 779, 781 (2d Cir. 2010).

With respect to the third and fourth factors, the issuance of a stay would substantially injure EminiFX investors, who have a clear interest in getting as much of their money restored to them as quickly as possible.

Given the lack of legal authority for Mr. Alexandre's motion, the Court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that any interlocutory appeal of this order would not be taken in good faith. Therefore, permission to proceed *in forma pauperis* on interlocutory appeal of this order is DENIED.

The Clerk of the Court is respectfully directed to terminate the open motion at Dkt. 522 and to mail a copy of this Order to Mr. Alexandre.

SO ORDERED.

9/22/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE