UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
COMMODITY FUTURE TRADING COMMISSION, :
:
                          Plaintiff, :        22-CV-3822 (VEC)
:
    -against- :           ORDER
:
EDDY ALEXANDRE and EMINIFX, INC., :
:
                  Defendants. :
:
-------------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

      WHEREAS on May 23, 2025, the Receiver filed the First User Objection Submission, Dkt. 496, in which he identified transactions that purportedly involve EminiFX users seeking reimbursement for transactions that, in the Receiver's assessment, are not eligible for credit pursuant to the plan of distribution approved by the Court, *see* Opinion & Order, Dkt. 431 at 19–20;

      WHEREAS the Receiver divided the disputed transactions in the First User Objection Submission into three categories: (i) users seeking credit for funds given to other users but not directly to EminiFX ("Inter-User Disputes"), (ii) users seeking credit for ROI or bonuses ("ROI/Bonus Disputes"), and (iii) users seeking credit for transactions made outside of the date range contemplated by the plan of distribution plan ("Date Range Disputes"), *see* Castleman Aff. in Support of First User Objection Submission, Dkt. 497 ¶ 3;

      WHEREAS on July 17, 2025, the Receiver filed the Second User Objection Submission, Dkt. 503, in which he identified transactions that he could not verify as having actually occurred, as well as several withdrawals that users claim did not occur despite evidence in the Receiver's

possession indicating that they did occur, *see* Castleman Aff. in Support of Second User Objection Submission, Dkt. 504 ¶ 4;

WHEREAS on July 23, 2025, the Receiver moved the Court to enter an order overruling the user objections set forth in the First and Second User Objection Submissions, *see* Application to Overrule Remaining User Objections, Dkt. 506;

WHEREAS on August 19, 2025, the Court issued an Order, Dkt. 517, directing the Receiver to solicit and compile responses from users whose objections he had addressed in either of his affidavits supporting the First and Second User Objection Submissions, and to file such responses on the docket;

WHEREAS on September 12, 2025, the Receiver filed the responses he received from EminiFX users, *see* Sept. 12, 2025, Castleman Aff., Dkt. 524;

WHEREAS the Receiver received responses from 29 users with Inter-User Disputes (User IDs 59488, 28581, 47462, 44101, 45357, 29625, 71494, 53543, 24702, 67989, 27282, 38738, 13748, 17368, 57473, 52380, 53747, 65129, 59335, 30110, 17212, 62188, 40277, 66712, 63981, 60723, 30603, 61732, and 35119), *see* Sept. 12, 2025, Castleman Aff. at 4–22, but those responses failed to refute the Receiver's conclusion that the disputed transactions were between users rather than between users and EminiFX;

WHEREAS the Receiver received responses from three users with ROI/Bonus Disputes (User IDs 13748, 48407, and 54181), but those responses failed to refute the Receiver's conclusion that the disputed transactions were seeking credit for ROI or bonuses, *see* Sept. 12, 2025, Castleman Aff. at 11, 13, 16, not for the deposit of new funds;[1]

---

[1] One user (User ID 13748) submitted a letter arguing that Transactions 13748-U00025 and 13748-U00028 were improperly characterized as ROI/Bonus Disputes, *see* Sept. 12, 2025, Castleman Aff. Ex. 7, but those transactions were characterized as an Inter-User Dispute and a Date Range Dispute, respectively, not as ROI/Bonus Disputes, *see* Sept. 12, 2025, Castleman Aff. at 11. Two users (User IDs 48407 and 54181) presented evidence purporting to show that transactions that the Receiver characterized as ROI/Bonus Disputes occurred, *see* Sept. 12, 2025, Castleman Aff. Exs. 10, 13, but that is not disputed. What matters, for purposes of these disputes, is not

WHEREAS the Receiver received a response from a user with a Date Range Dispute (User ID 13748), but that response failed to refute the Receiver's conclusion that the disputed transaction occurred outside the date range contemplated by the plan of distribution, *see* Sept. 12, 2025, Castleman Aff. at 11, Ex. 7;

WHEREAS the Receiver received responses from eight users, discussed below, attempting to show that transactions the Receiver had disallowed actually occurred. None is sufficient to refute the Receiver's conclusion that he cannot verify that the transactions occurred;

WHEREAS the Receiver received responses from two users (User IDs 22031 and 12901) that consisted of screenshots showing information about the users' accounts with EminiFX but contained no evidence that the specific disputed transactions occurred, *see* Sept. 12, 2025, Castleman Aff. at 4, 8, Ex. 1, Ex. 4;

WHEREAS the Receiver received responses from two other users (User IDs 31233 and 12318) that consisted of documents related to the users' personal bank accounts and contained no evidence of any transactions between the users and EminiFX, *see* Sept. 12, 2025, Castleman Aff. at 10, 19, Ex. 6, Ex. 17;

WHEREAS the Receiver received responses from three users (User IDs 11551, 20320, and 49903) that did not contain any documentation showing that the transactions had, in fact, occurred, *see* Sept. 12, 2025, Castleman Aff. at 7–8, 10; and

WHEREAS the Receiver received a response from one user (User ID 41568) who had sought credit for a transaction that the Receiver concluded had not been completed, *see* Sept. 12, 2025, Castleman Aff. at 18. The documentation submitted failed to refute the Receiver's conclusion.

---

whether the transactions occurred, but whether the transactions reflect that users are seeking credit for ROI or bonuses rather than deposits.

IT IS HEREBY ORDERED that, in light of the evidence presented in the Receiver's affidavits supporting his First and Second Submission of User Objections and the Court's analysis of the user responses, the Receiver's Application to Overrule Remaining User Objections, Dkt. 506, is GRANTED.

**SO ORDERED.**

Date: September 22, 2025
New York, NY

**VALERIE CAPRONI**
**United States District Judge**