**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>EDDY ALEXANDRE and<br>EMINIFX, INC.,<br><br>Defendants. | Case No.: 22 Civ. 3822 (VEC)<br><br>**DECLARATION OF DAVID A. CASTLEMAN, AS RECEIVER IN SUPPORT OF HIS MOTION FOR APPROVAL OF A PROPOSED PROCESS FOR PROTECTION OF <u>PRIVILEGED MATERIALS</u>** |

I, David A. Castleman, Esq., pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information, and belief:

1.  I make this declaration in my capacity as Receiver pursuant to the Consent Preliminary Injunction (the "Consent Order") entered by this Court on June 15, 2022 [Dkt. 56]. I submit this declaration in support of my Motion for Approval of a Proposed Process for Protection of Privileged Materials contained on Eddy Alexandre's Laptop[1] and Gmail Account (the "Motion").

2.  I am fully familiar with the facts stated herein based upon personal knowledge.

3.  On August 19, 2025, I caused this Court's Order dated August 19, 2025 (the "August 19 Order") to be sent to Alexandre by mail, and I also emailed Alexandre a copy of the Docket Text of the August 19 Order. A copy of my email to Alexandre is appended hereto as Exhibit 1.

---

[1] Capitalized but undefined terms used herein take on the meaning ascribed to them in the Receiver's Motion to Compel [Dkt. 448].

8609747.1

4. I also separately emailed Alexandre instructing him, in accordance with the August 19 Order, to provide me with "the passwords and any other necessary credentials to enable me to access the Laptop turned over to my agents by the CFO on May 12, 2022" and "the passwords and any other necessary credentials to enable me to access your Gmail account with the address *****@gmail.com" as well as the other assets and information which the Court set forth in its order (the "August 19 Email"). A copy of the August 19 Email is appended hereto as Exhibit 2.

5. Such information would permit me to instruct my forensic accountants, who manage my online document management system, to secure the data on the Laptop and in the Gmail Account without allowing me or my attorneys at Otterbourg to review that material until such time as the Court approves a process for the protection of applicable privileges.

6. While Alexandre has not yet provided the credentials necessary to access his Gmail Account or Laptop, I am submitting in the Motion a proposed protocol to the Court, so that once my team does receive the passwords, it can begin its review.

7. On August 28, because I had not received any response from Alexandre to my August 19 email, I emailed Alexandre again, noting "[y]ou have not responded to my email of August 19, 2025…" and reiterating the instructions in the August 19 Email. A copy of this email is appended hereto as Exhibit 3.

8. Having still received no response from Alexandre, I sent a third email on September 11, again reiterating the instructions in the August 19 Email. A copy of that email is appended hereto as Exhibit 4.

9. On September 30, 2025, I sent Mr. Alexandre an email reiterating the instruction for the last time, and seeking his position on the relief sought in the instant motion. A copy of the

2

3

email is appended hereto as Exhibit 5.  As of the date of the filing of this motion, no response has been received.

10.    Thus, for the reasons set forth herein and in the memorandum of law submitted with this Motion, I respectfully request that this Court enter an Order Approving my Proposed Process for protecting privileged materials in Alexandre's Laptop and Gmail Account.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on October 6, 2025.

<em>/s/David A. Castleman</em><br>David A. Castleman