IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
——————————————————————X

COMMODITY TRADING FUTURES
COMMISSION,
      Plaintiff,

v.

EDDY ALEXANDRE, and
EMINIFX, INC.,
      Respondents.
——————————————————————X

New York, N.Y.

Case No. 22-CV-03822 (VEC)



REQUEST FOR JUDICIAL NOTICE

Submitted by: Eddy Alexandre, pro se

**HEADLINE**

Over 30,000 investor's legitimate cryptocurrency holdings were liquidated despite requests to be paid in kind (in Bitcoin), causing massive losses exceeding fivefold the original BTC value; and additional 200 investors petitioned the Court to reconsider Mr. Alexandre's case. SEC and CFTC have now publicly acknowledged prior enforcement missteps.

**KEY POINTS**

1. Tangible Harm: Premature liquidation of investor cryptocurrency portfolios caused financial losses exceeding 5x the original value of Bitcoin.

2. Investor Support: Letters from 1,000 investors requesting in-kind payment and 200 additional investors urging reconsideration, (Exhibit B) confirm widespread concerns regarding procedural irregularities.

3. Regulatory Admission: Public Statements from SEC Chair Paul Atkins (Exhibit A) acknowledge past enforcement approaches were "not grounded in precedent" or "predictable," confirming systemic issues highlighted by Mr. Alexandre.

4. Requested Relief: Judicial notice of SEC statements and investors letters; granting of an evidentiary hearing or a jury trial to address harm and procedural irregularities.

ENCLOSURES

   Exhibit A   SEC Chair Paul Atkins statement

   Exhibit B   Investor's Letter to the Court

   Exhibit C   Crypto executives meeting with Senators to push forward market structure legislation

### EXECUTIVE SUMMARY

This filing highlights the concrete harm caused by the premature liquidation of legitimate cryptocurrency investments. Approximately 1,000 investors requested in letters to this Court that their portfolios be paid in kind (in bitcoin), yet the receiver liquidated them, resulting in financial losses that exceeded fivefold the original value of Bitcoin (5x). An additional 200 investors (among those not paid $50,000 by the receivers for "advertising") recently petitioned the Court to reconsider Mr. Alexandre's case with the Judge's decision to GRANT the CFTC's summary judgment without an evidentiary hearing and blocking a trial by jury, confirming systemic irregularities in the enforcement proceedings. These developments, together with admissions by both the SEC and CFTC acknowledging past enforcement missteps, underscore the necessity of judicial attention and remedial action now that the CFTC requested a supplement order of $45 million fines levied against Mr. Alexandre and EminiFX due to the granting of the summary order by judge Caproni causing massive losses from the Receiver's liquidation of the EminiFX Portfolios, more pointedly the liquidate of the crypto portfolio as outlined in Mr. Alexandre's "Objection and motion for an Order to show cause" for surcharge preservation.

To the Honorable Valerie E. Caproni, United States District Judge:

Defendant Eddy Alexandre (hereinafter "Mr. Alexandre"), acting pro se, respectfully requests that this Court take judicial notice of recent and significant public statements by United States Securities and Exchange Commission (SEC), which directly bear on due process and fair notice in regulatory enforcement actions, particularly in the cryptocurrency sector. These developments are highly relevant to the claims raised in Mr. Alexandre's Opposition to the CFTC's Motion for Summary Judgment which was recently granted by this Court; and in support for a jury trial that is required now more than ever with the CFTC's request for a supplemental Order to unilaterally impose a fine of $45 million against

Mr. Alexandre and EminiFX jointly and severally without a jury trial in continuous blatant violation of Mr. Alexandre's Seventh and Fourteenth Amendments to the United States Constitution.

I. SEC's acknowledgment of past regulatory practices and commitment to "Fair Notice"

Recent public statements from the highest levels of the SEC indicate a substantial shift in the agency's approach to cryptocurrency enforcement. Specifically, SEC Chair Paul Atkins has openly discussed a departure from what he described as an "enforcement-first" policy stating "You can't just suddenly come and bash down their door," often criticized as the dangerous "regulation by enforcement." (See Exhibit A)

This acknowledgment by the SEC addresses a core concern raised by Mr. Alexandre which is directly relevant to Mr. Alexandre's first claim regarding a violation of due process due to a lack of "fair notice". While Judge Caproni previously rejected this claim on the basis that the law existed, it is now plain that the law did NOT exist, and similar claims have been recognized in other contexts, including by courts reviewing CFTC enforcement actions, which found procedural deficiencies and bad faith conduct from the CFTC. The SEC current posture, coupled with admissions by CFTC Commissioner Summer Mersinger, suggest a broader systemic issue where regulators allegedly pursued enforcement actions without adequate legislative clarity for the evolving crypto sector. Other courts have also reportedly dismissed CFTC enforcement actions on similar grounds such as in SEC v. Digital Licensing et al (2023). See United States District Court of Utah, Northern Division Case 2:23-cv-00482 as published on:

https://www.hklaw.com/en/general-pages/receiverships-and-class-actions/debtboxreceiver
(The SEC violated due process by failing to provide "fair notice" before bringing this type of digital assets enforcement action that the type of alleged conduct involving digital assets in the Complaint would be forbidden by, or would violate, the federal securities laws.)

