

RECEIVED
NOV 19 2025
PRO SE OFFICE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **COMMODITY FUTURES TRADING COMMISSION,** | |
| **Plaintiff,** | Case No.: 22-cv-3822 (VEC) |
| v. | |
| **EDDY ALEXANDRE and EMINIFX, INC.** | |
| **Defendants.** | |

```
       MOTION TO REBUKE RECEIVER'S APPLICATION FOR APPROVAL
OF SETTLEMENT AGREEMENT WITH JOHN AND SOPHIA MAISONNEUVE,
AND FOR RENEWED REQUEST FOR SURCHARGE AGAINST THE RECEIVER
```

Defendant Eddy Alexandre, (hereinafter "Mr. Alexandre"), pro se, respectfully submits this Motion to rebuke and oppose the Receiver's October 31, 2025 application seeking this Court's approval of a proposed Settlement and Release Agreement (the "Settlement Agreement") with John and Sophia Maisonneuve (collectively, the "Maisonneuves"); and for renewed request for a surcharge against the Receiver for his demonstrable mismanagement and dissipation of estate assets through frivolous litigation.

This motion rests on the record in this instant action, the Receiver's October 31, 2025 letter application (ECF No. 544), the proposed Settlement and Release Agreement (Dkt. 544-1), his fee application and quarterly reports, and the factual context reflected in the record and EminiFX Receivership website.

INTRODUCTION

The Court should deny approval of the Receiver's proposed Settlement. Appointed to protect investors, Receiver David A. Castleman has instead conducted a campaign of frivolous, retaliatory litigation designed to generate

legal fees rather than value for the Receivership Estate.

This motion seeks to prevent the further erosion of the EminiFX estate and to hold the Receiver accountable for actions that appear designed to generate exhorbitant legal fees rather than to benefit the EminiFX CFTC-made victims investors. The Receiver initiated a costly and ultimately fruitless lawsuit against John and Sophia Maisonneuve in addition to Mr. Alexandre's spouse in New York State Supreme Court, without naming the CEO as a party, only to dismiss those claims against John and Sophia Maisonneuve without any recovery for the EminiFX investors, yet having billed the estate substantial sums. The proposed Settlement Agreement, which yields nothing but potentially defamatory language, is not in the best interest of the estate and underscores the Receiver's pattern of frivolous conduct. Therefore, Mr. Alexandre requests that this Court deny the Receiver's application for approval of the settlement and impose a surcharge against the Receiver for the costs incurred in this and other similarly wasteful litigation.

This conduct is contrary to law, fiduciary duty, and equity. The Receiver should be rebuked, denied approval, and potentially surcharged for dilapidation of EminiFX Estate assets.

After initiating a baseless $45 million state-court suit against EminiFX's employees and the CEO's spouse, the Receiver abandoned the claims within five months (may-October), achieving no recovery for the Estate. He now asks this Court to bless a "settlement" that does NOTHING for investors other than hurting their pockets, contains defamatory and harassing language against Mr. Alexandre and his spouse, and sanitizes his failed litigation while he continues billing the Estate at rates exceeding $2.5 million per quarter.

FACTUAL AND PROCEDURAL BACKGROUND

1- The Receivership

The Receiver, David A. Castleman, was appointed in the instant action, (CFTC v. Alexandre and EminiFX, Inc., Case No. 22-cv-3822-VEC), to take control of EminiFX, Inc.'s assets. Federal courts have broad equitable powers to appoint receivers and can grant them authority to preserve, manage, and liquidate assets to protect victims and creditors. However, such appointments are considered "drastic remedies" that should be employed cautiously and only when clearly

necessarily to protect a plaintiff's interests. Receivers have specific duties,
including preserving assets, managing the estate carefully, and acting in the
best interests of creditors and not his own pockets.

## 2- The State Action

On MARCH 25, 2025, the Receiver commenced an action in the New York State
Supreme Court, County of New York, captioned David A. Castleman as Receiver for
EminiFX, Inc. v. Clarielle Dieuveuil et al. (Index No. 651642/2025) (the "State
Action"). The initial complaint asserted various claims against Clarielle
Dieuveuil, Mr. Alexandre's spouse as former "Chief Financial Officer" of EminiFX.

