# MEMO ENDORSED

RECEIVED
SDNY PRO SE OFFICE

2026 JUN 29   AM 10: 25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMMODITY FUTURES TRADING COMMISSION,

      Plaintiff,

  -against-

EDDY ALEXANDRE and EMINIFX, INC.,

      Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/2/2026
```

Case No.: 22 Civ. 3822 (VEC)
Hon. Valerie E. Caproni, U.S.D.J.

DEFENDANT EDDY ALEXANDRE'S MOTION FOR RECONSIDERATION
OF OMNIBUS ORDER (DKT. 586) PURSUANT TO LOCAL CIVIL RULE 6.3

Eddy Alexandre, pro se, Reg. No. 00712-510, respectfully submits this Motion for Reconsideration of this Court's Omnibus Order entered June 12, 2026 (Dkt. 586), pursuant to Local Civil Rule 6.3.

## I. PRELIMINARY STATEMENT

This motion is timely. Dkt. 586 was entered June 12, 2026. Under Local Civil Rule 6.3, a motion for reconsideration must be filed within fourteen days, by June 26, 2026. Defendant submits this motion within that window, and it is deemed filed on the date delivered to FCC Allenwood Low prison officials for mailing pursuant to Houston v. Lack, 487 U.S. 266 (1988).

This motion does not re-argue positions previously presented. It presents: (1) a controlling constitutional right that no order in this case has ever addressed; (2) new authority issued after briefing closed that directly controls the outcome; (3) an institutional admission by the prosecuting agency itself confirming the central defense; and (4) a material change in circumstances, the pending criminal 2255 motion, that directly undermines the collateral estoppel foundation upon which every civil fraud count rests.

Each of these grounds, independently, satisfies the Local Rule 6.3 standard. Together, they establish that this Court's Omnibus Order was entered on an incomplete record that, if supplemented, could reasonably alter the outcome.

## II. STANDARD OF REVIEW

Local Civil Rule 6.3 provides that a motion for reconsideration must identify 'the matters or controlling decisions which counsel believes the court has overlooked.' The standard is met when the movant presents: (1) an intervening change of controlling law; (2) new evidence not previously available; or (3) a need to correct clear error or prevent manifest injustice. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is appropriate where the Court has overlooked facts or controlling precedent that would alter the outcome. In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000).

## III. GROUNDS FOR RECONSIDERATION

### A. Ground One: The Seventh Amendment Requires a Jury Trial on the Civil Monetary Penalty, An Argument No Order in This Case Has Ever Addressed

The Supreme Court held in SEC v. Jarkesy, 603 U.S. 109 (2024), that when the government seeks civil monetary penalties for common law fraud, the Seventh Amendment guarantees the defendant the right to a jury trial. The CFTC's fraud claims under the Commodity Exchange Act sound in common law fraud, they allege misrepresentation, material omission, and

**1/6**

misappropriation, the same elements at the core of Jarkesy. The ~$45 million civil monetary penalty sought against Defendant and awarded in principle in Dkt. 586 was imposed without a jury.

This constitutional argument has been preserved from Defendant's initial motion to dismiss. No order in this case, not the Summary Judgment Opinion (Dkt. 515), not the Omnibus Order (Dkt. 586), and not any interim order, has ever addressed or decided the Jarkesy question. The Seventh Amendment is not a procedural rule; it is a constitutional right. A $45 million penalty cannot be imposed over a timely and preserved Seventh Amendment objection without a jury. The Court's failure to address this right in any order is itself grounds for reconsideration.

The historical inquiry Jarkesy requires confirms the right. Actions for fraudulent misrepresentation and misappropriation were tried at law, before juries, in English courts prior to 1791. Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41-42 (1989); Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 510 (1959). The CFTC cannot transform a legal claim into an equitable one merely by filing in a regulatory enforcement posture. Jarkesy, 603 U.S. at 124.

The Court should reconsider Dkt. 586 to the extent it authorized or imposed any civil monetary penalty without a jury trial, as required by the Seventh Amendment and Jarkesy.

