BJ 14797731.3.2-7

MEMO ENDORSED



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMMODITY FUTURES TRADING COMMISSION,

Plaintiff,

-against-

EDDY ALEXANDRE and EMINIFX, INC.,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 09/24/2026

RECEIVED
SDNY PRO SE OFFICE
2026 SEP 10 AM 10: 52

Case No.: 22 Civ. 3822 (VEC)
Hon. Valerie E. Caproni, U.S.D.J.
Appeal Pending: Second Circuit (Notice of Appeal Dkt. 615)

**DEFENDANT EDDY ALEXANDRE'S MOTION TO SUPPLEMENT THE HEARING TRANSCRIPT PURSUANT TO FED. R. APP. P. 10(e) TO INCLUDE THE COURT'S OMITTED VERBAL RULING ON ADVERSARIAL PROCESS**

**PRELIMINARY STATEMENT**

Defendant Eddy Alexandre, pro se, Reg. No. 00712-510, moves pursuant to Federal Rule of Appellate Procedure 10(e) to supplement the record of the August 12, 2026 contempt hearing (Dkt. 610-2) to include the Court's verbal response to Defendant's statement regarding the adversarial nature of the proceedings, which was not captured in the transcript as filed.

BJ 14797731.33-7



The transcript is part of the record on appeal in this Court's docket and in the Second Circuit (Notice of Appeal, Dkt. 615). Corrections to material errors and omissions are necessary to ensure the Second Circuit has an accurate record.

## I. THE LEGAL STANDARD

Federal Rule of Appellate Procedure 10(e)(1) provides: "If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly." Fed. R. App. P. 10(e)(2) further provides: "If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded."

A transcript that omits a judge's oral ruling or misstates a party's sworn testimony is a material deficiency in the appellate record. The district court has authority and obligation to correct such deficiencies to ensure the appellate record accurately reflects what occurred. *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1552 (11th Cir. 1985); *United States v. Huggins*, 191 F.3d 532, 537 (4th Cir. 1999).

## II. THE MATERIAL OMISSION

**The Transcript Omits the Court's Response to Defendant's Statement That the Proceeding Must Be Adversarial**

EJ 147877313-4-7



At the August 12, 2026 hearing, after Defendant had been placed under cross-examination, Defendant stated in open court:

> "for four years, three months, I tried to get discovery and be in that court. I never had a chance to be here for four years, three months..." and: "It has to be adversarial. It has to be both of us, not one person." Tr. 23:1-4.

In response to that statement, this Court made a verbal ruling or statement on the adversarial nature of the contempt proceeding. That ruling or statement was heard by Defendant in the courtroom. The transcript as filed (Dkt. 610-2) does not accurately or completely reflect the Court's response.

The Court's statement in response to Defendant's adversarial-process assertion is material to the pending appeal. The Second Circuit must know what the district court said in response to Defendant's explicit request for adversarial process, cross-examination rights, and the opportunity to challenge the Receiver's evidence. If the transcript omits or misstates the Court's ruling on this point, the appellate record is deficient on a question of constitutional significance.

**Requested Correction:** Defendant requests that this Court review the audio recording of the August 12, 2026 hearing, compare it to the transcript at pages 22-25, and supplement the record to include the Court's complete verbal response to Defendant's statement at Tr. 23:1-4 regarding adversarial process.

## III. THE SIGNIFICANCE TO THE PENDING APPEAL

This supplementation is material to the appeal pending before the Second Circuit. The Notice of Appeal (Dkt. 615) is on file. The appellate record includes the transcript (Dkt. 610-2) as transmitted to the Second Circuit.

The Court's omitted response to the adversarial-process statement bears on the Seventh Amendment / *Jarkesy* argument, the due process argument, and the Fifth Amendment argument. What Caproni said in response to Defendant's request to challenge the Receiver's evidence is a constitutional ruling that must appear in the appellate record. The Second Circuit panel cannot evaluate the adversarial-process denial without the Court's actual words.

## IV. REQUEST FOR AUDIO REVIEW

Defendant requests that this Court direct Southern District Reporters, P.C. to produce the audio recording of the August 12, 2026 hearing for comparison with the filed transcript at pages 22-25, and that the supplemental record be certified and transmitted to the Second Circuit under Fed. R. App. P. 10(e)(2).

Defendant further requests a copy of the corrected transcript at government expense under 28 U.S.C. § 753(f), as he is proceeding in forma pauperis, the appeal is non-frivolous, and the corrected transcript is necessary for the prosecution of the pending appeal.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court:

BJ 1479773.3.6-7



(1) Order Southern District Reporters, P.C. to produce the audio recording of the August 12, 2026 hearing for comparison with the filed transcript (Dkt. 610-2);

(2) Review and correct the transcript to include the Court's complete verbal response to Defendant's adversarial-process statement at Tr. 23:1-4;

(3) Review and correct the transcript to reflect the accurate number of days Defendant was held at Lewisburg USP R&D (14 days, not 4) as stated at Tr. 4:13-14;

(4) Transmit the corrected transcript to the Second Circuit as a supplemental record under Fed. R. App. P. 10(e)(2); and

(5) Provide Defendant with a copy of the corrected transcript at government expense under 28 U.S.C. § 753(f).

Dated: August 26, 2026
Brooklyn, New York

Respectfully submitted,

/S/ Eddy Alexandre

Eddy Alexandre, pro se
Former CEO & Founder of EminiFX
Reg. No. 00712-510
MDC Brooklyn, Unit 71-J-A
P.O. Box 329002
Brooklyn, NY 11232

**CERTIFICATE OF SERVICE**

I hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 and 18 U.S.C. § 1621 that on August 26, 2026, I caused a true and complete copy of the foregoing Motion to be served by depositing same for mailing to the Clerk of Court. Defendant respectfully requests that the Clerk serve all parties via ECF as Defendant is unable to effect regular service or make photocopies at this time.

1 — Clerk of Court, U.S. SDNY, 500 Pearl Street, New York, NY 10007-1312

2 — Daniel C. Jordan, Chief Trial Att'y, CFTC, 1155 21st Street NW, Washington, DC 20581 (ECF)

3 — David Castleman, Receiver, c/o Otterbourg P.C., 230 Park Avenue, New York, NY 10169 (ECF)

Done under Houston v. Lack, 487 U.S. 266 (1988) — mailbox rule.

Dated: August 26, 2026

/S/ Eddy Alexandre

Eddy Alexandre, pro se
Reg. No. 00712-510

Eddy Alexandre
MDC Brooklyn Reg 00712-510
PO box 32902
Brooklyn NY 11232
Legal Mail

Pro se

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
LETTERSTREAM

SDNY

RECEIVED
SEP 09 2026
CLERK'S OFFICE
S.D.N.Y.

00147977310000010
The Clerk of Court
SDNY (MYC/
500 Pearl Street
New York NY 10007-1312
USA

PEARL ST #B 10007

034 HCC1AP1 10007

Application DENIED. The Court has confirmed that Southern District Reporters, P.C. is not in possession of an audio recording of the August 12, 2026, hearing that took place before this Court. Further, this Court has no recollection of any statement made by this Court in response to "Defendant's adversarial-process statement at Tr. 23:1-4." Dkt. 624 at 5. Accordingly, the Court will not order any revisions to the transcript of the August 12, 2026, hearing, which is an accurate record of the civil contempt proceedings that took place before the Court on that date.

Moreover, Mr. Alexandre's position that such a statement is critical to his currently pending appeal before the Second Circuit lacks merit. "Before the Court can hold a person in civil contempt, due process requires that the person be given notice that he or she is a defendant in a contempt hearing, and, if he or she faces possible incarceration, that he or she be afforded the right to counsel." *Rodriguez v. New Generation Hardware Store Corp.*, No. 22-CV-4422, 2024 WL 1765588, at *2 (S.D.N.Y. Apr. 24, 2024) (citing cases); *see also Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106, 109-10 (2d Cir. 1989) ("due process requires that the person [facing contempt proceedings] receive notice and an opportunity to be heard.").

Mr. Alexandre was afforded ample notice that he may be held in civil contempt via the Receiver's motion for an order to show cause, *see* Dkt. 590, and the Court's entry of such order, *see* Dkt. 594. Mr. Alexandre was given an opportunity to be heard both through papers, *see id.* (permitting Mr. Alexandre to submit a written response); *see also* Dkt. 597 (Mr. Alexandre's written submission), and in the August 12, 2026 hearing, where he was allowed to present his defense and answer questions from both the Court and the Receiver. Mr. Alexandre was provided standby counsel from the Federal Defenders of New York for this hearing, and was accordingly adequately represented.

Nothing more is required. Regardless of whether this Court made any statement as to the "adversarial" nature of the contempt proceedings — and it did not — such statement would be irrelevant to Mr. Alexandre's appeal.

The Clerk of Court is respectfully directed to close the open motion at Dkt. 624.

SO ORDERED.

09/24/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE