UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, Plaintiff, -against- EDDY ALEXANDRE and EMINIFX, INC., Defendants. | 22-CV-3822 (VEC) ORDER |

VALERIE CAPRONI, United States District Judge:

WHEREAS on August 12, 2026, Defendant Mr. Alexandre appeared before this Court to show cause why an order should not be issued holding him in civil contempt of Court;

WHEREAS this Court found Mr. Alexandre to be in civil contempt of Court for his refusal to obey lawful Court orders mandating the turnover of (1) the Audemars Piguet Royal Oak 41 mm Chronograph Black Men's watch and the Patek Philippe Rose Gold Nautilus watch; and (2) any relevant information pertaining to the missing cash balances and the alleged currency fraud, *see* Dkt. 609;

WHEREAS this Court held in abeyance the motion to hold Mr. Alexandre in contempt for failure to provide the password to his laptop and Gmail account, despite such actions being required by the June 2022 Consent Order, *see* Dkt. 56, and the Court's past Order on the Receiver's motion to compel certain information, *see* Dkt. 516; and

WHEREAS this Court finds it is not divested of jurisdiction to enter an order compelling Google LLC to provide access to Mr. Alexandre's Gmail account by Mr. Alexandre's appeal of this Court's contempt finding, *see* Dkt. 615, as such contempt finding was not based on Mr. Alexandre's inability or refusal to provide such access, *see* Dkt. 609.

IT IS HEREBY ORDERED that Mr. Alexandre's objections to the Receiver's proposed order compelling Google LLC to provide access to his Gmail account, *see* Dkt. 620, are overruled as follows:

1. The Court finds that Mr. Alexandre freely gave consent to this Court's entering an order requiring Google LLC to provide the Receiver with access to his Gmail account. *See* Dkt. 613 at 29:10-20. That Mr. Alexandre has appeared *pro se* in this action is of no moment. First, it was Mr. Alexandre's choice to represent himself beginning in February 2024 after terminating his prior counsel. Second, Mr. Alexandre was provided with standby counsel from the Federal Defenders of New York to ensure that he understood the consequences he faced from a potential finding of civil contempt. Separately, Mr. Alexandre, while represented by counsel, entered into a consent order in June 2022, *see* Dkt. 56 ¶ 42, requiring that he turn over "any password[s] required to access any computer or electronic files in any medium," and, accordingly, had already consented, prior to the August 12, 2026, contempt hearing, to sharing such information with the Receiver. Finally, this Court "ha[s] inherent power to enforce [its] orders." *Hunt v. Enzo Biochem, Inc.*, 904 F. Supp. 2d 337, 344 (S.D.N.Y. 2012), and pursuant to the Consent Order and this Court's prior ruling on a motion to compel, *see* Dkt. 516, the Court has already ordered such access. Accordingly, Mr. Alexandre's consent, which the Court finds was freely given on August 12, 2026, is unnecessary to the Court's ability to enter such an order.
2. This Court further overrules as moot Mr. Alexandre's objections in connection with his statement that he has not received the transcript from his civil contempt hearing, given that he has clearly received and reviewed that transcript in connection with his motion at Dkt. 624.

3. Mr. Alexandre's objections and requests that the order compelling access to his Gmail account should "expressly exclude attorney-client communications," "expressly exclude § 2255 and appellate work product," "require a privilege log," and "allow [a] challenge period," are overruled as moot in light of this Court's prior order appointing the Clean Team in this matter, *see* Dkt. 586. The Court's prior order already affords Mr. Alexandre the protections he is seeking here.
4. Finally, Mr. Alexandre's objections to the time period of the Gmail search are overruled in light of the Receiver's need to determine the location of certain assets, namely the $500,000 in watches and the at least $5 million that was deposited by EminiFX investors but was never deposited into an EminiFX account. The need to trace such assets necessarily will require investigation of email communications beyond EminiFX's operational period and justifies the Receiver's request to review emails to the present time.

IT IS FURTHER ORDERED that the Receiver and the Clean Team must not produce the Gmail account materials to the Government absent further Court order authorizing such production.

The Court will enter the Receiver's proposed order to Google LLC by separate order.

The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Alexandre at BOP Reg. No. 00712-510, MDC Brooklyn, P.O. Box 329002, Brooklyn, NY 11232.

**SO ORDERED.**

**Date: October 2, 2026**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**