**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

COMMODITY FUTURES TRADING COMMISSION,

Plaintiff,

-against-

EDDY ALEXANDRE and
EMINIFX, INC.,

Defendants.

Case No.: 22 Civ. 3822 (VEC)

**ORDER DIRECTING GOOGLE LLC TO**
**PRODUCE CONTENTS OF DEFENDANT'S GMAIL ACCOUNT**

VALERIE CAPRONI, United States District Court Judge:

WHEREAS on August 12, 2026 (the "August 12 Hearing"), this Court held a hearing on the Order to Show Cause [Dkt. 594] why Defendant Eddy Alexandre ("Alexandre") should not be held in civil contempt of Court for his failure to comply with this Court's Consent Order for Preliminary Injunction [Dkt. 56] (the "Consent Order"), the Opinion & Order dated August 19, 2025 [Dkt. 516] (the "Motion to Compel Order"), and the Order dated June 24, 2026 [Dkt. 588] (the "LGDFR Retention Order"), each of which directed Alexandre to provide the Receiver with the credentials necessary to access, among other things, his Gmail account associated with the e-mail address *****@gmail.com (the "Gmail Account");

WHEREAS the Court finds that Alexandre has been ordered on multiple occasions to provide the Receiver with the passwords and credentials necessary to access the Gmail Account [*see* Dkts. 56, 516, 588];

WHEREAS at the August 12 Hearing, Alexandre testified under oath that he could not recall his login credentials for the Gmail Account. *See* Tr. of Aug. 12, 2026 Hr'g, at 28:25-29:1.

Alexandre further consented in open court and under oath at the August 12 Hearing that he did not object to Google LLC ("Google") providing access to his Gmail Account directly to the Clean Team, as that term is defined in Section II of the Omnibus Order dated June 12, 2026 [Dkt. 586] (the "Omnibus Order"). *See id*. at 29:10-30:24;

WHEREAS the Clean Team, comprised of attorneys from Lynn Gartner Dunne Frigenti & Renke, LLP ("LGDFR"), was retained pursuant to the LGDFR Retention Order for the sole purpose of reviewing documents for relevance and privilege in accordance with the protocol set forth in the Omnibus Order;

WHEREAS Alexandre's consent to Google providing access to the Gmail Account to a third party, given in open court, constitutes "lawful consent" of the subscriber within the meaning of 18 U.S.C. § 2702(b)(3), thereby authorizing Google to disclose the contents of communications stored in the Gmail Account to the Clean Team;

WHEREAS Google's disclosure of the contents of the Gmail Account to the Clean Team pursuant to this Order and Alexandre's consent to such disclosure does not constitute an offense under 18 U.S.C. § 2701, as such conduct is authorized by the person or entity providing the electronic communication service within the meaning of 18 U.S.C. § 2701(c)(1); and

WHEREAS given Alexandre's express consent in Court, this Order complies with the Stored Communications Act. 18 U.S.C. §§ 2701(c)(1) and 2702(b)(3); *see also Wheely USA, Inc. v. City of New York*, 830 F. Supp. 3d 378, 419 (S.D.N.Y. 2026); *Airbnb, Inc. v. City of New York*, 373 F. Supp. 3d 467, 477 (S.D.N.Y. 2019).

IT IS HEREBY ORDERED that upon entry of this Order, the Receiver shall serve this Order, and attach an Exhibit A that contains the unredacted Gmail Account, by:

a. delivering a copy of this Order to Google at Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833; and

b. emailing a copy of this Order to google-legal-support@google.com.

IT IS HEREBY FURTHER ORDERED that Google shall, within ten (10) business days of service of this Order by the Receiver, provide to the Clean Team all emails and associated data stored in the Gmail Account or otherwise retained by Google in connection therewith, including, without limitation, all sent and received emails, drafts, attachments, archived emails, emails assigned to any user-created or system-generated label, folder, or category, emails contained in the Trash or Spam folders, and any recoverable deleted emails, together with all associated metadata and other data stored in or associated with the account, for the period from September 1, 2021 through the present.

IT IS HEREBY FURTHER ORDERED that Google shall comply with this Order by providing the data set forth above to Tiffany Frigenti, as a member of the Clean Team, by any one of the following methods: through Google's standard secure production process; by encrypted download portal or managed-file-transfer service directed to tdfrigenti@lgdlaw.com; by secure physical media sent by a trackable delivery method to Tiffany Frigenti, Lynn Gartner Dunne Frigenti & Renke, LLP, 445 Broadhollow Road, Suite 105, Melville, New York 11747; or by such other secure method as may be agreed upon in good faith by Google and the Clean Team.

IT IS HEREBY FURTHER ORDERED that nothing in this Order shall be construed to relieve Alexandre of any obligation to comply with the Consent Order, the Motion to Compel Order, the Omnibus Order, the LGDFR Retention Order, or any other Order of this Court.

**SO ORDERED**.

**Dated: October 2, 2026**

Valerie Caproni

**Valerie Caproni**
**United States District Judge**