AS 14940694.3.2.5

**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Commodity Futures Trading Commission,
Plaintiff,

v.

Eddy Alexandre and EminiFX, Inc.,
Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/07/2026

**Case No. 22 Civ. 3822 (VEC)**

**DEFENDANT'S LETTER-MOTION TO PROHIBIT SERVICE VIA CORRLINKS AND FOR AN ORDER REQUIRING SERVICE BY U.S. MAIL WITH FULL RESPONSE TIME**

Dear Judge Caproni:

Defendant Eddy Alexandre, pro se, respectfully moves this Court for an order (1) prohibiting the Receiver, or any party, from effecting service on Mr. Alexandre via CorrLinks in this action, and (2) directing that all future service on Mr. Alexandre be made exclusively by U.S. first-class mail to his facility of record, with the full time to respond calculated from the date of actual mailing under Fed. R. Civ. P. 6(d).

**1. CorrLinks is not, and cannot be, a proper method of service on Mr. Alexandre.**

CorrLinks is the Federal Bureau of Prisons' inmate email system. It is not a party-controlled communication channel; it is a BOP-administered system over which Mr. Alexandre has no control whatsoever. Four independent defects make it unsuitable as a vehicle for court service.

First, CorrLinks does not accept file attachments. Filings in this case — including the Receiver's own letters and exhibits — routinely include attachments. A "service" that structurally cannot deliver the attached document is not service of that document.

Second, access to CorrLinks is entirely within BOP's control, not Mr. Alexandre's. He does not decide when he is permitted to log in, and he cannot compel the system to function. The Receiver's own filing at Dkt. 628 (Sept. 22, 2026) documents this directly: the Receiver's

AS14840694.3.3-5

CorrLinks screenshots, filed as Exhibit 1 to that letter, show Mr. Alexandre's status as "UNAVAILABLE" for messaging, and the Receiver represented to this Court that "CorrLinks continues to be unavailable to Mr. Alexandre." The Receiver has made this same representation repeatedly. There is accordingly a documented, undisputed record — created by the Receiver himself — that CorrLinks is not a functioning channel to Mr. Alexandre at all, let alone a reliable one.

Third, and most consequentially, this Court has repeatedly shortened Mr. Alexandre's time to respond to Receiver filings based on the premise that CorrLinks service occurred or would occur promptly — most recently in the endorsement on Dkt. 627, ordering a response to the Receiver's Dkt. 622 letter by October 1, 2026, a compressed period shorter than the 14 days (plus the additional time for mail service under Rule 6(d)) that would ordinarily apply. This compression is happening notwithstanding the Receiver's own repeated confirmation that CorrLinks does not work for Mr. Alexandre. The result is that Mr. Alexandre is being held to deadlines calculated as though a service method documented as non-functional actually delivered notice to him — while the one method that does reliably reach him, U.S. mail to his institution, is not the one his response time is being calculated from.

Fourth, electronic service of this kind requires consent that Mr. Alexandre has never given. Fed. R. Civ. P. 5(b)(2)(E) permits service by "other electronic means" only "if the person consented in writing." Mr. Alexandre has not consented, in writing or otherwise, to service by CorrLinks or any other electronic means, and he expressly objects to it here. Absent that consent, CorrLinks cannot serve as a Rule 5 service method at all, independent of whether it happens to function on a given day.

**2. Mr. Alexandre has already complied with the Court's October 1 deadline.**

To be clear, this motion does not seek relief from the October 1, 2026 deadline set in the endorsement on Dkt. 627. Mr. Alexandre has already submitted his response to the Receiver's Dkt. 622 letter, and it has been docketed. This motion is prospective: it asks the Court to resolve, once and for all, how Mr. Alexandre is to be served going forward for the remainder of this case, so that this same problem does not recur with each subsequent Receiver filing.

**3. Requested relief.**

Mr. Alexandre respectfully requests that the Court order:

(a) That CorrLinks shall not be used, or relied upon, as a method of service on Mr. Alexandre in this action;

AS 14940694.3.45

(b) That all service on Mr. Alexandre be made exclusively by U.S. first-class mail to his facility of record; and

(c) That Mr. Alexandre's time to respond to any Receiver filing or other served document be calculated from the date of actual mailing, with the full period afforded by the applicable Federal Rule of Civil Procedure, including the additional time provided under Rule 6(d) for service by mail.

Respectfully submitted,

/S/ Eddy Alexandre

Eddy Alexandre, pro se
Former CEO & Founder of EminiFX
Reg. No. 00712-510
MDC Brooklyn, Unit 71-J-A
P.O. Box 329002
Brooklyn, NY 11232

## CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 and 18 U.S.C. § 1621 that on the date below, I caused a true and complete copy of the foregoing Motion to be served by depositing same for mailing via first-class United States mail service. Defendant respectfully requests the Clerk serve all parties via ECF as Defendant is unable to make copies at this time — and further requests that any such service, and any service of this Court's endorsement or order on this motion, be made on Defendant by U.S. first-class mail only, and not via CorrLinks.

1 — Clerk of Court, U.S. SDNY, 500 Pearl Street, New York, NY 10007-1312
2 — Daniel C. Jordan, CFTC, 1155 21st Street NW, Washington, DC 20581 (ECF)
3 — David A. Castleman, Receiver, c/o Otterbourg P.C., 230 Park Avenue, New York, NY 10169 (ECF)

Done under Houston v. Lack, 487 U.S. 266 (1988).

Dated: ______________

AS 14940694.3.5-5

/S/ Eddy Alexandre

Eddy Alexandre, pro se
Reg. No. 00712-510

AS 14940694.3.1-5

Eddy Alexandre
Reg No. 00712-510
MDC Brooklyn
P.O. Box 329002
Brooklyn NY 11232
LEGAL MAIL

0014940694000010
The Clerk of Court
SDNY (MYC/
500 Pearl Street
New York NY 10007-1312
USA

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
LETTERSTREAM

Pro Se

RECEIVED
SEP 30 2026
CLERK'S OFFICE
S.D.N.Y.

500 PEARL ST #8 10007

029 HCYOAP1 10007

Application DENIED AS MOOT. Service of all documents to Mr. Alexandre is already conducted via First Class Mail through the U.S.P.S., with CorrLinks being used as supplementary, rather than as a substitution, for mail service. Additionally, the Court sets response deadlines for Mr. Alexandre anticipating the lag in the delivery of mail, and Mr. Alexandre is already afforded a reasonable extension under the Federal Rules. *See* Fed. R. Civ. P. 6(d). Accordingly, Mr. Alexandre is already being afforded the relief sought herein. The Clerk of Court is respectfully directed to mail a copy of this Order to Mr. Alexandre at BOP Reg. No. 00712-510, MDC Brooklyn, P.O. Box 329002, Brooklyn, NY 11232.

SO ORDERED.

10/07/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE