UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>EDDY ALEXANDRE and EMINIFX, INC.,<br><br>Defendants. | 22-CV-3822 (VEC)<br><br>ORDER DIRECTING ENTRY OF JUDGMENT |

VALERIE CAPRONI, United States District Judge:

WHEREAS on May 12, 2022, Plaintiff Commodity Futures Trading Commission (the "CFTC") initiated this action against Mr. Eddy Alexandre and EminiFX, Inc. ("Defendants"), seeking, *inter alia*, injunctive relief, disgorgement, a civil monetary penalty, and other equitable relief, *see* Compl., Dkt. 5;

WHEREAS on August 27, 2025, this Court entered partial judgment in favor of the CFTC, ordering Defendants jointly and severally liable to pay restitution in the total amount of $228,576,962, and Mr. Alexandre liable to pay disgorgement in the amount of $15,049,500, *see* Dkt. 520;

WHEREAS on June 12, 2026, the Court entered an order, *see* Dkt. 586 (the "Omnibus Order"), granting the CFTC's motion for a permanent injunction and civil monetary penalty;

WHEREAS on July 2, 2026, the Court denied Mr. Alexandre's motion for reconsideration as to the Omnibus Order, *see* Dkt. 592; and

WHEREAS on October 1, 2026, Mr. Alexandre again moved this Court for reconsideration of its Omnibus Order, *see* Dkt. 631.

**IT IS HEREBY ORDERED** that final judgment in this action be entered as follows:

1. Defendants are permanently restrained, enjoined, and prohibited from directly or indirectly:

    a. cheating or defrauding or attempting to cheat or defraud other persons in or in connection with any order to make, or the making of, any contract of sale of any commodity in interstate commerce or for future delivery, that is made, or to be made, on or subject to the rules of a designated contract market for or on behalf of any other person; and

    b. willfully deceiving or attempting to deceive other persons by any means whatsoever in regard to any such order or contract or the disposition or execution of any such order or contract, or in regard to any act of agency performed with respect to such order or contract for such persons, in violation of 7 U.S.C. § 6b(a)(1)(A) and (C).

2. Defendants are permanently restrained, enjoined and prohibited from directly or indirectly cheating or defrauding, or attempting to cheat or defraud, other persons in connection with any order to make, or the making of, any contract of sale of any retail forex transaction that is made, or to be made, for or on behalf of, or with, any other person, in violation of 7 U.S.C. § 6b(a)(2)(A) and (C) and 17 C.F.R. § 5.2(b)(1) and (3) (2025);

3. Defendants are permanently restrained, enjoined and prohibited from directly or indirectly, while acting as a Commodity Pool Operator ("CPO") or as an Associated Person of a CPO, using the mails or any means or instrumentality of interstate commerce, to:

    a. employ any device, scheme, or artifice to defraud any client or participant or prospective client or participant; or

b. engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or participant or prospective client or participant, in violation of 7 U.S.C. § 6*o*(1)(A)-(B).

4. Defendants are permanently restrained, enjoined and prohibited from directly or indirectly, in connection with any contract of sale of any commodity in interstate commerce, intentionally or recklessly:

a. using or employing, or attempting to use or employ, any manipulative device, contrivance, scheme, or artifice to defraud;

b. making or attempting to make an untrue or misleading statement of material fact or omitting to state a material fact necessary in order to make the statements made not untrue or misleading; or

c. engaging, or attempting to engage, in any act, practice, or course of business, which operates or would operate as a fraud or deceit upon any person; in violation of 7 U.S.C. § 9(1) and 17 C.F.R. § 180.1(a)(1)-(3) (2025).

5. Defendants are permanently prohibited from, directly or indirectly, engaging in trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40)), and all registered entities shall refuse them trading privileges; and

6. Defendants are also permanently restrained, enjoined and prohibited from directly or indirectly:

a. Entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3, 17 C.F.R. § 1.3 (2025)) for Defendants' own personal account or for any account in which Defendants have a direct or indirect interest;

b. Having any commodity interests traded on Defendants' behalf;

c. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

d. Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

e. Applying for registration or claiming exemption from registration with the Commission in any capacity, and/or engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2025); and/or

f. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R.§3.1(a) (2025)), agent or any other officer or employee of any person (as that term is defined in Section 1a(38) of the Act, 7 U.S.C. § 1a(38)), registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2025).

**IT IS FURTHER ORDERED** that:

1. Defendants shall pay, jointly and severally, a civil monetary penalty in the amount of forty-five million one hundred and forty-eight thousand and five hundred dollars ($45,148,500) ("CMP Obligation"). If the CMP Obligation is not paid in full within ten (10) days of the date of entry of this Order, then post-judgment interest shall accrue on the unpaid portion of the CMP Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

2. Defendants shall pay Defendants' CMP Obligation and any post-judgment interest by electronic funds transfer, U.S. postal money order, certified check, bank cashier's

check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below, or such other address or recipient as instructed in writing by the Commission:

MMAC/ESC/AMK326
Commodity Futures Trading Commission
6500 S. MacArthur Blvd.
HQ Room 266
Oklahoma City, OK 73169
9-AMC-AR-CFTC@faa.gov

If payment by electronic funds transfer is chosen, Defendants shall contact the Federal Aviation Administration at the email address above to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany payment of the CMP Obligation with a cover letter that identifies Defendants and the name and docket number of this action. Defendants shall simultaneously transmit copies of the cover letter and the form of 6 payment (unless otherwise directed by the Commission) to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, or such other address or recipient as instructed in writing by the Commission.

3. Defendants' CMP Obligation shall be subordinated to any claims made by victims processed through the Receiver's Distribution Plan. *See* Dkt. 444-3 at 6 (explaining that a subordinated claim includes "(ii) any fine or penalty levied by the CFTC in connection with the CFTC Enforcement Action that is in whole or in part payable by the Receivership or from Receivership Assets, unless the Court orders otherwise.").

4. Acceptance by the Commission or the Receiver of any partial payment of Defendants' CMP Obligation shall not be deemed a waiver of Defendants' obligation

to make further payments pursuant to this Order, or a waiver of the right to seek to compel payment of any remaining balance.

**IT IS FURTHER ORDERED** that Mr. Alexandre's renewed motion for reconsideration, *see* Dkt. 631, is DENIED.

1. "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources, and may be granted only where a court has overlooked controlling decisions or factual matters that were put before it on the underlying motion and which, if examined, might reasonably have led to a different result." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citations and internal quotation marks omitted). Nothing in Mr. Alexandre's submission casts doubt on the Court's previous conclusions.
2. The Court notes that the CFTC's regulatory authority to bring enforcement claims regarding spot cryptocurrency transactions is not seriously in question and many courts have already come to the conclusion that such authority exists. *See, e.g.*, *CFTC v. McDonnell*, 287 F. Supp. 3d 213, 229 (E.D.N.Y. 2018); *see also CFTC v. Ikkurty*, No. 22-CV-2465, 2024 WL 3251348, at *5 (N.D. Ill. July 1, 2024) (CFTC has "jurisdiction over spot trade commodity fraud in cryptocurrency."). This authority is well-established and deference to the CFTC's interpretation of its own authority is unnecessary to support it. Accordingly, Mr. Alexandre's arguments as they relate to *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), which was decided long before the Court entered its Omnibus Order, are irrelevant.
3. As the Court has repeatedly stated, *SEC v. Jarkesy*, 603 U.S. 109 (2024), is irrelevant. That case simply concluded that, because a defendant's Seventh Amendment right to a jury trial attaches when the SEC brings fraud claims, such claims cannot be

adjudicated before administrative law judges. It did not overturn the foundational principle that summary judgment is appropriate in civil cases when the Court finds that no reasonable jury could find in a party's favor as to any material fact.

4. Mr. Alexandre's reliance on *Chatrie v. United States*, 609 U.S. ---, 146 S. Ct. 2193 (2026), is similarly unavailing. *Chatrie* was decided in the context of a warrant seeking location data within a designated geoframe during a certain timeframe. *Id.* at 2216. That is not the case here. The remainder of Mr. Alexandre's arguments have been considered and rejected by this Court on previous motions for reconsideration, and do not merit further discussion. *See* Dkt. 586 at 10 (rejecting similar arguments on previous motion).

The Clerk of Court is respectfully directed to enter judgment for Plaintiff the CFTC as set forth herein. The Clerk of Court is also respectfully directed to terminate the open motions at Dkts. 590 and 631.

Because the Receiver's distributions are ongoing, this case will remain OPEN.

**SO ORDERED.**

Valerie Caproni

**Date: October 8, 2026**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**