Under the previous Biden administration, regulators often acted aggressively without awaiting legislative guidance, effectively creating law through agency enforcement actions (a task exclusively reserved for the U.S. Congress). The SEC's admission, as echoed in the Chair's statements and public reporting, confirms that regulators have been pursuing enforcement prior to the establishment

of clear statutory authority. Or, without authority, the enforcement is unlawful. The context is crucial, Particularly as the U.S. Congress continues to work towards establishing a comprehensive legal framework for digital assets. For instance, Congress passed the Clarity for Payment Stablecoins Act (often referred to as the "GENIUS ACT") to address the "stablecoin" portion of the cryptocurrency world, and the "Financial Innovation and Technology for the 21st Century Act" (FIT21 BILL) aims to establish a jurisdictional separation between the SEC and the CFTC turfs war over digital assets. This legislative activity underscores the prior absence of clear, specific laws; and the U.S. Congress is still considering comprehensive legislation to clarify digital asset regulations, including further clarification over jurisdictional boundaries between the SEC and the CFTC to define non-existing statutes and elements for conduct, and eliminate the recent practice of agency-made laws without statutes. (See Exhibit C) https://www.cnbc.com reporting on Crypto World News 10/22/2025 (Crypto Execs meet with Senators to push forward market structure legislation concerning the crypto world).

In a recent interview with the Financial Times (FT), reported by Cryptonews.com on 9/15/2025, SEC Chair Paul Atkins stated that the agency would now issue preliminary notices of technical violations before pursuing formal enforcement actions against crypto firms. Chair Atkins articulated a shift from the SEC's previous "shoot first and ask questions later" stance, acknowledging that the public rightly criticized past decisions that were "not grounded" or "predictability." He further indicated a new commitment to affording regulated entities fair notice, including allowing for a potential period of six months before enforcement actions are taken against businesses." This commitment signals a move toward greater regulatory predictability and fairness, where dialogue and engagement are intended to precede punitive measures. This pivot also includes the establishment of a crypto task force to provide clarity on the application of federal securities laws to digital assets and to recommend practical policy measures.

These statements from the SEC Chair represent a public admission of a prior regulatory posture that mirrored the very concerns raised by defendants, including Mr. Alexandre, regarding the lack of fair notice and due process in complex and evolving regulatory landscape such as the digital asset space. Mr. Alexandre and his investors would have been protected. The SEC's acknowledgment that its past enforcement actions were not always "grounded in precedent" highlights the inherent difficulties faced by individuals and companies attempting to comply with an unclear framework.

II. Relevant to Mr. Alexandre's Case

    a) Tangible Harm to Investors

Approximately 1,000 (one thousand) investors filed letters with this Court requesting that the CFTC-Appointed receiver not liquidate their cryptocurrency portfolios, but instead pay them in kind (in crypto), affirming that their investments were legitimate. Despite these requests, the receiver with this court's blessings liquidated their holdings, causing substantial financial harm. Since that time, the value of Bitcoin (BTC) has increased by more than fivefold (5x), demonstrating the enormous and preventable loss suffered by the EminiFX investors, EminiFx and Mr. Alexandre in this instant action.

    b) Investor Support and Letters

A separate group efforts of approximately 200 investors resubmitted letters to both this Court and the Criminal docket urging reconsideration of Mr. Alexandre's case, citing concerns about irregularities in the proceedings and enforcement actions. Combined with the original petition signed by about 16,000 individuals against the CFTC action, these investors now feel vindicated showing they were not fools as both the SEC and CFTC have publicly admitted past enforcement missteps on the record. These developments confirm that these citizens were not mistaken as repeatedly called in this process in identifying the procedural and substantive wrongs in these enforcement proceedings reinforcing the legitimacy of Mr. Alexandre's claims on behalf of low income investors without any significant political connections in Washington DC to say a word for them. (See Exhibit B)

    c) Regulatory Admission and Context

The CFTC brought an enforcement action against Mr. Alexandre and his Company EminiFX, Inc., alleging fraudulent solicitation and misappropriation of funds in a pooled investment vehicle involving commodity interests. Concurrently, the CFTC working with the U.S. Attorney's Office (USAO) jointly initiated a parallel criminal action, leading to Mr. Alexandre's guilty plea to commodities fraud and a nine-year sentence in July 2023.

Mr. Alexandre subsequently filed an amended motion under 28 U.S.C. section 2255, challenging his plea agreement on multiple grounds, including but not limited to claims of coercion, insufficient

notice regarding regulatory classification, and actual/factual innocence. The SEC's acknowledgment of its prior "shoot first, ask question latter" approach in the cryptocurrency sector, taken as admissions regarding its historical "regulation by enforcement" approach and its commitment to providing fair notice and clear guidelines in the future offer crucial context to Mr. Alexandre's arguments that he was NOT afforded adequate due process and fair warning regarding the regulatory classification and legal implications of his activities. The SEC's current stance reflects a recognition that market participants were operating in a "regulatory gray zone," facing aggressive enforcement without clear guidance.

This significant shift in the federal government's regulatory philosophy, as publicly articulated by the SEC Chair, directly supports the equitable considerations and due process arguments underlying Mr. Alexandre's opposition to the Summary Judgment and the CFTC's request for a supplemental Order grating them a fine of $45 million against Mr. Alexandre and EminiFX. The government's acknowledgment of its past "shoot first" approach underscores the very systemic issues that Mr. Alexandre contends led to the improper enforcement action and subsequent summary judgment now granted followed by an outrageous supplemental order request of $45 million without a jury trial by the CFTC Mr. Alexandre now seeks to challenge.

CONCLUSION

For the foregoing reasons, Mr. Alexandre respectfully requests that this Honorable Court take judicial notice of the aforementioned public statements by SEC Chair Paul Atkins and the acknowledged shift in the SEC's regulatory enforcement approach in the cryptocurrency space. This development provides compelling support for the arguments set forth in Mr. Alexandre's Motion in opposition to the CFTC's request for a supplemental order. Mr. Alexandre further requests that this Court schedule an evidentiary hearing and a jury trial in light of these significant and pertinent developments.

While recognizing judicial immunity, it is morally incumbent on regulatory and judicial actors to acknowledge past missteps to restore public confidence and remedy the harm caused.

Dated October 23, 2025

Respectfully submitted,

/S/ Eddy Alexandre
---

Eddy Alexandre, pro se
Reg. No. 00712-510
Former CEO & Founder of EminiFX
FCC Allenwood Low
P. O. Box 1000

White Deer, PA 17887

Enclosures

Exhibit A SEC Chair Paul Atkins Statement

Exhibit B EminiFX Investors' Letter to the Court

Exhibit C Crypto exes Meeting with Senators 10/22/2025

# ATTACHMENT A

SEC to Issue Warning Notices Before Crypto Crackdowns, Says Chair Atkins

https://cryptonews.com/news/sec-to-issue-warning-notices-before-crypto-crackdowns-says-chair-atkins/

SEC Chair Paul Atkins said the agency would now issue preliminary notices of technical violations before pursuing formal enforcement actions against crypto firms.

Crypto Journalist
Amin Ayan
Last updated:
September 15, 2025

The US Securities and Exchange Commission (SEC) is shifting its stance on crypto regulation, moving away from the aggressive enforcement tactics that defined the agency's previous administration.

Key Takeaways:

SEC Chair Paul Atkins says crypto firms will now receive warning notices before any enforcement actions.
Atkins rejected Gensler's broad view of crypto as securities and supports tokenized asset trading.
The SEC has dropped several legacy cases and launched a Crypto Task Force to improve industry dialogue.

In an interview with the Financial Times on Monday, SEC Chair Paul Atkins said the agency would now issue preliminary notices of technical violations before pursuing formal enforcement actions against crypto firms.

"You can't just suddenly come and bash down their door," Atkins said. "Businesses can now expect to first receive a preliminary notice."

Atkins Breaks from Gensler's Lawsuit-Heavy Crypto Enforcement Strategy

The comments signal a marked break from the approach under former SEC Chair Gary Gensler, who was frequently criticized for using lawsuits as the primary tool to regulate the crypto industry.

During Gensler's tenure, the SEC launched legal battles against high-profile firms including Ripple Labs, Terraform Labs, Binance, Coinbase, and Kraken, actions that cost the industry billions in legal fees.

Atkins said many of those actions lacked legal grounding and predictability. "It would shoot first and then ask questions later," he noted, emphasizing the need for clearer process and dialogue.

He also suggested companies should be given up to six months to address issues before enforcement is considered.

In another key policy shift, Atkins pushed back against Gensler's interpretation that most cryptocurrencies are securities.

He said most tokens do not fall under securities laws and voiced support for trading tokenized stocks and bonds that carry the same legal rights as their underlying instruments.

Since taking office in April, Atkins has led the SEC to establish a dedicated Crypto Task Force and has dropped several ongoing enforcement actions inherited from the Gensler era.

The changes reflect a broader effort to rebuild trust with the industry and promote regulatory clarity.

The new direction may signal a less adversarial relationship between U.S. regulators and the digital asset sector, at least for now.

New Crypto Bill Aims to Limit SEC Overreach, Shield DeFi Developers

Last week, US lawmakers released a revised draft of the Responsible Financial Innovation Act of 2025, proposing clear regulatory boundaries between the SEC and CFTC, and creating a Joint Advisory Committee to promote cooperation and transparency.

Both agencies would be required to publicly respond to committee recommendations, with a public roundtable set for Sept. 29.

The bill introduces explicit protections for DeFi developers, validators, wallet builders, and liquidity providers, as long as the protocols remain decentralized.

These safeguards address growing concerns following enforcement actions like the Tornado Cash case, which raised fears of criminal liability for open-source development.

Airdrops, staking rewards, and DePIN tokens are also covered under new definitions, shielding them from securities laws.

The draft aims to remove regulatory ambiguity, reduce friction, and encourage responsible innovation across emerging blockchain sectors.

# ATTACHMENT B

09/12/2025

Magalie Derose & Jean L Baptiste
P.O Box 3281
Boynton Beach, Florida 33424

Date: 9/6/2025

The Honorable John P. Cronan
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re: Submission of Petition for Reconsideration – United States v. Eddy Alexandre

Dear Honorable Judge Cronan,

On behalf of the undersigned members and supporters of EminiFX, I respectfully submit the enclosed Petition for Reconsideration concerning the case of United States v. Eddy Alexandre.

This petition reflects our sincere concerns regarding the fairness of Mr. Alexandre's trial, the circumstances of his arrest, and the subsequent management of EminiFX under court-appointed receivership. We strongly believe these issues merit careful review and consideration in the interest of justice.

We submit this petition with the utmost respect for the Court and the judicial process. Our request is made in good faith and with confidence in the Court's integrity and commitment to fairness.

Finally your Honor, we're humbly reminding you that being a judge, you are in the limits of your profession, a representative of the just and impartial God. It happens that you have in front of you a son of that impartial God, in the person of Mr Eddy Alexandre.

Thank you for your time and consideration of this matter.

Respectfully,

| | | |
|---|---|---|
| Andral Jean Baptiste | Guerline Sauveur | Jean Riguere |
| Rolder Elzier | Marie Petit Blanc | Ezechiel Sillion |
| Michel Baptist | Jude Jean | Samuel Jacque Abraham |
| Jonas Suaveur | Sandy Gerard Lucien | Zacarie Benoit |

09/12/2025

| | | |
|---|---|---|
| Maxson Alzier | Yves Amicy | Daniel Cadesca |
| Herline | Rose Joseph | Jean-Linne Revolus |
| Celicort | Larrieux Baptiste | Medeline Saint Amour |
| Kettly Jean Baptiste | Witky Odsaint | Jean Renold Thelemaque |
| Ginette Derosier | Miline Delice | Helene Augusmat |
| Michel Jean Baptiste | Irma Bernard | Herold Medor |
| Fanor Jean-Baptiste | Esther Rey | Louicius Toussaint |
| Rita Josias | Frannency Vilna | Daniela Antoine |
| Soucianne Querette | Jarry Cesar | James Prophete |
| Magalie Querette | Wilbir Guirand | Yanick Joseph |
| Taylor Champagen | Island Chouloute | Jean-Lourdy Alcime |
| Yves Guerilus | Sheila Satune | Jean Pjillipe Locean |
| Frandel Saint Eloi | Stanley Lundi | Stanley Laforest |
| Ophane Querette | Carline Charles | Melissa Laforest |
| Henry Fombrum | Ghislaine Germain | Pelerge Pateau |
| Wilmar Saurel | Kerline Joseph | Ghyslene Donatien |
| Stanley Lundi | Ketline Joseph | Sanise Jean Louis |
| Nashaelle Stiven | Edwine Saintelmy | Henry Alexandre |
| Livrance Louis | Myrlene Jean Paul | Jose Kernizan |
| Joseph Felix Moncoeur | Lea Aristide | Analina Baptiste Kerniza |
| Marjory Bombasse Elizar | Elourd Colin | |
| Pierre Moncoeur | Marie Clotilde Nazaire | Lendy Prophil |
| Vedete Coulanges | Dienel Desir | Maguy Joseph |
| Margaline Toussaint | Henry Charlot | Marc-Aurel Prophil |
| Rebeca Desenclos | Mimose Lafoster | Marie Joseph |
| | | Marie Felix |

09/12/2025

| | | |
|---|---|---|
| Collins Prophil | Rudmael Alexandre | Gary Semaille |
| Minerve Prophil | Vandy Theodore | Deni Noel |
| Maxo Dieudonne | Gerda Theodore | Evans Senatus |
| Nadege Beauvil | Francoise Vaudreuil | Juline Brice |
| Falout Saint-Juste | Larousse Adolphe | Djimmitry Piere Louis |
| Katouchca Michel | Gyna Alexis | McDonel Saint-Juste |
| Guy Laude | Philogene Bernadin | Jérôme Saint-Juste |
| Pierre Laforest | Sonia M Joseph | Iguenta Derisier |
| Pierre Conserve | Altagrace Louis | Andy Derisier |
| Eunide Cadesca | Lollince Merisier | Patrick Alexandre |
| Lesly Lubin | Dumesle Jocelyne Desir | Louis J Joseph |
| Luce Mortiner Lubin | Gardy Vaudreuil | Marleine Alty |
| Yamiley Massillon | Wagner Julney | Nervin Lovindky |
| Denise Antoine | Angie Gabrielle-Jean | Nathalie Jean-Gilles |
| Richardson Laforest | Jude Toussaint | Marclin Rock |
| Yvette Cetoute | Betty Elisca | Fedy Belizaire |
| Fresnel Aurelien | Banassa Bienaime | Higuens Edmond |
| Estory Rely | Lumene Baptiste Victor | Petit Augustin |
| Sonya Martial Joseph | Wilson Williamceau | Rias Adlin Altierie |
| Nicole Cayard | Jeremiah Narcisse | Emissel Saint Juste |
| Ezechiel Sillion | Oreste Julien | Adly Obsaint |
| Maggie Desir | Nikenson Aristil | Imelda Augustin |
| Danyelle Laforest | Robenson Plancher | Myrlene Jean Paul |
| Yonem Seraphin | Blaise Debreus | Dayane Bercy |
| Mackenley Joseph | Gui Pradieu | Mathilda Malika P. Dorismond |

09/12/2025

| | | |
|---|---|---|
| Anne JN Paul | David Berger | Denis Synal |
| Lopez Dorismond | Dieulita Berger | Marie Carmelle Berger |
| Josiane Toussaint | Marie Brunette Berger | Mireine's Moinvil |
| Neton Joisil | Vertilio Lifleur | Jordany Cesar |
| Marcelin Eugene | Mireille Saintilma | Nanotte Cesar |
| Marie Denise Lezard | Jean Lafleur | Josh Beau De Rachars |
| Myrlene Mystale | | Wilner Byas |
| Rudmael Alexandre | Fanfarone Saintilma | Dieusseul Rameau |
| Jean Yves Berger | Flobert Saintilma | Magalie Ceratus |
| | Nernel Estajuin | |

On behalf of the Petitioners

Enclosure: Petition for Reconsideration

Magalie Derose   *[signature]*

Jean L Baptiste   *[signature]*

# ATTACHMENT C

https://www.cnbc.com/video/2025/10/22/crypto-execs-meet-with-senators-to-push-forward-market-structure-legislation-cnbc-crypto-world.html

Crypto World
Crypto execs meet with senators to push forward market structure legislation: CNBC Crypto World
On today's epsiode of CNBC Crypto World, bitcoin drops to the $108,000 level. Plus, Coinbase says the crypto exchange acquired the digital asset investment platform Echo for approximately $375 million. And, Sergey Nazarov, co-founder of Chainlink, shares what was discussed during meetings with senators on Capitol Hill about crypto regulation.

Talia Kaplan
Jordan Smith
Kaan Oguz

⇔00712-510⇔
Mr Eddy Alexandre
Reg. No.: 00712-510
PO BOX -1000
FCC Allenwood LSCI
White DEER, PA 17887
United States



RECEIVED
OCT 30 2025
CLERK'S OFFICE
S.D.N.Y.

Pro Se

⇔00712-510⇔
The Clerk Of Court
US DIST Court-S-lny
500 Pearl ST
NEW YORK, NY 10007
United States



RECEIVED
OCT 31 2025
PRO SE OFFICE



* Legal Mail