On MAY 14, 2025, the Receiver filed an amended complaint in the State
Action, adding John and Sophia Maisonneuve (the "Maisonneuves"), former employees
of EminiFX, asserting claims for aiding and abetting breach of fiduciary duty
and aiding and abetting fraud, and seeking a staggering $45 million in damages.

## 3- Request to Intervene

Mr. Alexandre previously moved this Court to intervene in the State Action
and move this State Action to merge with the federal enforcement action in the
Southern District of New York (S.D.N.Y.), arguing that he was named in the lawsuit
and deserved to defend against the baseless accusations. This Court, Judge Caproni
presiding, denied the request and authorized the Receiver to proceed separately in
New York State court.

## 4- Lack of Evidence

The Receiver alleged that the Maisonneuves collected "cash from users" not
found in EminiFX accounts. Yet, after interviews, the Receiver conceded that
"the Maisonneuves credibly represented that any cash was given to Eddy Alexandre
and that they have no knowledge of what was done with the funds thereafter."
(Receiver Letter, ECF 544 at 2.)

## 5- Abandonment

Within five months, on October 27, 2025, after launching this significant
$45 million lawsuit, and after forcing the Maisonneuves to incur substantial
legal fees to defend against the claims, the Receiver was "forced to abandon"
(as acknowledged in his application) and dismiss the entire lawsuit against the

Maisonneuves on October 27, 2025, without obtaining a single penny in return for
the EminiFX Estate. Nevertheless, he seeks judicial approval of the Settlement
Agreement and his continued fees.   The Receiver's Application for Approval of
Settlement Agreement with John and Sophia Maisonneuve (Dkt. 544-1) now seeks this
Court's imprimatur on a "settlement" that, by the Receiver's own admission, yields
no financial recovery from the Maisonneuve's for the Estate from the $45 million.
The Receiver states that the Maisonneuves CREDIBLY represented that any cash
provided by users was given to Eddy Alexandre and they have no knowledge of what
was done with the funds thereafter.

## 5- EminiFX Investors Impact

Receivership filings (see ECF Nos. 418 & 444-3) reveal quarterly professional
fees routinely exceeding $1.5 million and sometimes surpassing $2.5 million per
quarter, while no meaningful recoveries have been realized.  Each failed lawsuit
drains investor assets and compounds their losses.

This outcome follows a pattern of the Receiver's actions.  The Receiver has
consistently billed the EminiFX Estate at an average of $1.5 million per quarter,
and has submitted recent applications for $1.1 million for the past quarter, and
$1.5 million for the previous quarter.  The Receiver benefits financially no
matter if he wins or loses, while EminiFX investors bear the brunt of his decisions.
Mr. Alexandre has previously asserted that the Receiver's lawsuits are frivolous
and intended to harass him and his immediate  family members, particularly in
light of Mr. Alexandre's collateral attack against his joint-parallel criminal
case and his prior surcharge request against the Receiver for having wasted the
crypto portfolio by liquidating BTC at a fraction of its current value , despite
a motion  from 1,000 EminiFX investors asking him not to sell or to pay them in
crypto.  [in kind].

## 6- Defamatory language

A particularly egregious aspect of the  proposed Settlement and Release
Agreement is found on Page 4 of 12 (ECF pagination) at Dkt. 544-1, Clause 5(d),
which states: "The Maisonneuves have no knowledge of what Alexandre or Dieuveuil
did with the EminiFX Cash after the  Maisonneuves provided it to Eddy Alexandre."
This directly contradicts Clause 5(c) of the same page, which states: " The
Maisonneuves gave any and all EminiFX Cash they have ever received to Eddy

Alexandre." The INCLUSION of Ms. <u>Dieuveuil</u>'s name in Clause 5(d) is factually baseless, as the Maisonneuves never transferred EminiFX Cash to her, and serves no purpose other than to defame and slander both Mr. Alexandre and Ms. Dieuveuil.

This Court has already granted the CFTC's request for summary judgment and certified Mr. Alexandre's appeal, granting him in forma pauperis status, thereby preserving his appellate rights to address these claims before the Second Circuit Board of Appeals. Mr. Alexandre preserves his rights to defend against these baseless attacks.

LEGAL ARGUMENT

A. The Court Has a Duty to Reject Settlements Contrary to the Estate's Interests

Federal courts approve receiver settlements only when they clearly benefit the estate and comport with fiduciary prudence. SEC v. Brenner, 230 F.3d 65, 75 (2d Cir. 2000) (receiver may be surcharged for negligent dissipation of assets); In re TF Stone Co., 91 B.R. 759, 763 (Bankr. D. Mass. 1988) (fiduciary must consider cost-benefit of litigation).

When considering a receiver's proposed settlement, the courts must find the settlement to be "fair, adequate and reasonable" and in the "best interest" of the estate. Factors considered include the likelihood of success on the merits, the means of possible recovery, the complexity, expense, and duration of the litigation, and the substance and amount of opposition to the settlement. Here the Receiver's application fails to meet this standard. The Settlement yields no recovery and serves primarily to conceal the Receiver's misjudgment. Approval would ratify conduct inconsistent with his fiduciary duties and the Court's supervisory role.

1- The Litigation Against the Maisonneuves Was Frivolous and Lacked Any Reasonable Basis

The Receiver pursued a whooping $45 million claim against the Maisonneuves only to drop it entirely from the action without any recovery for the Estate. This outcome demonstrates that the litigation was "completely without merit in law or fact." New York courts may impose costs and sanctions for "frivolous conduct," which includes conduct that "is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or

-5-

reversal of existing law," or conduct that is "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another."

The Receiver's own letter acknowledges that the Maisonneuves credibly represented that any cash was given to Mr. Alexandre and they possessed no EminiFX property. This information, if truly credible and ascertained _after_ filing the amended complaint, suggests a lack of sufficient pre-litigation investigation into the merits of the claims. If this information was available _before_ filing, the pursuit of the claims was clearly unwarranted. (And it was, as admitted by the Receiver the accounts were properly credited by EminiFX). The expenditure of substantial estate funds on a lawsuit that was _abandoned_ without recovery, particularly after the Maisonneuves were compelled to undergo multiple intervies and secure counsel, is a clear indication of frivolous litigation. This is not in the best interest of the estate, which is supposed to be managed carefully for the benefit of creditors.

2- The Settlement Agreement Contains Baseless and Defamatory Language

Clause 5 (c) of the Settlement Agreement states:
"The Maisonneuves gave any and all EminiFX Cash they have received to Eddy Alexandre."

Clause 5 (d) then asserts:
"The Maisonneuves have no knowledge of what Alexandre or Dieuveuil did with the EminiFX Cash after the Maisonneuves provided it to Eddy Alexandre".

These statements are irreconcilable. Having given cash SOLELY to Mr. Alexandre, the Maisonneuves could not truthfully nor credibly disclaim knowledge of "what Dieuveuil did" with funds she never received. The inclusion of Ms. Dieuveuil's name is gratuitous and defamatory, it is factually unsupported and appears to be an attempt to "harass or maliciously injure another" through defamation and libel, fitting the criteria for frivolous conduct. A settlement that includes such gratuitous and inaccurate statements, especially when no financial recovery is being made, should not receive court approval as it does not serve justice or the estate's legitimate interests.

3- The Settlement Fails the "Fair, Adequate, and Reasonable" Standard

Given that the Receiver has obtained no financial recovery for the EminiFX estate from the Maisonneuves, despite the considerable resources expended by the estate in prosecuting a $45 million claim in State court, the proposed settlement is neither fair nor reasonable. The "likelihood of success" in the abandoned claims against the Maisonneuves was demonstrably ZERO. The "expense and duration of the litigation" were significant, costing the estate substantial sums in Receiver's fees. To approve a settlement that yields nothing after such an expenditure would be an abuse of discretion and a disservice to the EminiFX investors.

4- Defamation Under Second Circuit Law

A statement is defamatory if it is false, published without privilege, and tends to injure a person's reputation by imputing dishonesty or criminality. See Albert v. Loksen, 239 F.3d 256, 265 (2d Cir. 2001); see also Restis v. Am. Coal. Against Nuclear Iran, Inc., 53 F.Supp. 3d 705, 718 (S.D.N.Y. 2014).

Clause 5(d) implies that Ms. Dieuveuil, a non-party, received and misused investor funds, an accusation of fraud and conversion. Such statements constitute defamation per se because they impute serious criminal conduct. Biro v. Conde Nast, 883 F.Supp. 2d 441, 456 (S.D.N.Y. 2012).

A receiver, as an officer of the court, enjoys no privilege to include knowingly false or reckless accusations in filings. See Konikoff v. Prudential Ins. Co. of Am., 234 F.3d 92, 101 (2d Cir. 2000) (qualified privilege defeated by malice or reckless disregard). The Receiver's choice to publish a defamatory insinuation in a federal filing reflects actual malice, a willful disregard for truth designed to disparage Ms. Dieuveuil and, by extension, Mr. Alexandre.

B-   Harassment and Abuse of Process

The Receiver's conduct also constitutes harassment and abuse of judicial process. After Mr. Alexandre filed motions to intervene, objected to the liquidation of the EminiFX portfolios and Crypto assets, and sought a surcharge against the Receiver, the Receiver retaliated by suing Mr. Alexandre's spouse and other former employees.

An abuse-of-process claim arises when legal process is used "to do harm without excuse of justification." Cook v. Sheldon, 41 F.3d 73, 80 (2d Cir. 1994); Curiano v. Suozzi, 63 N.Y.2d 113, 116 (1984). The essential elements are: (1) regularly issued process, (2) an intent to do harm without excuse, and (3) use of process in a perverted manner to obtain collateral advantage. Savino v. City of New York, 331 F.3d 63, 76 (2d Cir. 2003).

Here, the Receiver's initiation of massive state-court litigation followed RAPID abandonment and inclusion of defamatory language in a "settlement" demonstrates the classic indicia of abuse: using judicial process not to recover assets, but to intimidate, retaliate, and damage reputations. (One can only imagine the extent of reputational damages this frivolous lawsuit has caused to the defendants, and through it all the Receiver is making money for his pockets.)

Courts have condemned such misuse of receivership authority. See SEC v. Hardy, 803 F.2d 1034, 1038 (9th Cir. 1986) (receiver subject to "close supervision" and sanction when acting beyond equitable purpose). When a fiduciary exploits judicial process for personal or tactical reasons, the Court must intervene to protect the integrity of its own orders.

C-   A Surcharge Against the Receiver is Warranted for Gross Mismanagement and
     Frivolous Actions

Quarterly reports (ECF Nos. 418 & 444-3) show the Receiver billing between $1.5 million and over $2.5 million per quarter while pursuing unproductive and frivolous litigation. Such behavior dilutes investor assets and contradicts the receiver's mandate. Under SEC v. Brennen, 230 F.3d at 75, 76, a receiver may be surcharged for negligent or bad-faith conduct that dissipates estate property. The Court should require the Receiver to itemize time and expenses related to the Maisonneuves litigation and reduce or disgorge fees corresponding to this wasteful activity.

Receivers have fiduciary duty to preserve the estate's assets. Courts may impose a surcharge on a receiver for failing to faithfully discharge their duties or for gross negligence or willful misconduct that leads to the dissipation of estate assets. The current actions of the Receiver provide ample grounds for a surcharge. And the pending lawsuit will bring nothing to the Estate.

The Receiver's decision to initiate and then unilaterally abandon a $45 million lawsuit against the Maisonneuves without any recovery, while continuing to bill the EminiFX millions of dollars, constitutes a gross dereliction of his fiduciary duty to conserve estate assets. This represents a substantial dissipation of investor funds on "frivolous conduct" that resulted in NO benefit to the EminiFX Estate. The "greed of this Receiver has subverted the role of the Receivership created to protect investors and facilitate management in time of legal crisis." On page 8 of 12 (ECF pagination) of the "Agreement", Clause 18 reads:

> Costs and Attorneys' Fees. Each Party shall bear its own costs, attorneys' fees, expenses, and disbursements in connection with the negotiation, drafting and execution of this Agreement and with respect to all issues relating to the Parties' disputes with each other, including, without limitation, the Action.

In       18 of the Agreement, the Receiver is making a fool out of the investors *Because the Receiver is not paying legal fees, he is getting PAID*. Therefore, the Court should make the Receiver to BEAR the legal costs of his frivolous and unproductive lawsuit. The only losers are the investors and the defendants.

Moreover, this is not an isolated incident. Mr. Alexandre has previously sought a surcharge against the Receiver for his decision to liquidate the Estate assets like the real estate portfolios and the Crypto assets at significantly undervalued prices, contrary to the wishes of 1,000 investors, thereby wasting assets that would now be worth five times their liquidation value. The repeated pattern of expensive, high-billing actions yielding little to no benefit for the estate, and sometimes causing direct financial harm (as with the crypto sales), indicates a fundamental failure to act in the best interests of the EminiFX investors. (He wanted to cash them out to pay himself Quarterly).

Therefore, Mr. Alexandre reiterates his request that the Receiver be surcharged for all legal fees and costs incurred by the EminiFX estate in pursuing the frivolous New York State Supreme Court action against the Maisonneuves, as well as for the losses incurred from the premature liquidation of the crypto assets. Such a surcharge is necessary to hold the Receiver accountable and to protect the remaining investor funds from further "mischievous dilapidations."

CONCLUSION

The record proved the Court should rebuke and deny the Receiver's application for Court approval of the proposed Settlement and Release Agreement with John and Sophia Maisonneuve and impose a surcharge against the Receiver for his demonstrable mismanagement and dissipation of EminiFX Estate assets through his frivolous litigation.

WHEREFORE, Mr. Alexandre respectfully requests that this Court:

1. DENY the Receiver's Application for Approval of the Settlement and Release Agreement with John and Sophia Maisonneuve;
2. REBUKE the Receiver for breaching fiduciary duties through frivolous litigation and inclusion of defamatory material;
3. STRIKE OR ORDER REMOVAL of Clause 5(d) and any reference to "Dieuveuil" from Clause 5(d) from the Settlement Agreement and related filings;
4. ORDER A HEARING requiring detailed disclosure of all hours and fees expended on the Maisonneuve litigation;
5. CONSIDER SURCHARGE OR FEE REDUCTION to offset investor losses resulting from frivolous actions;
6. ENJOIN RETALIATORY OR HARASSING CONDUCT by the Receiver toward Mr. Alexandre's family or associates absent prior Court approval; and
7. GRANT SUCH OTHER RELIEF as the Court dees just, equitable, and consistent with protection of investor interests.

Dated on November 13, 2025

Respectfully submitted,

/S/ Eddy Alexandre

Eddy Alexandre, pro se

Former CEO & Founder of EminiFX
Reg. No. 00712-510
FCC Allenwood Low
P.O. Box 1000
White Deer, PA 17887

Enclosure

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMMODITY FUTURES TRADING
COMMISSION,

Plaintiff,

v.

EDDY ALEXANDRE and
EMINIFX, INC.,

Defendants.

Case No.: 22-cv-3822

Judge Caproni

## CERTIFICATE OF SERVICE

I hereby declare under the penalty of perjury, pursuant to 28 U.S.C § 1746; 18 U.S.C § 1621, that on this date I caused a true and complete copy of the attached Motion to rebuke Receiver's application for approval of settlement agreement with John and Sophia Maisonneuve, and for renewed request for surcharge against the Receiver to be served, in placing same in a sealed envelope and routing it for mailing via First-class United States mail service, with postage thereon fully prepaid, and depositing same in this institution's internal mail system. I am an inmate confined in an institution. The FCC Allenwood-Low has a system designated for legal mail.

A true copy thereof was served upon the following interested party/ies:

1- Clerk of Court US SDNY US Courthouse 500 Pearl Street New York, NY 10007-1312

2- Daniel C. Jordan Chief Trial Att'y CFTC 1155 21st Street NW Washington, DC 20581

3- David Castleman as Court-Appt'd Receiver 230 Park Ave New York, NY 10169

4- Notice to EminiFX c/o Otterbourg, P.C. 230 Park Ave New York, NY 10169

5- Lon Seidman, Esq. Lamonica Herbst & Maniscalco LLP 3305 Jerusalem Avenue Wantag, NY 11793

6- Brian D. Waller, Esq. Peckar & Abramson, P.C. 1325 Avenue of the Americas 10th Flo NY, NY 10019

7-

DATED: 11 / 13 / 2025

Eddy Alexandre, pro se
Reg. No.: 00712-510
FCC Allenwood-Low
P.O. Box 1000
White Deer, PA 17887



007 12-510
Mr Eddy Alexandre
Reg. No. 007 12-510
PO BOX -1000
FCC Allenwood LSCI
White DEER, PA 17887
United States

RECEIVED
NOV 19 2025
PRO SE OFFICE

Pro Se

007 12-510
The Clerk Of Court
US DIST Court-Sdny
500 Pearl ST
NEW YORK, NY 10007
United States



RECEIVED
NOV 19 2025
CLERK'S OFFICE
S.D.N.Y.

USM
SDNY