B.  Ground Two: The March 17, 2026 Joint SEC/CFTC Guidance Is New Evidence Directly Material to This Proceeding

On March 17, 2026, after all prior briefing in this case was complete, the U.S. Securities and Exchange Commission and the Commodity Futures Trading Commission jointly issued interpretive guidance that they themselves described as the first of its kind, defining categories of digital assets and establishing how each category will be treated under federal law. SEC Chairman Paul Atkins publicly stated that the guidance was intended to end 'more than a decade of uncertainty' for market participants and acknowledged that his predecessor had 'declined to commit to tailored policies for the crypto sector, leaving a longstanding gap in regulatory certainty.'

This guidance constitutes a judicially noticeable fact under Federal Rule of Evidence 201, its existence, date, and content are matters of official public record that cannot reasonably be disputed. Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991); Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008). Defendant previously filed a Request for Judicial Notice of this guidance (Dkt. 572), but the Court declined to address it on the merits in Dkt. 586.

The Joint Guidance directly bears on this proceeding in two ways. First, it is the government's own confirmation that the regulatory framework governing EminiFX's conduct did not exist in settled form in May 2022. If the framework had been clear then, the agencies would have had no need to create it for the first time in 2026, nearly four years after Defendant's arrest. Due process requires that laws give persons of ordinary intelligence a reasonable opportunity to know what is prohibited. Upton v. SEC, 75 F.3d 92, 98 (2d Cir. 1996). A defendant cannot be convicted of knowingly violating a regulatory framework that did not exist until years after the alleged conduct.

Second, the Joint Guidance is directly material to scienter. Defendant has maintained throughout this proceeding that he acted in good faith, complied with CFTC registration requests, engaged compliance consultants, and signed a $500,000 compliance software contract. The fact that the two most sophisticated regulatory agencies in financial markets, with full access to legal resources and institutional expertise, required until March 2026 to define the applicable framework powerfully corroborates that good faith belief. The Court should take judicial notice of this guidance and reconsider its impact on the fraud and scienter findings in Dkt. 586.

C.  Ground Three: United States v. Cardenas Is Controlling Second Circuit Authority That Issued After Briefing Closed and Was Never Adjudicated

United States v. Cardenas, No. 24-2734 (2d Cir. Feb. 18, 2026), issued after summary judgment briefing closed (the SJ opinion was entered August 19, 2025) and was not available when any substantive brief was filed in this case. Defendant filed a Notice of Supplemental Authority (Dkt. 572) bringing Cardenas to the Court's attention. The Omnibus Order (Dkt. 586) denied Defendant's pending motions without addressing Cardenas on the merits. That omission is grounds for reconsideration.

Cardenas held: (1) evidence corroborating a defendant's account of his state of mind on the element of intent is not barred by Federal Rule of Evidence 404(b) when its relevance rests on corroboration, not propensity; (2) such evidence serves a 'distinct and critical function' that no other evidence can replicate; and (3) exclusion of corroborating intent evidence when intent is the central contested issue is reversible, non-harmless error. The Second Circuit further held that the government, the SDNY itself, represented by AUSA Alexander Li, who is also counsel in the parallel criminal proceeding, failed to carry its burden of proving harmlessness.

The Cardenas error here is 'structurally identical but procedurally more severe.' Id. slip op. at 19. This Court did not merely exclude one category of corroborating intent evidence. Before Defendant had filed an Answer to the Complaint, this Court consulted Plaintiff about whether to proceed through discovery or summary judgment, and accommodated Plaintiff's preference for summary judgment, foreclosing the only mechanism through which Defendant could have developed corroborating evidence of his intent. No discovery was conducted. No Daubert hearing tested the Receiver's non-GAAP methodology. No cross-examination of government witnesses occurred. Summary judgment was granted on a record from which all corroborating intent evidence had been excluded by the structure of the proceeding itself.

The record now before the Court contains substantial unaddressed corroborating intent evidence: the 100% functional CoinPayments API operational from September 2021; the $32,000 professional quantitative trading platform purchased after a two-month search; the $500,000 Merkle Science compliance contract signed 46 days before arrest; the CFTC Form 40 registration the CFTC itself requested and confirmed received; the 50 real estate properties acquired through competitive court auctions by a licensed realtor with decades of experience; and the government's own concession at sentencing that Defendant disclosed the real estate investment strategy to investors at weekly meetings. Under Cardenas, this evidence serves a 'distinct and critical function' that cannot be substituted by the government's evidence of alleged misrepresentations.

D.  Ground Four: The Pending Section 2255 Motion Undermines the Collateral Estoppel Foundation of All Six Civil Fraud Counts

This Court granted summary judgment primarily on the ground that Defendant's February 10, 2023 criminal guilty plea operates as collateral estoppel, precluding him from contesting the fraud elements in the civil proceeding. That guilty plea is now the subject of an active constitutional challenge pending before the Honorable John P. Cronan in the Southern District of New York. Alexandre v. United States, 24 Civ. 5767 (JPC). The 2255 motion is fully briefed. Judge Cronan found it non-frivolous, ordered the government to respond, received a sworn affidavit from former defense counsel, and is actively adjudicating the petition.

The 2255 motion seeks vacatur of the guilty plea on the grounds, inter alia, that: (1) former counsel admitted under oath that he 'knew that Mr. Alexandre did not believe he acted with that type of intent' for commodities fraud, the same intent element that forms the basis of this Court's collateral estoppel finding; (2) the plea was produced by a $750,000 fee ultimatum from counsel constituting a coerced and involuntary plea; (3) Brady violations pervade the pre-plea record; and (4) the criminal complaint was supported by a warrant affidavit the government's own agents knew was materially false.

If the 2255 is granted and the guilty plea is vacated, the collateral estoppel foundation upon which all six civil fraud counts rest is eliminated. Imposing a $45 million civil monetary penalty on a collateral estoppel foundation that is under active constitutional challenge, and doing so before the 2255 is resolved, creates a substantial risk of irreversible harm and structural injustice. At minimum, entry of the forthcoming penalty order should be stayed pending resolution of the 2255. Landis v. North Am. Co., 299 U.S. 248, 254 (1936) (court has inherent power to stay proceedings to manage its docket).

E.  Ground Five: The CFTC's Statement of Material Fact, That Defendant Was Never Registered 'in Any Capacity'  Is Directly and Documentarily Refuted by the CFTC's Own Letter (Exhibit A)

Paragraph 3 of Plaintiff's Statement of Material Facts (Dkt. 397) states: 'Neither EminiFX nor Alexandre were ever registered with the CFTC in any capacity.' Summary judgment was entered in part on the basis of this and other purportedly undisputed facts. This sworn statement is demonstrably false. It is refuted by a document written, signed, and sent by the CFTC itself attached hereto as
Exhibit A.


[ LEFT EMPTY ]

Exhibit A is a letter dated February 10, 2022, on official U.S. Commodity Futures Trading Commission letterhead, signed by Margaret Sweet, Associate Director, Data Operations Branch, Division of Data. The letter is addressed to Defendant Eddy Alexandre at 15 Avondale St., Valley Stream, New York. It states in relevant part:

"The Commission has received information from your carrying broker that indicates that you hold or control a reportable position. As such, and pursuant to the Commodity Exchange Act and Commission regulations 18.03 and 18.04, the Commission hereby requires EDDY ALEXANDRE to submit to the Commission a completed CFTC Form 40 by March 03, 2022. Confidential code number 248913677 has been assigned to you."

The letter was simultaneously forwarded by Defendant's then-counsel Emil Bove to OCRRequests@cftc.gov, the CFTC's own Division of Data inbox   on February 10, 2022, with subject line: 'Immediate Action Required CFTC Form 40 Filing Number: 248913677 EDDY ALEXANDRE.' Defendant submitted the completed Form 40 on March 22, 2022. The CFTC confirmed receipt on March 23, 2022, stating the submission had been 'received and processed successfully' and assigned confirmation code 248913677.

The CFTC that sent this letter, assigning a confidential registration code, directing Defendant to its own portal, and receiving his completed filing, is the same CFTC that later swore in its own summary judgment motion that Defendant 'was never registered with the CFTC in any capacity.' Exhibit A makes this contradiction irrefutable. Moreover, the CFTC subsequently instructed Defendant, in responding to the Form 40, to remove the EminiFX company name and register only in his personal name, then brought registration charges against EminiFX for the very omission it directed.

A party that swears a material fact in its own summary judgment statement of undisputed facts, when its own signed correspondence proves that fact false, has not established the undisputed record that Rule 56 requires. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The CFTC's false assertion that Defendant 'was never registered with the CFTC in any capacity' is a material fact that, corrected by Exhibit A, directly undermines both the registration counts and the broader fraud narrative the Court accepted as undisputed. Reconsideration is warranted.

## IV.  REQUEST FOR STAY OF FORTHCOMING PENALTY ORDER

Defendant respectfully requests that this Court stay entry of any final civil monetary penalty order pending: (1) resolution of the motion for reconsideration presented herein; and (2) resolution of the Section 2255 motion pending before Judge Cronan, 24 Civ. 5767 (JPC).

The four traditional stay factors favor a stay here. First, Defendant has raised serious constitutional questions, the Seventh Amendment is a non-waivable constitutional right, that present at least a 'serious question' going to the merits. Nken v. Holder, 556 U.S. 418, 426 (2009). Second, entry of a final $45 million penalty order while the criminal conviction underlying it is under active constitutional challenge creates irreversible harm. Third, a stay does not prejudice Plaintiff, the Receiver holds all estate assets and no further asset dissipation risk exists. Fourth, the public interest favors ensuring that constitutional rights are not extinguished by judgments entered on incomplete records.

## V.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court: (1) reconsider the Omnibus Order (Dkt. 586) in light of the controlling constitutional right, new authority, and overlooked facts presented herein; (2) address the Seventh Amendment/Jarkesy argument on the merits; (3) take judicial notice of the March 17, 2026 Joint SEC/CFTC Guidance; (4) apply United States v. Cardenas to the civil fraud and penalty findings; and (5) stay entry of any final civil monetary penalty order pending resolution of this motion and the pending Section 2255 motion.

Alternatively, if this Court denies reconsideration, Defendant respectfully requests that the Court certify, pursuant to 28 U.S.C. § 1292(b), that the Seventh Amendment/Jarkesy question presents a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the termination of this litigation.

Dated: June 23, 2026

Respectfully submitted,


Eddy Alexandre

_____
Eddy Alexandre, pro se
Reg. No. 00712-510
FCC Allenwood Low
P.O. Box 1000
White Deer, PA 17887


CERTIFICATE OF SERVICE

I hereby declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746 and 18 U.S.C. § 1621, that on this date I caused a true and complete copy of the attached foregoing Motion for Reconsideration to be served, in placing same in a sealed envelope and routing it for mailing via first-class United States mail service, with postage thereon fully prepaid, and depositing same in this institution's internal mail system. I am an inmate confined in an institution. The FCC Allenwood-Low has a system designated for legal mail.

A true copy thereof was served upon the following interested party/ies:

1  Clerk of Court, US SDNY, US Courthouse, 500 Pearl Street, New York, NY 10007-1312

2  Daniel C. Jordan, Chief Trial Att'y, CFTC, 1155 21st Street NW, Washington, DC 20581    [ECF]

3  David Castleman, as Court-Appt'd Receiver, c/o Otterbourg P.C., 230 Park Avenue, New York, NY 10169 [ECF]

4  Notice to EminiFX, Inc., c/o Otterbourg P.C., 230 Park Avenue, New York, NY 10169    [ECF]

Dated: June 23, 2026


Eddy Alexandre

_____
Eddy Alexandre, pro se
Reg. No. 00712-510
FCC Allenwood Low
P.O. Box 1000
White Deer, PA 17887


EXHIBIT A

CFTC FORM 40 REGISTRATION LETTER

U.S. Commodity Futures Trading Commission, Division of Data
Signed by: Margaret Sweet, Associate Director, Data Operations Branch
Addressed to: Eddy Alexandre   Dated: February 10, 2022
Re: CFTC Form 40 Filing Due March 03, 2022
Confidential Code No. 248913677

Exhibit A consists of two pages:

Page 1: The official letter from the U.S. Commodity Futures Trading Commission, Division of Data, dated February 10, 2022, on Commission letterhead, signed by Margaret Sweet, Associate Director, Data Operations Branch. The letter directs Defendant Eddy Alexandre to submit a completed CFTC Form 40, Statement of Reporting Trader, by March 03, 2022, and assigns

confidential code number 248913677. The letter states: 'The Commission has received information from your carrying broker that indicates that you hold or control a reportable position. As such, and pursuant to the Commodity Exchange Act and Commission regulations 18.03 and 18.04, the Commission hereby requires EDDY ALEXANDRE to submit to the Commission a completed CFTC Form 40.'

Page 2: The forwarding email from Defendant's then-counsel Emil Bove, dated February 10, 2022, forwarding the CFTC's communication to OCRRequests@cftc.gov, the Commission's own Division of Data inbox, and copying Defendant at eddy.alexandre@gmail.com. Subject line: 'Immediate Action Required CFTC Form 40 Filing Number: 248913677 EDDY ALEXANDRE.'

These two pages together establish, from the CFTC's own records and its own counsel's correspondence, that: (1) the CFTC requested Defendant's Form 40 registration in February 2022; (2) the CFTC assigned him confidential code 248913677; (3) Defendant submitted the Form 40 on March 22, 2022; and (4) the CFTC confirmed on March 23, 2022 that the filing was 'received and processed successfully.' These facts directly and irrefutably contradict Plaintiff's sworn Statement of Material Facts, Dkt. 397 ¶ 3, which states: 'Neither EminiFX nor Alexandre were ever registered with the CFTC in any capacity.'

Application DENIED.  Nothing in this motion alters the Court's conclusions.

(1) *SEC v. Jarkesy*, 603 U.S. 109 (2024), is irrelevant.  That case simply concluded that, because a defendant's Seventh Amendment right to a jury trial attaches when the SEC brings fraud claims, such claims cannot be adjudicated before administrative law judges.  It did not overturn the foundational principle that summary judgment is appropriate in civil cases when the Court finds that no reasonable jury could find in a party's favor as to any material fact.  *Bailey v. New York L. Sch.*, No. 19-3473, 2021 WL 5500078, at *3 (2d Cir. Nov. 24, 2021) ("Where no genuine issue of material fact exists, the court may, without violating Seventh Amendment rights, grant summary judgment. . . . . " (quoting *Shore v. Parklane Hosiery Co.*, 565 F.2d 815, 819 (2d Cir. 1977)).

(2) The new guidance referenced in this letter is not relevant to this case.  The Court has already concluded as a matter of law (and Alexandre himself admitted in his criminal proceeding) that Alexandre knowingly misled investors.  His assertion that he acted "in good faith" is not credible.

(3) *United States v. Cardenas*, No. 24-2734 (2d Cir. Feb. 18, 2026) is irrelevant.  That is a criminal case regarding the admissibility of evidence pursuant to the Federal Rules of Evidence.  None of the Court's decisions has turned on the Federal Rules of Evidence.

(4) Alexandre has brought up his pending 2255 motion many times, and the Court has explained on many occasions why it does not alter its analysis.

Mr. Alexandre is reminded that he must comply immediately with the Court's order to provide the Receiver with the passwords to the laptop and Gmail account.

Given the lack of legal authority for Mr. Alexandre's motion, the Court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that any interlocutory appeal of this order would not be taken in good faith.  Therefore, permission to proceed i*n forma pauperis* on interlocutory appeal of this order is DENIED.

The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Alexandre.


SO ORDERED.

7/2/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE